FILED
2014 Aug-26  AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRANDI FREDERICK,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | |
| | } | **Case No:** _____ |
| **SERVICE EXPERTS HEATING & AIR** | } | |
| **CONDITIONING, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## NOTICE OF REMOVAL

Defendant GE Capital Retail Bank (hereinafter "GE")[1] hereby gives notice of its removal

of *Frederick v. Service Experts Heating & Air Conditioning, LLC, et al.*, Civil Action No. 68-

CV-2013-900453, filed in the Circuit Court of Jefferson County, Alabama (Bessemer Division)

to the United States District Court for the Northern District of Alabama, Southern Division.  A

copy of all prior pleadings, filed in the Circuit Court of Jefferson County, Alabama (Bessemer

Division) as well as in this Court, is attached as Exhibit A.

This removal is proper under the Class Action Fairness Act ("CAFA") pursuant to 28

U.S.C §§ 1441, 1446, 1332 and 1367.[2]  As grounds for this Notice, GE states as follows:

## BACKGROUND

1.      On March 20, 2014, Plaintiff Brandi Frederick filed an Amended Complaint,

adding defendants Equiguard, Inc. and GE, and also adding class claims for breach of contract

---

[1]      GE was misnamed in the Amended Complaint as GE Capital Corporation, d/b/a GE Capital, f/k/a
GE Money Bank.  Contemporaneously with the filing of this Notice of Removal, GE is giving notice of
this filing to the Circuit Court of Jefferson County, Alabama (Bessemer Division).

[2]      Under the Class Action Fairness Act, 28 U.S.C. § 1453(b), a class action, as defined by 28 U.S.C.
§ 1332(d), "may be removed by any defendant without the consent of all defendants." *Id.* § 1453(b).

(Am. Compl., attached hereto as <u>Exhibit B</u>, ¶¶ 77-84), fraud (*id.* ¶¶ 85-94), and violations of the

Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") (*id.* ¶¶ 144-61).

2.      The Amended Complaint does not make a specific demand for damages or assert

an estimated number of class members. (*See generally* <u>Ex. B</u>.)

3.      On April 16, 2014, Service Experts Heating & Air Conditioning, LLC ("Service

Experts") and Scott Freeman removed this case under federal question jurisdiction.[3] (Doc. 1.)[4]

4.      On May 14, 2014, Frederick moved to remand the case to state court. (Doc. 12.)

5.      The Court first denied the Motion to Remand (Doc. 23), but then granted

Frederick's Rule 60 Motion (Doc. 26)[5] and remanded the case to state court on July 25, 2014.

(Docs. 32 & 33.)

6.      GE now removes this case to federal court pursuant to 28 U.S.C. § 1332 as this

Court has jurisdiction under CAFA.

---

[3]      In its Opposition to the Plaintiff's Motion to Remand, Service Experts and Scott Freeman argued that they had initially removed under CAFA. (Doc. 21 at 1-4.) This Court, however, determined that the Notice of Removal did not assert CAFA as a basis for jurisdiction and that the time for amending that Notice had past. (Doc. 23 at 2 n.2.) Accordingly, the Court has yet to consider the propriety of CAFA jurisdiction in this case.

[4]      All citations to "Doc." are references to pleadings in *Frederick v. Service Experts Heating & Air Conditioning, LLC, et al.*, 2:14-CV-700-RDP (N.D. Ala.).

[5]      Upon the Plaintiff's Rule 60 Motion (Docs. 26 & 27), the Court reconsidered its prior decision and held that Equiguard's consent was, in fact, required, despite its status as a dissolved corporation. (Doc. 32 at 4-5.)  Specifically, the Court determined that both *Railway Fuel Co. v. Ackerman*, 114 So. 2d 142 (Ala. 1959) and *Eastern Shore Marine, Inc. v. Smith*, No. 08-0022-WS-B, 2008 WL 697716 (S.D. Ala. Mar. 10, 2008) – which require service on a dissolved corporation through a director or trustee – were superseded by Ala. Code § 10A-1-5.32, which, according to the Court, was enacted in 2011, *after Eastern Shore Marine*. (*Id.*)  The basic substance of § 5.32, however, has been part of Alabama law since at least 1980, with the 2011 amendment simply renumbering and revising the language.  *See* Ala. Code § 10-2A-30 (1980) (requiring notice to the secretary of state to change or remove a registered agent). Nevertheless, the Court's remand (Doc. 33) was unreviewable, *see* 28 U.S.C. § 1447(d), and the case returned to state court on July 25, 2014.

7.      Moreover, the Court has supplemental jurisdiction over Frederick's state law claims pursuant to 28 U.S.C. § 1367(a).

## TIMELINESS OF REMOVAL

8.      Although this Notice of Removal is filed more than thirty-days after GE was served with the Amended Complaint, it is nevertheless timely.

9.      The Second, Fourth, Fifth, Seventh, Eighth, Ninth and Tenth Circuits have all held that the thirty-day removal period does not commence until the plaintiff provides a pleading or paper that facially reveals grounds for removal.[6] *See e.g.*, *Cutrone v. Mortg. Elec. Registration Sys., Inc*., 749 F.3d 137, 143 (2d Cir. 2014) ("If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered."); *Walker v. Trailer Transit, Inc*., 727 F.3d 819, 823-34 (7th Cir. 2013) (noting that the thirty-day removal period is not triggered until the plaintiff provides "a pleading or other litigation paper facially revealing that the grounds for removal are present."); *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 400 (5th Cir. 2013) (clock begins running only when initial pleading "affirmatively reveals on its face" that the plaintiff seeks damages sufficient for federal-court jurisdiction); *Kuxhausen v. BMW Fin. Servs*., 707 F.3d 1136, 1139 (9th Cir. 2013) (clock begins running only when the basis for removal is "revealed affirmatively in the initial pleading"); *Moltner v. Starbucks Coffee Co*., 624 F.3d 34, 38 (2d Cir. 2010) (clock begins running only when "the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought"); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (clock begins running "only when the complaint explicitly discloses the plaintiff is seeking damages in

---

6      Although the Eleventh Circuit has not expressly considered this issue, its opinion in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010), suggests a similar interpretation: "The renewed removal window opens, but only for thirty days, *when the defendant <u>receives a document 'from which it may first be ascertained</u> that the case is one which is or has become removable*.'" *Id*. at 760 (citing 28 U.S.C. § 1446(b) (emphasis added)).

3

excess of the federal jurisdictional amount"); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (clock begins running only upon "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper'" that case is removable); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper").

10.     Indeed, every circuit that has considered the issue (at least seven) has reached this conclusion. *Walker*, 727 F.3d at 824 ("Every circuit that has addressed the question of removal timing has applied § 1446(b) literally and adopted some form of a bright-line rule that limits the court's inquiry to the clock-triggering pleading or other paper and, with respect to the jurisdictional amount in particular, requires a specific, unequivocal statement from the plaintiff regarding the damages sought.").

11.     Frederick has not yet served a pleading that, on its face, shows that CAFA provides grounds for removal.  To be certain, the Amended Complaint does not specify the number of putative class members or the total amount of relief that is being sought on behalf of Frederick and the putative class.  Accordingly, the thirty-day time period for removal under CAFA has not yet been triggered.

12.     Moreover, GE is not required to investigate whether CAFA is applicable because, as the Second, Third, Fourth, Seventh, Ninth and Tenth Circuits have held, a plain reading of § 1446 calls for a bright-line rule of removability based on the express contents of the pleading or paper, not what the defendant did or could discover on further investigation.[7] *Walker*, 727 F.3d at

---

[7]     Even if the Court determines that Service Experts, Scott Freeman, and GE's Joint Opposition, which did raise the existence of CAFA jurisdiction (*see* n.3 *supra*), gave GE notice of the applicability of CAFA jurisdiction, the case was then pending in this Court, and it was not until the case was remanded to state court that the case "became removable" in accordance with 28 U.S.C. § 1446(b)(3), which specifically contemplates the ability of an order to render a case removable. *Id.* ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the

825 ("Assessing the timeliness of removal should not involve a fact-intensive inquiry about what

the defendant subjectively knew or should have discovered through independent investigation.");

*Kuxhausen*, 707 F.3d at 1141 (holding that a defendant does not have to consult its files to

determine removability); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir.

2005) (noting that test is not what the defendant knows but what the document says); *Whitaker v.*

*Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (the defendant must "apply a reasonable

amount of intelligence in ascertaining removability" but need not "look beyond the initial

pleading for facts giving rise to removability"); *Akin*, 156 F.3d at 1035 (stating that notice "ought

to be unequivocal"; grounds for removal "should not be ambiguous" or "require[ ] an extensive

investigation" (internal quotation marks omitted)); *Lovern*, 121 F.3d at 162 (refusing to "require

courts to inquire into the subjective knowledge of the defendant, and inquiry that could

degenerate into a mini-trial regarding who knew what when."); *Foster v. Mutual Fire, Marine &*

defendant, through service or otherwise, of a copy of an . . . *order* . . . from which it may first be
ascertained that the case is one which is or has become removable." (emphasis added)).

    At the time Defendants filed their Opposition, this case was already pending in federal court.
Accordingly, removal was not then an available option for GE.  *See Noland v. Energy Res. Tech., Inc.*,
No. 3:12–CV–00330, 2013 WL 177446, *7 (S.D. Tex. Jan. 16, 2013) ("It defies logic that Cargotec could
remove to this Court a case already pending in this Court"); *LFP IP LLC v. Midway Venture LLC*, No.
SACV 10-01546, 2010 WL 4395401, at *1 (C.D. Cal. Oct. 29, 2010) ("[A] party cannot remove a lawsuit
pending in federal district court to the same district court where the lawsuit is already pending." (citation
and quotations omitted)); *Villaje Del Rio, Ltd. v. Colina Del Rio, LP*, No. SA-07-CA-947-XR, 2008 WL
2229469 *1 (W.D. Tex. May 28, 2008) ("Because the case was already in federal court when DBBM was
served, there was not a need for it to remove the case at that time. The first time such a need arose was
when the bankruptcy court remanded the case to state court in October 2007."); *In re Mitchell*, 206 B.R.
204, 211 (C.D. Cal. 1997) (discussing the "logically idiotic result of claiming that a lawsuit can be
removed *from* the district court where it is already pending *to* that very same court" (emphasis in
original)).

    Thus, GE could not properly assert CAFA jurisdiction until this Court remanded the case to state
court (Doc. 33). Because this Notice of Removal was filed within 30 days of the remand order, it is
timely.  *Rhoades v. Progressive Cas. Ins. Co., Inc.*, No. 2:10–cv–1788–GEB–KJM, 2010 WL 3958702,
*2 (E.D. Cal. Oct. 8, 2010) ("The order remanding the earlier filed case to state court was filed on June
10, 2010, and Defendant's second Notice of Removal was filed on July 9, 2010.  This Notice of Removal
was filed timely since it was filed within thirty days of the date on which the earlier remand order was
filed . . . .").

*Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993), o*verruled on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999) ("the relevant test is not what the defendants purportedly knew, but what [the document] said.").[8]

13.      Indeed, this bright-line rule requiring an "objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading," thereby "avoid[ing] the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697; *see also Soto v. Apple Towing*, 111 F. Supp. 2d 222, 226 (E.D.N.Y. 2000) ("[T]here is no requirement in 28 U.S.C. § 1446(b) that a defendant exercise a duty to investigate, and this Court will not read into the statute such a condition. To do so would invite wasteful litigation as parties spar over the issues of diligence and ascertainability."); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) ("[Imposing a duty to investigate when a defendant receives an indeterminate complaint as to removability] would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence.").

14.      Finally, even though Frederick has not served a paper indicating the applicability of CAFA, such a paper is not a necessary prerequisite for removal. Instead, "§§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods [of 28 U.S.C. § 1446(b) ] on the basis of its own information, provided that it has not run afoul of either of the

---

[8]      In *Pretka*, the Eleventh Circuit declined to decide this issue: "We need not decide, and do not purport to decide, whether a defendant has a duty to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint. District courts in our circuit are split on this issue." 608 F.3d at 767 n.23.

thirty-day deadlines." *Cutrone*, 749 F.3d at 147 (alterations in original) (quoting *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)); *see also Mumfrey*, 719 F.3d at 398–99, 400 n.13; *Kuxhausen*, 707 F.3d at 1141 n.3; *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 576 (S.D. Ala. 1986) (noting that removal cannot be premature).  GE removes this case to federal court now, rather than waiting for Frederick to file the requisite "paper" to trigger the thirty-day removal period, in the interests of judicial economy.

## CAFA JURISDICTION

15.     "CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)).

16.     Here, all three factors are met.

## Diversity

17.     To establish CAFA diversity, GE need only show that any member of the potential plaintiff class is a citizen of a state different than the state of citizenship for any defendant. *Id.*  Here, as set out in the Amended Complaint, Frederick is a citizen of Alabama. (Ex. B ¶ 1.) Service Experts, on the other hand, is a citizen of Delaware and Texas.

18.     "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Defendant Service Experts Heating & Air Conditioning, LLC, is a Delaware limited liability company owned by a single entity – Service Experts LLC. (Decl. of

David Keepes ¶ 2, attached hereto as Exhibit C.) Service Experts LLC is a Delaware limited liability company owned by a single entity – SE Holdco, LLC. (*Id.* ¶ 3.) SE Holdco, LLC, is a Delaware limited liability company owned by a single entity – SEHAC Holdings Corporation. (*Id.* ¶ 4.) SEHAC Holdings Corporation is a Delaware corporation with its principal place of business in Texas. (*Id.* ¶ 5.)  Thus, SEHAC Holdings Corp. is a citizen of Delaware and Texas. 28 U.S.C. § 1332(c)(1).

19.     Frederick is a citizen of Alabama, and Defendant Service Experts Heating & Air Conditioning, LLC, is not.  Accordingly, the requirement that a single member of the proposed class have a different state of citizenship from any defendant is met.

## Amount in Controversy

20.     To meet the amount in controversy requirement of CAFA, the defendant has to demonstrate that the total amount in controversy could exceed $5 million. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

21.     In this case, Frederick has defined three separate classes: (1) a "contract class" defined as "customers of Service Experts throughout the United States who/that contracted with Service Experts to buy extended manufacturer warranties from Service Experts" (Ex. B. ¶ 78); (2) a "fraud class" defined as "customers of Service Experts throughout Alabama with whom/which Service Experts, in writing, contracted to sell extended manufacturer warranties" (*id.* ¶ 86); and (3) a RICO class defined as consisting of either "the members of the contract and the fraud classes" or "the members of the contract and the fraud classes who financed their purchase of an HVAC system with extended manufacturer warranties for the system **and** who

were billed or sent invoices for payments of their financed purchase through the mail or by wire"
(*id.* ¶ 116 (emphasis in original)).

22.     Service Experts estimates that, since June 2000, it has sold over 19,000 of the
warranties about which the Plaintiff is complaining, paying Equiguard over $9 million. (Decl. of
Melissa Gulick ¶ 3, attached hereto as Exhibit D.) Therefore, there is at least $9 million in
compensatory damages at issue, but that number is conservative as it does not account for any
mark-up in the price actually paid by customers. (*Id.* ¶ 4.)

23.     Moreover, if this Court finds that RICO was violated, Frederick could be entitled
to treble damages as well as costs and attorney's fees. Under 18 U.S.C. § 1964(c), "[a]ny person
injured in his business or property by reason of a violation of section 1962 of this chapter may
sue therefor in any appropriate United States district court and shall recover threefold the
damages he sustains and the cost of the suit, including a reasonable attorney's fee." *Id.*

24.     When the potential compensatory award is trebled, the potential exposure is $27
million. That amount is even higher once attorney's fees, costs, and punitive damages are added
into the equation. The $5 million threshold is easily met.

## Size of the Class

25.     Finally, a defendant must show that the proposed class could contain at least 100
members.

26.     28 U.S.C. § 1332(d)(5)(B) requires that "the number of members of all proposed
plaintiff *classes in the aggregate* [be more] than 100." *Id.* (emphasis added). Accordingly, the
Court should consider the potential members of all three proposed classes added together in
assessing whether the 100-member threshold is met. *See Cappuccitti v. DirecTV, Inc.*, 611 F.3d
1252, 1256 (11th Cir. 2010), *vacated and superseded on rehearing by* 623 F.3d 1118 (11th Cir.

2010) (noting that "a plaintiff bringing an action under CAFA must allege that there are 100 or more plaintiffs *within the proposed class(es)*." (emphasis added)).

27.    Service Experts estimates that the potential members of just one of Frederick's putative nationwide classes exceed 19,000. (Ex. D ¶ 3.)

28.    Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

WHEREFORE, because the Amended Complaint asserts CAFA claims and because GE's removal based on CAFA is timely, this Court has jurisdiction over this case.

DATED:       August 25, 2014

Respectfully Submitted,

*/s/ Sara Anne Ford*
Sara Anne Ford
*sford@lightfootlaw.com*
Lee M. Hollis
*lhollis@lightfootlaw.com*
Jeffrey P. Doss
*jdoss@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
TEL:   (205) 581-0700
FAX:   (205) 581-0799
*Attorneys for Defendant GE Capital Retail Bank*

## CERTIFICATE OF SERVICE

I hereby certify that, on <u>August 25, 2014</u>, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following counsel of record:

Simeon F. Penton
GILPIN GIVHAN PC
2660 Eastchase Lane
Montgomery, Alabama 36117
*Counsel for Plaintiff Brandi Frederick*

Joseph W. Carlisle
Spencer A. Kinderman
GILPIN GIVHAN PC
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35242
*Counsel for Plaintiff Brandi Frederick*

Robert K. Spotswood
Michael T. Sansbury
Grace L. Kipp
SPOTSWOOD SANSOM & SANSBURY LLC
One Federal Place
1819 Fifth Avenue North, Suite 1050
Birmingham, Alabama 35203
*Counsel for Defendants Scott Freeman and Service Experts Heating & Air Conditioning LLC*

*/s/ Sara Anne Ford*
OF COUNSEL
