FILED
2014 Aug-26  AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# Part One

# ALABAMA SJIS CASE DETAIL


alacourt.com

County: **68**   Case Number: **CV-2013-900453.00**   Court Action:
Style: **BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET**

**Real Time**

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 68-JEFFERSON - BESSEMER | Case Number: | CV-2013-900453.00 | Judge: | AHV:ANNETTA H. VERIN |
| Style: | BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET | | | | |
| Filed: | 06/24/2013 | Case Status: | ACTIVE | Case Type: | BAD FAITH/FRAUD/MISR |
| Trial Type: | JURY | Track: | | Appellate Case: | 0 |
| No of Plaintiffs: | 1 | No of Defendants: | 5 | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0 | Punitive Damages: | 0 | General Damages: | 0 |
| No Damages: | | Compensatory Damages: | 0 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subpoenas: | | Last Update: | 07/29/2014 | Updated By: | SIC |

## Settings

### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1 | 06/04/2014 | 001 | 09:00 AM | STAT - STATUS CONFERENCE |
| 4 | 01/21/2014 | 001 | 10:00 AM | HEAR - MOTION/EXTENSION |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - FREDERICK BRANDI

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | FREDERICK BRANDI | | Type: | I-INDIVIDUAL |
| Index: | D SERVICE EXPE | Alt Name: | | Hardship: No | JID: | AHV |
| Address 1: | 5409 TRACE RIDGE LANE | | | Phone: (205) 000-0000 | | |
| Address 2: | | | | | | |
| City: | BIRMINGHAM | State: AL | | Zip: 35244-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: F | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: $0.00 | | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | KIN045 | | KINDERMAN SPENCER ALAN | SKINDERMAN@GILPINGIVHAN.COM | (205) 547-5553 |
| Attorney 2 | CAR170 | | CARLISLE JOSEPH WENDELL | JCARLISLE@GILPINGIVHAN.COM | (205) 547-5558 |
| Attorney 3 | PEN007 | | PENTON SIMEON FRANKLIN II | SPENTON@GILPINGIVHAN.COM | (334) 244-1111 |

## Party 2 - Defendant BUSINESS - SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC | | Type: | B-BUSINESS |
| Index: | C FREDERICK BR | Alt Name: | | Hardship: No | JID: | AHV |
| Address 1: | C/O CSC LAWYERS | | | Phone: (205) 000-0000 | | |
| Address 2: | 150 SOUTH PERRY STREET | | | | | |
| City: | MONTGOMERY | State: AL | | Zip: 36104-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: $0.00 | | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Issued: | 06/24/2013 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: |
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | 06/28/2013 | Service Type | C-CERTIFIED MAIL | Service On: | | Served By: |
| Answer: | 04/03/2014 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: | | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | SAN054 | | SANSBURY MICHAEL TODD | MSANSBURY@SPOTSWOODLLC.COM | (205) 986-3620 |
| Attorney 2 | LON049 | | KIPP GRACE LONG | GKIPP@SPOTSWOODLLC.COM | (205) 986-3630 |

## Party 3 - Defendant INDIVIDUAL - FREEMAN SCOTT

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | FREEMAN SCOTT | | | Type: | I-INDIVIDUAL |
| Index: | C FREDERICK BR | Alt Name: | | Hardship: | No | JID: | AHV |
| Address 1: | 20 EAGLEWOOD FARMS ROAD | | | Phone: | (205) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | MAYLENE | State: | AL | Zip: | 35114-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | M | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Issued: | 06/24/2013 | Issued Type: | A-PROCESS SERVER | Reissue: | 10/24/2013 | Reissue Type: | A-PROCESS SERVER |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | | Service Type | | Service On: | | Served By: | |
| Answer: | 04/03/2014 | Answer Type: | D-COMPLAINT DENIED | Notice of No Service: | | Notice of No Answer: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | LON049 | | KIPP GRACE LONG | GKIPP@SPOTSWOODLLC.COM | (205) 986-3630 |

## Party 4 - Defendant INDIVIDUAL - COLLINS BECKY

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | COLLINS BECKY | | | Type: | I-INDIVIDUAL |
| Index: | C FREDERICK BR | Alt Name: | | Hardship: | No | JID: | AHV |
| Address 1: | 92 OXMOOR ROAD | | | Phone: | (205) 000-0000 | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Address 2: | | | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35209-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **06/24/2013** | Issued Type: | **A-PROCESS SERVER** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | | Service Type | | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

---

### Party 5 - Defendant BUSINESS - EQUIGUARD, INC.

## Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D004-Defendant** | Name: | **EQUIGUARD, INC.** | | Type: | **B-BUSINESS** | |
| Index: | **C FREDERICK BR** | Alt Name: | | Hardship: | **No** | JID: | **AHV** |
| Address 1: | **C/O CT CORPORATION SYSTEM** | | | Phone: | **(205) 000-0000** | | |
| Address 2: | **2 N JACKSON ST., STE. 605** | | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **03/20/2014** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | **04/03/2014** | Return Type: | **O-OTHER** | Return: | Return Type: |
| Served: | | Service Type | | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
|        |               |                 |      |       |       |

---

### Party 6 - Defendant BUSINESS - GENERAL ELECTRIC CAPITAL CORPORATION

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D005-Defendant** | Name: | **GENERAL ELECTRIC CAPITAL CORPORATION** | Type: | **B-BUSINESS** |
| Index: | **C FREDERICK BR** | Alt Name: | | | |
| Address 1: | **C/O CT CORPORATION SYSTEM** | | Hardship: | **No** | JID: | **AHV** |
| Address 2: | **2 N JACKSON ST., STE 605** | | Phone: | **(205) 000-0000** | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

#### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

#### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **03/20/2014** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | **03/31/2014** | Service Type | **C-CERTIFIED MAIL** | Service On: | | Served By: | |
| Answer: | | Answer Type: | | Notice of No Service: | | Notice of No Answer: | |

#### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | FOR037 | | FORD SARA ANNE CARTER | SFORD@LIGHTFOOTLAW.COM | (205) 581-0752 |
| Attorney 2 | DOS008 | | DOSS JEFFREY PAUL | JDOSS@LIGHTFOOTLAW.COM | (205) 581-0700 |
| Attorney 3 | HOL075 | | HOLLIS LEE MAXWELL | LHOLLIS@LIGHTFOOTLAW.COM | (205) 581-0766 |

---

### Financial

#### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|------------|-------------|---------|-------------|---------------|
| **ACTIVE** | **N** | **AOCC** | **C001** | **000** | **$24.07** | $24.07 | $0.00 | $0.00 | 0 |
| **ACTIVE** | **N** | **CONV** | **C001** | **000** | **$19.85** | $19.85 | $0.00 | $0.00 | 0 |
| **ACTIVE** | **N** | **CV05** | **C001** | **000** | **$309.00** | $309.00 | $0.00 | $0.00 | 0 |
| **ACTIVE** | **N** | **JDMD** | **C001** | **000** | **$100.00** | $100.00 | $0.00 | $0.00 | 0 |
| **ACTIVE** | **N** | **SERA** | **C001** | **000** | **$10.00** | $10.00 | $0.00 | $0.00 | 0 |
| **ACTIVE** | **N** | **SUBP** | **C001** | **000** | **$12.00** | $12.00 | $0.00 | $0.00 | 0 |
| **ACTIVE** | **N** | **VADM** | **C001** | **000** | **$45.00** | $45.00 | $0.00 | $0.00 | 0 |
| | | | | **Total:** | $519.92 | $519.92 | $0.00 | $0.00 | |

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/25/2013 | CREDIT | CONV | 2013188 | 1442300 | $18.85 | C001 | 000 | | N | | | DID |
| 06/25/2013 | RECEIPT | AOCC | 2013188 | 1442290 | $7.17 | C001 | 000 | | N | | | DID |
| 06/25/2013 | RECEIPT | CV05 | 2013188 | 1442310 | $309.00 | C001 | 000 | | N | | | DID |
| 06/25/2013 | RECEIPT | JDMD | 2013188 | 1442320 | $100.00 | C001 | 000 | | N | | | DID |
| 06/25/2013 | RECEIPT | SERA | 2013188 | 1442330 | $10.00 | C001 | 000 | | N | | | DID |
| 06/25/2013 | RECEIPT | VADM | 2013188 | 1442340 | $45.00 | C001 | 000 | | N | | | DID |
| 10/08/2013 | RECEIPT | SUBP | 2014007 | 1489070 | $12.00 | C001 | 000 | | N | | | JEB |
| 03/24/2014 | CREDIT | CONV | 2014119 | 1559490 | $1.00 | C001 | 000 | | N | | | SIC |
| 03/24/2014 | RECEIPT | AOCC | 2014119 | 1559480 | $16.90 | C001 | 000 | | N | | | SIC |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 6/24/2013 | 5:01 PM | ECOMP | COMPLAINT E-FILED. | KIN045 |
| 6/24/2013 | 5:04 PM | FILE | FILED THIS DATE: 06/24/2013          (AV01) | AJA |
| 6/24/2013 | 5:04 PM | ASSJ | ASSIGNED TO JUDGE: ANNETTA H. VERIN          (AV01) | AJA |
| 6/24/2013 | 5:04 PM | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 6/24/2013 | 5:04 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 6/24/2013 | 5:04 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 6/24/2013 | 5:04 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 6/24/2013 | 5:04 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 6/24/2013 | 5:04 PM | C001 | C001 PARTY ADDED: FREDERICK BRANDI          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | C001 | LISTED AS ATTORNEY FOR C001: KINDERMAN SPENCER AL | AJA |
| 6/24/2013 | 5:05 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | C001 | LISTED AS ATTORNEY FOR C001: CARLISLE JOSEPH WEND | AJA |
| 6/24/2013 | 5:05 PM | C001 | LISTED AS ATTORNEY FOR C001: PENTON SIMEON FRANKL | AJA |
| 6/24/2013 | 5:05 PM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D001 | D001 PARTY ADDED: SERVICE EXPERTS HEATING & AIR CO | AJA |
| 6/24/2013 | 5:05 PM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D001 | CERTIFIED MAI ISSUED: 06/28/2013 TO D001   (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D002 | D002 PARTY ADDED: FREEMAN SCOTT          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D002 | PROCESS SERVE ISSUED: 06/24/2013 TO D002   (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D002 | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D003 | D003 PARTY ADDED: COLLINS BECKY          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D003 | PROCESS SERVE ISSUED: 06/24/2013 TO D003   (AV02) | AJA |
| 6/24/2013 | 5:05 PM | D003 | D003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 6/24/2013 | 5:05 PM | EFILE | COMPLAINT - SUMMONS | |
| 7/1/2013 | 5:38 PM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 7/1/2013 | 5:38 PM | D001 | SERVICE OF CERTIFIED MAI ON 06/28/2013 FOR D001 | AJA |
| 7/1/2013 | 5:59 PM | ESCAN | SCAN - FILED 6/28/2013 - RETURN OF SERVICE | SIC |
| 7/2/2013 | 4:53 PM | ESCAN | SCAN - FILED 6/26/2013 - SUMMONS ISSUED | DID |
| 8/28/2013 | 1:26 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | KIN045 |
| 8/28/2013 | 1:27 PM | ETRAN | DISCOVERY - TRANSMITTAL | |
| 10/8/2013 | 11:27 AM | ESCAN | SCAN - FILED 10/8/2013 - SUBPOENA REQUEST | JEB |

| Date | Time | Code | Description | ID |
|---|---|---|---|---|
| 10/17/2013 | 3:58 PM | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 10/17/2013 3:58:47 PM | |
| 10/17/2013 | 3:59 PM | ETRAN | ORDER - TRANSMITTAL | |
| 10/24/2013 | 10:19 AM | EALIA | ALIAS SUMMONS E-FILED | KIN045 |
| 10/24/2013 | 10:20 AM | D002 | D002 ADDR1 CHANGED FROM: 92 OXMOOR ROAD   (AV02) | AJA |
| 10/24/2013 | 10:20 AM | D002 | D002 ADDR CITY CHANGED FROM: BIRMINGHAM   (AV02) | AJA |
| 10/24/2013 | 10:20 AM | D002 | REISSUE OF PROCESS SERV ON 10/24/2013 FOR D002 | AJA |
| 10/24/2013 | 10:20 AM | ETRAN | ALIAS SUMMONS - SUMMONS | |
| 10/28/2013 | 9:01 AM | EMOT | C001-EXTENSION OF TIME FILED. | KIN045 |
| 10/28/2013 | 9:02 AM | ETRAN | MOTION - TRANSMITTAL | |
| 10/29/2013 | 7:30 AM | EMOT | C001-EXTENSION OF TIME /DOCKETED | BEH |
| 10/29/2013 | 5:56 PM | JEMOT | C001-EXTENSION OF TIME /SET FOR 01/21/2014 10:00 AM, LOCATION = JUDGE ANNETTA VERIN | J |
| 10/29/2013 | 5:56 PM | JEMOT | C001-EXTENSION OF TIME /DISPOSED BY SEPARATE ORDER | J |
| 10/29/2013 | 5:56 PM | ETRAN | SET FOR HEARING - TRANSMITTAL | |
| 11/14/2013 | 1:09 PM | DAT4 | FOR: MOTION/EXTENSION ON 01/21/2014 @ 1000A (AV01) | DID |
| 12/6/2013 | 11:04 AM | EANSW | D001 - COMPLAINT DENIED E-FILED. | DYK002 |
| 12/6/2013 | 11:04 AM | EANSW | D002 - COMPLAINT DENIED E-FILED. | DYK002 |
| 12/6/2013 | 11:04 AM | ETRAN | ANSWER - TRANSMITTAL | |
| 12/6/2013 | 11:05 AM | D001 | LISTED AS ATTORNEY FOR D001: DYKES JONATHAN TOBIA | AJA |
| 12/6/2013 | 11:05 AM | D001 | ANSWER OF COMP DENIED ON 12/06/2013 FOR D001(AV02) | AJA |
| 12/6/2013 | 11:05 AM | D002 | LISTED AS ATTORNEY FOR D002: DYKES JONATHAN TOBIA | AJA |
| 12/6/2013 | 11:05 AM | D002 | ANSWER OF COMP DENIED ON 12/06/2013 FOR D002(AV02) | AJA |
| 12/12/2013 | 1:40 PM | DAT1 | FOR: SCHEDULING CONF ON 01/21/2014 @ 1000A  (AV01) | DID |
| 12/20/2013 | 4:22 PM | ESCAN | SCAN - FILED 12/20/2013 - RETURNED MAIL | VIH |
| 12/20/2013 | 4:22 PM | ESCAN | SCAN - FILED 12/20/2013 - RETURNED MAIL | VIH |
| 12/30/2013 | 12:58 PM | ESCAN | SCAN - FILED 12/2/2013 - RETURNED MAIL | DIS |
| 1/21/2014 | 10:04 AM | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 1/21/2014 10:04:32 AM | J |
| 1/21/2014 | 10:04 AM | ETRAN | ORDER - TRANSMITTAL | |
| 1/21/2014 | 10:08 AM | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 1/21/2014 10:08:15 AM | J |
| 1/21/2014 | 10:08 AM | ETRAN | ORDER - TRANSMITTAL | |
| 2/24/2014 | 7:11 PM | DAT1 | FOR: STATUS CONFERENCE ON 03/21/2014 @ 0830A(AV01) | SIC |
| 2/25/2014 | 4:09 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | CAR170 |
| 2/25/2014 | 4:10 PM | ETRAN | DISCOVERY - TRANSMITTAL | |
| 3/14/2014 | 4:55 PM | ESCAN | SCAN - FILED 3/14/2014 - RETURNED MAIL | BRW |
| 3/20/2014 | 4:53 PM | EAMEN | AMENDED COMPLAINT E-FILED. | KIN045 |
| 3/20/2014 | 4:53 PM | D004 | D004 PARTY ADDED: EQUIGUARD, INC.       (AV02) | AJA |
| 3/20/2014 | 4:53 PM | D004 | INDIGENT FLAG SET TO: N             (AV02) | AJA |
| 3/20/2014 | 4:53 PM | D004 | CERTIFIED MAI ISSUED: 03/20/2014 TO D004   (AV02) | AJA |
| 3/20/2014 | 4:53 PM | D004 | D004 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 3/20/2014 | 4:53 PM | D005 | D005 PARTY ADDED: GENERAL ELECTRIC CAPITAL CORPORA | AJA |
| 3/20/2014 | 4:53 PM | D005 | INDIGENT FLAG SET TO: N             (AV02) | AJA |
| 3/20/2014 | 4:53 PM | D005 | CERTIFIED MAI ISSUED: 03/20/2014 TO D005   (AV02) | AJA |
| 3/20/2014 | 4:53 PM | D005 | D005 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 3/20/2014 | 4:53 PM | ETRAN | COMPLAINT - TRANSMITTAL | |
| 3/20/2014 | 4:53 PM | ETRAN | COMPLAINT - SUMMONS | |
| 3/21/2014 | 8:39 AM | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 3/21/2014 8:39:20 AM | J |
| 3/21/2014 | 8:39 AM | ETRAN | ORDER - TRANSMITTAL | |
| 3/24/2014 | 12:32 PM | DAT1 | FOR: STATUS CONFERENCE ON 06/04/2014 @ 0900A(AV01) | SIC |
| 3/27/2014 | 2:26 PM | ESCAN | SCAN - FILED 3/27/2014 - CERTIFIED MAIL | BRW |
| 4/2/2014 | 1:49 PM | ESCAN | SCAN - FILED 4/2/2014 - CORRESPONDENCE | BRW |
| 4/3/2014 | 8:31 AM | ETRAN | SERVICE RETURN - TRANSMITTAL | |
| 4/3/2014 | 8:32 AM | D005 | SERVICE OF CERTIFIED MAI ON 03/31/2014 FOR D005 | AJA |
| 4/3/2014 | 11:06 AM | EANSW | D001 - COMPLAINT DENIED E-FILED. | DYK002 |
| 4/3/2014 | 11:06 AM | EANSW | D002 - COMPLAINT DENIED E-FILED. | DYK002 |

| 4/3/2014 | 11:07 AM | ETRAN | ANSWER - TRANSMITTAL | |
| 4/3/2014 | 11:08 AM | D001 | ANSWER OF COMP DENIED ON 04/03/2014 FOR D001(AV02) | AJA |
| 4/3/2014 | 11:08 AM | D002 | ANSWER OF COMP DENIED ON 04/03/2014 FOR D002(AV02) | AJA |
| 4/8/2014 | 8:55 AM | ESCAN | SCAN - FILED 3/31/2014 - RETURN OF SERVICE | RHH |
| 4/8/2014 | 8:57 AM | ESCAN | SCAN - FILED 3/31/2014 - RETURN OF SERVICE | RHH |
| 4/10/2014 | 8:55 AM | ESCAN | SCAN - FILED 4/10/2014 - CORRESPONDENCE | BRW |
| 4/16/2014 | 1:18 PM | EMISC | NOTICE OF REMOVAL E-FILED | DYK002 |
| 4/16/2014 | 1:19 PM | ETRAN | MISCELLANEOUS - TRANSMITTAL | |
| 4/17/2014 | 8:35 AM | EORD | E-ORDER FLAG SET TO "Y"            (AV01) | SIC |
| 4/17/2014 | 8:35 AM | DISP | DISPOSED ON: 04/16/2014 BY (RMVL FED COURT) (AV01) | SIC |
| 4/17/2014 | 8:35 AM | CACJ | COURT ACTION JUDGE: ANNETTA H. VERIN       (AV01) | SIC |
| 4/17/2014 | 8:35 AM | STAT | CASE ASSIGNED STATUS OF: DISPOSED          (AV01) | SIC |
| 4/17/2014 | 8:35 AM | PDIS | C001 DISPOSED BY (RMVL FED COURT) ON 04/16/2014 | SIC |
| 4/17/2014 | 8:35 AM | PDIS | D001 DISPOSED BY (RMVL FED COURT) ON 04/16/2014 | SIC |
| 4/17/2014 | 8:35 AM | PDIS | D002 DISPOSED BY (RMVL FED COURT) ON 04/16/2014 | SIC |
| 4/17/2014 | 8:35 AM | PDIS | D003 DISPOSED BY (RMVL FED COURT) ON 04/16/2014 | SIC |
| 4/17/2014 | 8:35 AM | PDIS | D004 DISPOSED BY (RMVL FED COURT) ON 04/16/2014 | SIC |
| 4/17/2014 | 8:35 AM | PDIS | D005 DISPOSED BY (RMVL FED COURT) ON 04/16/2014 | SIC |
| 4/17/2014 | 12:43 PM | D004 | RETURN OF OTHER ON 04/03/2014 FOR D004    (AV02) | SIC |
| 4/17/2014 | 12:45 PM | TEXT | (CT CORP IS NO LONGER AGENT FOR PROCESS) | SIC |
| 4/17/2014 | 12:50 PM | ETRAN | SERVICE RETURN - TRANSMITTAL | |
| 4/17/2014 | 4:35 PM | ESCAN | SCAN - FILED 4/3/2014 - RETURN OF NON SERVICE | BRW |
| 7/29/2014 | 4:26 PM | TEXT | ORDER REMANDING CASE TO CIRCUIT COURT | SIC |
| 7/29/2014 | 4:26 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE           (AV01) | SIC |
| 7/29/2014 | 4:26 PM | VDCA | COURT ACTION ENTRY REVISED            (AV01) | SIC |
| 7/29/2014 | 4:26 PM | C001 | C001 COURT ACTION ENTRY REVISED           (AV02) | SIC |
| 7/29/2014 | 4:33 PM | D001 | LISTED AS ATTORNEY FOR D001: SANSBURY MICHAEL TOD | SIC |
| 7/29/2014 | 4:33 PM | D001 | LISTED AS ATTORNEY FOR D001: KIPP GRACE LONG(AV02) | SIC |
| 7/29/2014 | 4:33 PM | D001 | D001 COURT ACTION ENTRY REVISED           (AV02) | SIC |
| 7/29/2014 | 4:34 PM | D002 | LISTED AS ATTORNEY FOR D002: KIPP GRACE LONG(AV02) | SIC |
| 7/29/2014 | 4:34 PM | D002 | D002 COURT ACTION ENTRY REVISED           (AV02) | SIC |
| 7/29/2014 | 4:35 PM | D003 | D003 COURT ACTION ENTRY REVISED           (AV02) | SIC |
| 7/29/2014 | 4:35 PM | D004 | D004 COURT ACTION ENTRY REVISED           (AV02) | SIC |
| 7/29/2014 | 4:42 PM | D005 | LISTED AS ATTORNEY FOR D005: FORD SARA ANNE CARTE | SIC |
| 7/29/2014 | 4:42 PM | D005 | D005 COURT ACTION ENTRY REVISED           (AV02) | SIC |
| 7/29/2014 | 4:42 PM | D005 | LISTED AS ATTORNEY FOR D005: HOLLIS LEE MAXWELL | SIC |
| 7/29/2014 | 4:42 PM | D005 | LISTED AS ATTORNEY FOR D005: DOSS JEFFREY PAUL | SIC |
| 7/29/2014 | 4:47 PM | ESCAN | SCAN - FILED 7/28/2014 - ORDER | SIC |
| 7/30/2014 | 3:42 PM | EMISC | RETURN ON SERVICE E-FILED | KIN045 |
| 7/30/2014 | 4:39 PM | ETRAN | MISCELLANEOUS - TRANSMITTAL | |
| 8/20/2014 | 11:21 AM | EMOT | C001-OTHER - NOTICE OF DISMISSAL FILED. | KIN045 |
| 8/20/2014 | 11:23 AM | ETRAN | MOTION - TRANSMITTAL | |
| 8/20/2014 | 2:46 PM | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 8/20/2014 2:46:44 PM | J |
| 8/20/2014 | 2:46 PM | ETRAN | ORDER - TRANSMITTAL | |
| 8/20/2014 | 2:49 PM | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 8/20/2014 2:49:29 PM | J |
| 8/20/2014 | 2:50 PM | ETRAN | ORDER - TRANSMITTAL | |
| 8/20/2014 | 4:08 PM | EMOT | C001-OTHER /DOCKETED | SIC |
| 8/21/2014 | 1:18 PM | JEMOT | C001-OTHER /DISPOSED BY SEPARATE ORDER | J |

 **END OF THE REPORT**

ELECTRONICALLY FILED
8/25/13 5:01 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | **68-CV-201**<br>Date of Filing:<br>06/24/2013 | Case Number: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### BRANDI FREDERICK v. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET AL

First Plaintiff:   ☐ Business   ☑ Individual   First Defendant:   ☑ Business   ☐ Individual
☐ Government   ☐ Other   ☐ Government   ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

ORIGIN:   F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT   _____

HAS JURY TRIAL BEEN DEMANDED?   ☑ Yes   ☐ No

RELIEF REQUESTED:   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:   KIN045   6/24/2013 5:01:10 PM   /s/ SPENCER ALAN KINDERMAN

MEDIATION REQUESTED:   ☐ Yes   ☑ No   ☐ Undecided



ELECTRONICALLY FILED
6/24/2013 5:01 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | |
|---|---|
| BRANDI FREDERICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. _____ |
| | ) |
| SERVICE EXPERTS HEATING & AIR | ) |
| CONDITIONING, LLC, F/K/A STEEL CITY | ) |
| SERVICE EXPERTS, F/K/A STEEL CITY | ) |
| HEATING & AIR; SCOTT FREEMAN; | ) |
| BECKY COLLINS; Fictitious Defendants "1" | ) JURY DEMAND |
| through "50," being the true and correct names | ) |
| of the named defendants; Fictitious Defendants | ) |
| "51 through "100," being those individuals, | ) |
| partnerships, corporations and/or other business | ) |
| entities responsible for the acts alleged herein | ) |
| and whose true and correct names and legal | ) |
| identities are otherwise unknown at this time but | ) |
| will be added by amendment when ascertained, | |
| | |
| Defendants. | |

## COMPLAINT

Plaintiff Brandi Frederick ("Frederick") states her Complaint as follows:

## PARTIES

1.     Brandi Frederick is over the age of nineteen, is a resident of Jefferson County, Alabama, and lives within the Bessemer Cut-off.

2.     Defendant Service Experts Heating & Air Conditioning, LLC, f/k/a Steel City Service Experts f/k/a Steel City Heating & Air ("Service Experts") is a foreign limited liability company, based in Richardson, Texas and maintains an office in Birmingham, Alabama. Service Experts does business throughout the United States, including Alabama and Jefferson County, Alabama.

3.      Defendant Scott Freeman ("Freeman") is a resident of the State of Alabama and at times pertinent to this lawsuit the Manager of Operations and Service in Service Experts' Birmingham office..

4.      Defendant Becky Collins ("Collins") is a resident of the State of Alabama and at times pertinent to this lawsuit a salesperson, representative, employee and agent of Service Experts' Birmingham office..

5.      Fictitious Defendants "1" through "50" are the true and correct names of the named defendants.

6.      Fictitious Defendants "51" through "100" are those individuals, partnerships, corporations and/or other business entities responsible for the acts alleged herein.

7.      Defendants Service Experts, Freeman, Collins and their Fictitious Defendant equivalents shall collectively be referred to as the "Service Experts Defendants."

FACTS

8.      In March 2007, Frederick contacted Service Experts regarding the replacement of the heating, ventilation and air conditioning ("HVAC") unit at her and her husband's home, which also serves as their business office.

9.      On or about March 28, 2007, Collins, on behalf of Service Experts and as its agent and salesperson, visited Frederick's home/home office.  At that time, Collins, for and on behalf of Service Experts, sold Frederick a new Trane HVAC unit for her and her husband's home/business office as well as extended manufacturer warranties for the HVAC unit.

10.     As part of the sales process, Collins provided Frederick with a brochure regarding the new Trane HVAC unit she was purchasing that contained information regarding Trane's standard warranties, which were primarily five years in duration, with the exception of a twenty year limited warranty on the heat exchanger. The brochure also stated that optional extended

warranties were available and instructed potential purchasers to ask the independent Trane dealer (in this instance, Service Experts) about those warranties.

11.     Frederick and her husband asked Collins about the optional extended warranties referenced in the Trane brochure. Collins discussed those warranties with Frederick and her husband.

12.     In reliance on both written and oral representations Collins and Service Experts made to Frederick regarding the optional extended warranties referenced in the Trane brochure, Frederick decided to purchase Trane's extended manufacturer warranties for the new Trane HVAC unit she ordered.

13.     The manufacturer of that HVAC unit was Trane.

14.     Collins explicitly represented the extended warranties Frederick was purchasing were Trane warranties.

15.     Before agreeing to purchase the HVAC unit and extended manufacturer warranties, Frederick and her husband asked Collins and Service Expert whether the extended manufacturer warranties they were selling Frederick in the transaction were Trane warranties, and Collins and Service Experts answered by representing the warranties in question were in fact Trane warranties.

16.     The purchase of the new Trane HVAC unit and the Trane extended manufacturer warranties was memorialized on Service Experts' "Home Comfort Investment Agreement" (the "Agreement"), which was signed by both Frederick and Collins, the latter as an agent for and on behalf of Service Experts..

17.     The Agreement reflected component parts of the HVAC unit being purchased, as well as "Manufacturer Warranties." Specifically, in the section labeled "Manufacturer

Warranties," the Agreement stated that "warranties below are provided if checked." The Air Conditioner Compressor warranty, the Furnace Parts warranty, the Labor warranty, and the Air Conditioner Parts warranty were "checked" and each reflected a 10 year warranty. Likewise, the Furnace Heat Exchanger warranty was also "checked," reflecting a lifetime warranty.

18.     The total purchase price for the new HVAC unit and associated parts, as well as the Trane extended manufacturer warranties was $17,845.

19.     In June 2011, the Trane HVAC unit Collins and Service Experts sold to Frederick was not functioning properly.

20.     Frederick contacted another HVAC company to inspect and service the unit. On June 24, 2011, a service technician arrived at Frederick's home/business office and inspected the Trane unit Collins and Service Experts had sold to Frederick.

21.     Following his inspection, the service technician identified the problem and stated that it should be covered under the Trane manufacturer warranties Frederick had purchased from Service Experts and that as an authorized Trane dealer, his company could fix the problem with no cost to Frederick under those Trane manufacturer warranties.

22.     Upon having his office staff check Trane's warranty database to confirm Frederick in fact had those warranties, permitting him to fix the HVAC at no cost to Frederick pursuant to those warranties the service technician's office staff could not locate in the database either Frederick's name or the HVAC unit Collins and Service Experts sold to Frederick.

23.     On June 25, 2011, Frederick contacted Service Experts and ultimately spoke with Freeman.     Freeman informed Frederick that despite Collins' representations and the representations in the Agreement that Frederick was purchasing Trane's extended manufacturer warranties on the HVAC unit, Frederick had not actually received, and Service Experts had not

actually sold or provided Frederick any Trane extended manufacturer warranties. Prior to this time, Frederick had no knowledge or any reason to suspect that the Defendants had not obtained and provided to Frederick the extended manufacturer warranties they had claimed they were selling and providing Frederick when they sold the HVAC unit and extended manufacturer warranties to Frederick and that Frederick had purchased.

24.     Instead, Freeman informed Frederick that, despite Collins representations and the representations on the Agreement that Frederick was purchasing Trane's extended manufacturer warranties on the HVAC unit, Service Experts had not provided Frederick with any Trane extended manufacture warranty but instead had provided Frederick only with insurance (which Freeman described as a warranty) provided by company called Equiguard, Inc. ("Equiguard"). Frederick had never heard of Equiguard.

25.     When Frederick voiced her concern about Collins' and Service Experts' misrepresentations regarding her purchase of Trane extended manufacturer's warranties, Freeman stated that Service Experts had never provided its customers with extended manufacturer warranties and instead had always provided Equiguard "warranties."

26.     Equiguard filed for bankruptcy after Frederick purchased the HVAC unit and Trane extended manufacturer warranties.

## COUNT I – BREACH OF CONTRACT

27.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 26 above.

28.     Defendant Service Experts, by and through Collins, entered into the Agreement with Frederick whereby they sold a Trane HVAC unit and Trane extended manufacturer warranties on that HVAC unit to Frederick.

29.     Frederick entered into the Agreement whereby she agreed to pay for and did in fact pay for the Trane HVAC unit and Trane extended manufacturer warranties on that HVAC unit.

30.     Collins and Service Experts, however, did not obtain for Frederick the Trane extended manufacturer warranties that they sold to and agreed to provide Frederick.

31.     Frederick financed the HVAC unit and Trane extended manufacturer warranties through Service Experts.

32.     Each time Frederick paid a monthly installment for the HVAC unit and  Trane extended manufacturer warranties and did not actually receive those warranties, Service Experts breached the Agreement.

33.     As a result of that breach, Frederick has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Service Experts in an amount to be determined by the trier of fact, plus pre-judgment interest, costs and attorneys' fees, plus a declaratory judgment that Service Experts breached its contract with Frederick by not selling her the Trane extended manufacture warranties Frederick had purchased.

## COUNT II - FRAUD

34.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 33 above.

35.     At all relevant times, Defendants Service Experts and Collins represented to Frederick as matters of fact that she was purchasing and that they were selling her Trane extended manufacturer warranties.  Specifically, the Agreement stated that Frederick was purchasing "Manufacturer Warranties" of ten years and/or lifetime.

36. The said representations were material and were false, and were made intentionally with knowledge they were false, recklessly without knowledge, or innocently and by mistake.

37. Frederick reasonably relied on said false representations by agreeing to purchase and by purchasing and paying for the HVAC unit and Trane extended manufacturer warranties.

38. Defendants received payments from Frederick for the extended Trane manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick.

39. As a proximate consequence of said misrepresentations, Frederick was injured.

40. Making false statements about selling manufacturers warranties Service Experts and Collins were, in fact, not actually selling was part of Collins' job for and was encouraged by Service Experts.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT III - SUPPRESSION

41. Plaintiff adopts by reference and incorporates herein the allegations paragraphs 1 through 40 above.

42. By virtue of Defendants' affirmative misrepresentations, the false statements Defendants, defendants' failure to disclose other material facts, were misleading and constituted fraudulent suppression. In addition, by virtue of Defendants' superior knowledge; and by virtue of other special circumstances in this case, Defendants had a duty to disclose certain material facts, and their failure to disclose them constituted fraudulent suppression. Among the material

facts that Defendants had a duty to disclose, but did not disclose, was that Service Experts was not actually providing and Frederick was not actually receiving any extended manufacturer warranty for the Trane Unit she was sold by the Defendants and that the Defendants instead intended to and did purchase insurance/so-called warranties from Equiguard. Defendants also had a duty to disclose the true facts with respect to those matters that were misrepresented.

43.     Rather than disclosing said material facts, Defendants suppressed them. Said suppression was done intentionally, wantonly and/or recklessly.

44.     As a proximate consequence of said suppression, Frederick was injured.

WHEREFORE, Frederick prays for judgment against Defendants, jointly and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT IV – PROMISSORY FRAUD

45.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 44 above.

46.     Defendants Service Experts and Collins promised that Frederick was being provided and was buying Trane manufacturer extended warranties in the transaction in which Frederick purchased the HVAC unit and those warranties.

47.     But at the time Defendants Service Experts and Collins made said promise, they had no intention of fulfilling it.

48.     Such conduct constituted promissory fraud, which proximately injured Frederick.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT V - DECEIT

49.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 48 above.

50.     At all relevant times, Defendants misrepresented to Frederick that she would receive Trane extended manufacturer warranties.    Specifically, the Agreement stated that Frederick was purchasing "Manufacturer Warranties" of ten years and/or lifetime.

51.     The said misrepresentations were material and were made to induce Frederick to purchase and pay for the Trane Unit and the extended manufacture warranties.

52.     Defendants knew the misrepresentations were false, and/or fraudulently and/or recklessly represented those material facts as true, and made them with the intent to deceive Frederick.

53.     Frederick reasonably relied on said misrepresentations by agreeing to purchase and by purchasing and paying for the HVAC unit and the Trane extended manufacturer warranties.

54.     Defendants received payments from Frederick for the extended manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick when she bought them.

55.     As a proximate consequence of said misrepresentations, Frederick was injured.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT VI - WILLFUL DECEIT

56.    Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 55 above.

57.    At all relevant times, Defendants Service Experts and Collins willfully deceived Frederick that she would receive Trane extended manufacturer warranties with the intent to induce her to pay for the HVAC unit and the extended manufacturer warranties for the unit she was purchasing.

58.    Defendants Service Experts and Collins, however, did not believe it to be true that Frederick would in fact receive Trane extended manufacturer warranties and/or had no reasonable ground for believing it true that Frederick would in fact receive Trane extended manufacturer warranties.

59.    Defendants suppressed the fact that Frederick would not receive Trane extended manufacturer warranties despite a duty to disclose that fact to her.

60.    Instead, Defendants gave Frederick information that mislead her that she would be receiving Trane extended manufacturer warranties when she purchased and paid for such, even though Defendants would only obtain and provide to Frederick insurance/so-called warranties from Equiguard. Defendants did not disclose that they would only obtain for and provide to Frederick insurance/so-called warranties from Equiguard rather than the Trane extended manufacturer warranties that she sought to purchase and for which she paid for.

61.    Defendants promised to obtain for and provide to Frederick Trane extended manufacture warranties without any intention of performing on and fulfilling said promise.

62.    Frederick reasonably relied on said misrepresentations by agreeing to purchase and by purchasing and paying for the Trane HVAC unit and Trane extended manufacturer warranties.

63.    Defendants received payments from Frederick for Trane extended manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick when she bought them.

64.    As a proximate consequence of said willful deceit, Frederick was injured.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES AND COUNTS HEREIN.**

/s/ Spencer A. Kinderman
Spencer A. Kinderman (KIN045)

/s/ Joseph W. Carlisle
Joseph W. Carlisle (CAR170)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
Grandview II
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
(205) 547-5540 (Main)
(205) 547-5621 (Facsimile)
E-mail: skinderman@GilpinGivhan.com
E-mail: jcarlisle@GilpinGivhan.com

/s/ Simeon F. Penton
Simeon F. Penton (PEN007)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
2660 Eastchase Lane
Montgomery, Alabama 36117
(334) 244-1111 (Main)
(334) 244-1969 (Fascimile)
E-mail: spenton@GilpinGivhan.com

**SERVE DEFENDANTS AS FOLLOWS:**
Service Experts Heating & Air Conditioning, LLC (Certified Mail)
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama  36104

Scott Freeman (Personal Service by Process Server)
92 Oxmoor Road
Birmingham, Alabama  35209

Becky Collins (Personal Service by Process Server)
92 Oxmoor Road
Birmingham, Alabama  35209

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2013-900453.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA

### BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET

SCOTT FREEMAN, 92 OXMOOR ROAD, BIRMINGHAM, AL 35209

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SPENCER ALAN KINDERMAN

WHOSE ADDRESS IS 3595 Grandview Parkway, Suite 400, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____

   pursuant to the Alabama Rules of the Civil Procedure

6/24/2013 5:01:10 PM          /s KAREN DUNN BURKS          _____

Date                          Clerk/Register                By

☐ Certified mail is hereby requested     _____

                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                _____

Date                               Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2013-900453.00 |
| --- | --- | --- |

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET

BECKY COLLINS, 92 OXMOOR ROAD, BIRMINGHAM, AL 35209

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SPENCER ALAN KINDERMAN

WHOSE ADDRESS IS 3595 Grandview Parkway, Suite 400, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____

    pursuant to the Alabama Rules of the Civil Procedure

| 6/24/2013 5:01:10 PM | /s KAREN DUNN BURKS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested _____

    Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____

Date                            Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2013-900453.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET

SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC, C/O CSC LAWYERS 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SPENCER ALAN KINDERMAN

WHOSE ADDRESS IS 3595 Grandview Parkway, Suite 400, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of       BRANDI FREDERICK
   pursuant to the Alabama Rules of the Civil Procedure

6/24/2013 5:01:10 PM                  /s KAREN DUNN BURKS
Date                                  Clerk/Register                              By

☑ Certified mail is hereby requested       /s SPENCER ALAN KINDERMAN

                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                               Server's Signature



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  KINDERMAN SPENCER ALAN
skinderman@gilpingivhan.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was served on 6/28/2013

D001 SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC

CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  CARLISLE JOSEPH WENDELL
jcarlisle@gilpingivhan.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was served on 6/28/2013

D001 SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC

CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was served on 6/28/2013

D001 SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC

CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Service Experts Heating +
    Air Conditioning LLC
c/o CSC Lawyers
150 South Perry Street
Montgomery, AL 36104

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)    JUN 28 2013 / C. Date of Delivery

Avery Harris

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

CV-2013-900453          D001

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1640 0001 6589 5933

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

OFFICE OF THE CIRCUIT **FILED IN OFFICE**

BESSEMER DIVISION

JEFFERSON COUNTY, ALABAMA

**JUL 01 2013**

P. O. BOX 1310

BESSEMER, ALABAMA 35021-1310

**CIRCUIT CLERK**
**BESSEMER DIVISION**
**JEFFERSON COUNTY, ALABAMA**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>68-CV-2013-900453.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA

### BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET

SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC, C/O CSC LAWYERS 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SPENCER ALAN KINDERMAN

WHOSE ADDRESS IS 3595 Grandview Parkway, Suite 400, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of **BRANDI FREDERICK**
   pursuant to the Alabama Rules of the Civil Procedure

| | | OFFICE OF THE CIRCUIT CLERK<br>BESSEMER DIVISION |
|---|---|---|
| 6/24/2013 5:01:10 PM | /s KAREN DUNN BURKS | JEFFERSON COUNTY, ALABAMA |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s SPENCER ALAN KINDERMAN

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and

_____ in _____

Date                          Server's Signature



**U.S. Postal Service**
**CERTIFIED MAIL**
*(Domestic Mail Only; No Insurance Coverage P*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ 1.52 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.17 |

Postmark Here

**68-CV-201...**
**BRANDI FREDERICK V. SERVICE EXPER...**

**C001 - BRANDI FREDERICK**
Plaintiff

Sent To Service Experts Heating + Air Condic
Street, Apt. No.; or PO Box No. c/o CSC Lawyers, 150 So. Perry St.
City, State, ZIP+4 Montgomery, AL 36104

PS Form 3800, August 2006          See Reverse for Instructions

68-CV-2013-900453.00 D001

# SERVICE RETURN

ELECTRONICALLY FILED
8/23/2013 1:26 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| **BRANDI B. FREDERICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **CV-2013-900453.00** |
| **SERVICE EXPERTS HEATING & AIR** | ) | |
| **CONDITIONING, LLC, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice, Plaintiff Brandi B. Frederick will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Custodian of Records, Better Business Bureau** who is not a party and whose address is **1210 South 20th Street, Birmingham, Alabama 35205,** to produce the documents and things at the time and place specified in the subpoena.

/s/ Spencer A. Kinderman
Spencer A. Kinderman (KIN045)

/s/ Joseph W. Carlisle
Joseph W. Carlisle (CAR170)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
Grandview II
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
(205) 547-5540 (Main)
(205) 547-5621 (Facsimile)
E-mail: skinderman@GilpinGivhan.com
E-mail: jcarlisle@GilpinGivhan.com

1

/s/ Simeon F. Penton
Simeon F. Penton (PEN007)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
2660 Eastchase Lane
Montgomery, Alabama 36117
(334) 244-1111 (Main)
(334) 244-1969 (Fascimile)
E-mail: spenton@GilpinGivhan.com

2

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Alafile system on this the 28th day of August, 2013 and placed a copy of the same in the mail to the following party:

Service Experts Heating & Air Conditioning, LLC (Certified Mail)
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama  36104

/s/ Spencer A. Kinderman
Of Counsel

3

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY ALABAMA
### BESSEMER DIVISION

| | | |
|---|---|---|
| **BRANDI B. FREDERICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **CV-2013-900453.00** |
| **SERVICE EXPERTS HEATING & AIR** | ) | |
| **CONDITIONING, LLC, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS, ETC., UNDER RULE 45

TO:  **Custodian of Records**
     **Better Business Bureau**
     **1210 South 20th Street**
     **Birmingham, Alabama 35205**

You are hereby requested to do each of the following acts at the instance of Plaintiff Brandi B. Frederick within fifteen (15) days after service of this subpoena:

That you produce and permit Plaintiff Brandi B. Frederick to inspect and copy each of the following class of documents:

All documents[1] relating in any way to complaints made with the Better Business Bureau regarding **Service Experts Heating & Air Conditioning, LLC, Steel City Service Experts and Steel City Heating & Air** or any of its/their subsidiaries, including but not limited to, notes, correspondence, documents, reports, or other written or electronically stored materials of any kind whatsoever contained in your file, in your possession, or under your control.

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

---

[1] As used herein, "document" means and includes all matters within the scope of Rule 34 and 45 of the Alabama Rules of Civil Procedure, however and by whomever produced or reproduced, in a third party's possession, custody or control, including but not limited to: all letters, e-mails, telegrams, telexes, cables, telephone records and notations, minutes, bulletins, instructions, advertisements, literature, reports, memoranda, notes, notebooks, drafts, data sheets, work sheets, drawings, agreements, intracorporate communications, circulars, books, magazines, newspapers, computer programs and data, studies, analyses, comparisons, surveys, memoranda of conversations, sound records, photographs, motion picture films, television tapes, magnetic or computer tapes, diaries, and other written, reported, recorded, or graphic matter and records of information or communication; and including copies or reproductions of all the foregoing items upon which any matter has been added or included that is not on or a part of the originals.

1

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents or things to **Spencer A. Kinderman, Gilpin Givhan, P.C., 3595 Grandview Parkway, Suite 400, Birmingham, Alabama 35243,** but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  **PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS, ALONG WITH YOUR CERTIFICATION (See attached certificate.)**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

The text of Alabama Rules of Civil Procedures 45(c) & (d) is set forth in this subpoena as Attachment "A."

Dated this _____ day of September 2013.

/s/ Spencer A. Kinderman
Spencer A. Kinderman (KIN045)

/s/ Joseph W. Carlisle
Joseph W. Carlisle (CAR170)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
Grandview II
3595 Grandview Parkway, Suite 400
Birmingham, Alabama  35243
(205) 547-5540 (Main)
(205) 547-5621 (Facsimile)
E-mail: skinderman@GilpinGivhan.com
E-mail: jcarlisle@GilpinGivhan.com

2

/s/ Simeon F. Penton
Simeon F. Penton (PEN007)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
2660 Eastchase Lane
Montgomery, Alabama 36117
(334) 244-1111 (Main)
(334) 244-1969 (Fascimile)
E-mail: spenton@GilpinGivhan.com

Clerk of this Court

DATED: _____

RETURN    ON    SERVICE:    Executed    by    leaving    a    copy    with
_____ on this the _____ day of _____, 2013.

_____
Process Server

3

**ATTACHMENT "A"**

**ALABAMA RULES OF CIVIL PROCEDURE - Rule 45. Subpoena**

© Protection of Persons Subject to Subpoenas.
(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fees.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
          (I)      fails to allow reasonable time for compliance;
          (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
          (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
          (iv)     subjects a person to undue burden.

    (B)   If a subpoena
          (I)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or
          (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
          (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,
the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      Duties in Responding to Subpoena.

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY ALABAMA
## BESSEMER DIVISION

**BRANDI B. FREDERICK,**                )
                                         )
    **Plaintiff,**                )
                                         )          **CIVIL ACTION NO.**
**v.**                                   )
                                         )          **CV-2013-900453.00**
**SERVICE EXPERTS HEATING & AIR**        )
**CONDITIONING, LLC, ET AL.,**           )
                                         )
    **Defendants.**               )

### CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertinent to **Service Experts Heating and Air Conditioning, LLC**, kept at the office of **Better Business Bureau** in my custody, and I am the legal custodian and keeper of said records. I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

I have given the foregoing declaration under penalty of perjury at _____, Alabama, this the _____ day of _____, 2013.


_____
Custodian of Records

5

 **AlaFile E-Notice**

68-CV-2013-900453.00

To: SPENCER ALAN KINDERMAN
skinderman@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 8/28/2013 1:26:50 PM

Notice Date:     8/28/2013 1:26:50 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To: SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC (PRO S
C/O CSC LAWYERS
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 8/28/2013 1:26:50 PM

Notice Date:     8/28/2013 1:26:50 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:  FREEMAN SCOTT (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 8/28/2013 1:26:50 PM

Notice Date:     8/28/2013 1:26:50 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:  COLLINS BECKY (PRO SE)
     92 OXMOOR ROAD
     BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 8/28/2013 1:26:50 PM

Notice Date:      8/28/2013 1:26:50 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:   CARLISLE JOSEPH WENDELL
        jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 8/28/2013 1:26:50 PM

Notice Date:      8/28/2013 1:26:50 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 8/28/2013 1:26:50 PM

Notice Date:      8/28/2013 1:26:50 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov

GILPIN | GIVHAN
A PROFESSIONAL CORPORATION

ANDREA E. GARDNER
DIRECT DIAL: (205) 547-5559
E-MAIL: AGARDNER@GILPINGIVHAN.COM

September 13, 2013

Clerk's Office - Civil Division
Circuit Court of Jefferson County, Alabama, Bessemer Division
1851-2nd Avenue North
Bessemer, Alabama 35020

    **Re:**    **Brandi Frederick v. Service Experts Heating & Air Conditioning, LLC, et al.**
            **Circuit Court of Jefferson County, Alabama, Bessemer Division**
            **CV-2013-900453**

Dear Sir/Madam:

Enclosed please find an original and two copies of a Civil Subpoena for Production of Documents, Etc. Under Rule 45. I also enclose a check for the filing fee and a subpoena request form. Please file the same and return them to me for service in the enclosed self-addressed, stamped envelope.

If you have any questions or concerns, please do not hesitate to contact me. Thank you for your assistance in this matter.

Sincerely,

Andrea E. Gardner
Paralegal to Spencer A. Kinderman

/aeg

Enclosures

3595 GRANDVIEW PARKWAY SUITE 400 | BIRMINGHAM, ALABAMA 35243
T: 205.547.5540   F: 205.547.5621

2660 EASTCHASE LANE SUITE 300 | MONTGOMERY, ALABAMA 36117 | MAILING ADDRESS: P.O. BOX 4540 36103-4540
T: 334.244.1111   F: 334.244.1969

TOLL FREE: 877.269.2364  WEBSITE:WWW.GILPINGIVHAN.COM

| State of Alabama<br>Unified Judicial System<br><br>Form C-12 | SUBPOENA REQUEST FORM | Case Number<br><br>CV-2013-900453 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BESSEMER DIVISION

**FILED IN OFFICE**

**OCT 08 2013**

Plaintiff: Brandi Frederick   v.   Service Experts Heating & Air Conditioning, LLC, et al.

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

| Court Date : | Court Time | Date Requested: |
| --- | --- | --- |

### TO BE COMPLETED BY REQUESTER

The Clerk/Register is requested to issue an Order to Appear (Subpoena) for each of the following witnesses for:

[XX ]  Plaintiff/State          [ ] Defendant          ☐ Grand Jury          ☐ Other _____

| | | Date Issued | Date Executed | Remarks |
| --- | --- | --- | --- | --- |
| 1. | Name  Better Business Bureau<br>Address  1210 South 20th Street<br>Birmingham, Alabama 35205 | | | |
| 2. | Name<br>Address | | | |
| 3. | Name<br>Address | | | |
| 4. | Name<br>Address | | | |
| 5. | Name<br>Address | | | |
| 6. | Name<br>Address | | | |

**METHOD OF SERVICE REQUESTED:**

[  ]  Personal Service
[XX] Other

Party Requesting Subpoena:  **DEFENDANT**

Date: _____     _____
                    **CLERK/REGISTER**

/s/ Spencer A. Kinderman
Signature: Jonathan S. Harbuck
**COUNSEL FOR DEFENDANT**
Requester Phone No.:  (205) 547-5553



ELECTRONICALLY FILED
10/17/2013 3:58 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| FREDERICK BRANDI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:    CV-2013-900453.00 |
| | ) | |
| SERVICE EXPERTS HEATING & AIR | ) | |
| CONDITIONING, LLC, | | |
| FREEMAN SCOTT, | ) | |
| COLLINS BECKY, | ) | |
| Defendants. | ) | |

**ORDER**

THIS CAUSE IS SET FOR SCHEDULING CONFERENCE 10:00 a.m. January 21, 2014.   Attorneys and persons representing themselves are ordered to attend this mandatory conference and appear at least 15 minutes before the scheduled time for brief pre-conference introduction to and discussion with opposing counsel/self-represented litigants.

<u>Plaintiffs' failure to appear shall result in their claims being dismissed.  Defendants' failure to appear shall result in their claims being dismissed; defenses and responsive pleadings stricken; an order finding such defendant in default and the prompt setting of a hearing for Plaintiff to prove damages</u>.

The court anticipates the actual conference lasting no more than 10 minutes. Attendees should be prepared to give a brief, no more than 1-minute summary of their factual contention(s) (i.e., what the case is about) and to address the following matters:

1.  DISCOVERY CUTOFF DATE;

2. **A FIRM TRIAL DATE WHICH ALL UNDERSTAND WILL NOT BE CONTINUED SAVE FOR AN EMERGENCY**; and,

3. VARIATIONS TO THE STANDARD SCHEDULING ORDER.

While other matters may be addressed during the conference requests for relief not agreed upon will almost always be addressed at a subsequent hearing.
**DONE this 17th day of October, 2013.**

**/s/ ANNETTA H. VERIN**
**CIRCUIT JUDGE**



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  KINDERMAN SPENCER ALAN
     skinderman@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/17/2013 3:58:47 PM

Notice Date:     10/17/2013 3:58:47 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  CARLISLE JOSEPH WENDELL
jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/17/2013 3:58:47 PM

Notice Date:      10/17/2013 3:58:47 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/17/2013 3:58:47 PM

Notice Date:      10/17/2013 3:58:47 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC (PRO S
C/O CSC LAWYERS
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/17/2013 3:58:47 PM

Notice Date:      10/17/2013 3:58:47 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   FREEMAN SCOTT (PRO SE)
      92 OXMOOR ROAD
      BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/17/2013 3:58:47 PM

Notice Date:      10/17/2013 3:58:47 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   COLLINS BECKY (PRO SE)
      92 OXMOOR ROAD
      BIRMINGHAM, AL 35209-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/17/2013 3:58:47 PM

Notice Date:      10/17/2013 3:58:47 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



ELECTRONICALLY FILED
6/24/2013 10:19 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

|  |  |  |
|---|---|---|
| BRANDI FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| SERVICE EXPERTS HEATING & AIR | ) | |
| CONDITIONING, LLC, F/K/A STEEL CITY | ) | |
| SERVICE EXPERTS, F/K/A STEEL CITY | ) | |
| HEATING & AIR; SCOTT FREEMAN; | ) | |
| BECKY COLLINS; Fictitious Defendants "1" | ) | JURY DEMAND |
| through "50," being the true and correct names | ) | |
| of the named defendants; Fictitious Defendants | ) | |
| "51 through "100," being those individuals, | ) | |
| partnerships, corporations and/or other business | ) | |
| entities responsible for the acts alleged herein | ) | |
| and whose true and correct names and legal | ) | |
| identities are otherwise unknown at this time but | ) | |
| will be added by amendment when ascertained, | | |
| | | |
| Defendants. | | |

## COMPLAINT

Plaintiff Brandi Frederick ("Frederick") states her Complaint as follows:

## PARTIES

1.     Brandi Frederick is over the age of nineteen, is a resident of Jefferson County, Alabama, and lives within the Bessemer Cut-off.

2.     Defendant Service Experts Heating & Air Conditioning, LLC, f/k/a Steel City Service Experts f/k/a Steel City Heating & Air ("Service Experts") is a foreign limited liability company, based in Richardson, Texas and maintains an office in Birmingham, Alabama. Service Experts does business throughout the United States, including Alabama and Jefferson County, Alabama.

3.     Defendant Scott Freeman ("Freeman") is a resident of the State of Alabama and at times pertinent to this lawsuit the Manager of Operations and Service in Service Experts' Birmingham office..

4.     Defendant Becky Collins ("Collins") is a resident of the State of Alabama and at times pertinent to this lawsuit a salesperson, representative, employee and agent of Service Experts' Birmingham office..

5.     Fictitious Defendants "1" through "50" are the true and correct names of the named defendants.

6.     Fictitious Defendants "51" through "100" are those individuals, partnerships, corporations and/or other business entities responsible for the acts alleged herein.

7.     Defendants Service Experts, Freeman, Collins and their Fictitious Defendant equivalents shall collectively be referred to as the "Service Experts Defendants."

FACTS

8.     In March 2007, Frederick contacted Service Experts regarding the replacement of the heating, ventilation and air conditioning ("HVAC") unit at her and her husband's home, which also serves as their business office.

9.     On or about March 28, 2007, Collins, on behalf of Service Experts and as its agent and salesperson, visited Frederick's home/home office.  At that time, Collins, for and on behalf of Service Experts, sold Frederick a new Trane HVAC unit for her and her husband's home/business office as well as extended manufacturer warranties for the HVAC unit.

10.     As part of the sales process, Collins provided Frederick with a brochure regarding the new Trane HVAC unit she was purchasing that contained information regarding Trane's standard warranties, which were primarily five years in duration, with the exception of a twenty year limited warranty on the heat exchanger. The brochure also stated that optional extended

warranties were available and instructed potential purchasers to ask the independent Trane dealer (in this instance, Service Experts) about those warranties.

11.    Frederick and her husband asked Collins about the optional extended warranties referenced in the Trane brochure.  Collins discussed those warranties with Frederick and her husband.

12.    In reliance on both written and oral representations Collins and Service Experts made to Frederick regarding the optional extended warranties referenced in the Trane brochure, Frederick decided to purchase Trane's extended manufacturer warranties for the new Trane HVAC unit she ordered.

13.    The manufacturer of that HVAC unit was Trane.

14.    Collins explicitly represented the extended warranties Frederick was purchasing were Trane warranties.

15.    Before agreeing to purchase the HVAC unit and extended manufacturer warranties, Frederick and her husband asked Collins and Service Expert whether the extended manufacturer warranties they were selling Frederick in the transaction were Trane warranties, and Collins and Service Experts answered by representing the warranties in question were in fact Trane warranties.

16.    The purchase of the new Trane HVAC unit and the Trane extended manufacturer warranties was memorialized on Service Experts' "Home Comfort Investment Agreement" (the "Agreement"), which was signed by both Frederick and Collins, the latter as an agent for and on behalf of Service Experts..

17.    The Agreement reflected component parts of the HVAC unit being purchased, as well as "Manufacturer Warranties."  Specifically, in the section labeled "Manufacturer

Warranties," the Agreement stated that "warranties below are provided if checked." The Air Conditioner Compressor warranty, the Furnace Parts warranty, the Labor warranty, and the Air Conditioner Parts warranty were "checked" and each reflected a 10 year warranty. Likewise, the Furnace Heat Exchanger warranty was also "checked," reflecting a lifetime warranty.

18.     The total purchase price for the new HVAC unit and associated parts, as well as the Trane extended manufacturer warranties was $17,845.

19.     In June 2011, the Trane HVAC unit Collins and Service Experts sold to Frederick was not functioning properly.

20.     Frederick contacted another HVAC company to inspect and service the unit.  On June 24, 2011, a service technician arrived at Frederick's home/business office and inspected the Trane unit Collins and Service Experts had sold to Frederick.

21.     Following his inspection, the service technician identified the problem and stated that it should be covered under the Trane manufacturer warranties Frederick had purchased from Service Experts and that as an authorized Trane dealer, his company could fix the problem with no cost to Frederick under those Trane manufacturer warranties.

22.     Upon having his office staff check Trane's warranty database to confirm Frederick in fact had those warranties, permitting him to fix the HVAC at no cost to Frederick pursuant to those warranties the service technician's office staff could not locate in the database either Frederick's name or the HVAC unit Collins and Service Experts sold to Frederick.

23.     On June 25, 2011, Frederick contacted Service Experts and ultimately spoke with Freeman.    Freeman informed Frederick that despite Collins' representations and the representations in the Agreement that Frederick was purchasing Trane's extended manufacturer warranties on the HVAC unit, Frederick had not actually received, and Service Experts had not

actually sold or provided Frederick any Trane extended manufacturer warranties. Prior to this time, Frederick had no knowledge or any reason to suspect that the Defendants had not obtained and provided to Frederick the extended manufacturer warranties they had claimed they were selling and providing Frederick when they sold the HVAC unit and extended manufacturer warranties to Frederick and that Frederick had purchased.

24.     Instead, Freeman informed Frederick that, despite Collins representations and the representations on the Agreement that Frederick was purchasing Trane's extended manufacturer warranties on the HVAC unit, Service Experts had not provided Frederick with any Trane extended manufacture warranty but instead had provided Frederick only with insurance (which Freeman described as a warranty) provided by company called Equiguard, Inc. ("Equiguard"). Frederick had never heard of Equiguard.

25.     When Frederick voiced her concern about Collins' and Service Experts' misrepresentations regarding her purchase of Trane extended manufacturer's warranties, Freeman stated that Service Experts had never provided its customers with extended manufacturer warranties and instead had always provided Equiguard "warranties."

26.     Equiguard filed for bankruptcy after Frederick purchased the HVAC unit and Trane extended manufacturer warranties.

## COUNT I – BREACH OF CONTRACT

27.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 26 above.

28.     Defendant Service Experts, by and through Collins, entered into the Agreement with Frederick whereby they sold a Trane HVAC unit and Trane extended manufacturer warranties on that HVAC unit to Frederick.

29.     Frederick entered into the Agreement whereby she agreed to pay for and did in fact pay for the Trane HVAC unit and Trane extended manufacturer warranties on that HVAC unit.

30.     Collins and Service Experts, however, did not obtain for Frederick the Trane extended manufacturer warranties that they sold to and agreed to provide Frederick.

31.     Frederick financed the HVAC unit and Trane extended manufacturer warranties through Service Experts.

32.     Each time Frederick paid a monthly installment for the HVAC unit and  Trane extended manufacturer warranties and did not actually receive those warranties, Service Experts breached the Agreement.

33.     As a result of that breach, Frederick has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Service Experts in an amount to be determined by the trier of fact, plus pre-judgment interest, costs and attorneys' fees, plus a declaratory judgment that Service Experts breached its contract with Frederick by not selling her the Trane extended manufacture warranties Frederick had purchased.

## COUNT II - FRAUD

34.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 33 above.

35.     At all relevant times, Defendants Service Experts and Collins represented to Frederick as matters of fact that she was purchasing and that they were selling her Trane extended manufacturer warranties.  Specifically, the Agreement stated that Frederick was purchasing "Manufacturer Warranties" of ten years and/or lifetime.

36.     The said representations were material and were false, and were made intentionally with knowledge they were false, recklessly without knowledge, or innocently and by mistake.

37.     Frederick reasonably relied on said false representations by agreeing to purchase and by purchasing and paying for the HVAC unit and Trane extended manufacturer warranties.

38.     Defendants received payments from Frederick for the extended Trane manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick.

39.     As a proximate consequence of said misrepresentations, Frederick was injured.

40.     Making false statements about selling manufacturers warranties Service Experts and Collins were, in fact, not actually selling was part of Collins' job for and was encouraged by Service Experts.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT III - SUPPRESSION

41.     Plaintiff adopts by reference and incorporates herein the allegations paragraphs 1 through 40 above.

42.     By virtue of Defendants' affirmative misrepresentations, the false statements Defendants, defendants' failure to disclose other material facts, were misleading and constituted fraudulent suppression. In addition, by virtue of Defendants' superior knowledge; and by virtue of other special circumstances in this case, Defendants had a duty to disclose certain material facts, and their failure to disclose them constituted fraudulent suppression. Among the material

facts that Defendants had a duty to disclose, but did not disclose, was that Service Experts was not actually providing and Frederick was not actually receiving any extended manufacturer warranty for the Trane Unit she was sold by the Defendants and that the Defendants instead intended to and did purchase insurance/so-called warranties from Equiguard. Defendants also had a duty to disclose the true facts with respect to those matters that were misrepresented.

43.     Rather than disclosing said material facts, Defendants suppressed them. Said suppression was done intentionally, wantonly and/or recklessly.

44.     As a proximate consequence of said suppression, Frederick was injured.

WHEREFORE, Frederick prays for judgment against Defendants, jointly and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT IV – PROMISSORY FRAUD

45.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 44 above.

46.     Defendants Service Experts and Collins promised that Frederick was being provided and was buying Trane manufacturer extended warranties in the transaction in which Frederick purchased the HVAC unit and those warranties.

47.     But at the time Defendants Service Experts and Collins made said promise, they had no intention of fulfilling it.

48.     Such conduct constituted promissory fraud, which proximately injured Frederick.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT V - DECEIT

49.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 48 above.

50.     At all relevant times, Defendants misrepresented to Frederick that she would receive Trane extended manufacturer warranties.   Specifically, the Agreement stated that Frederick was purchasing "Manufacturer Warranties" of ten years and/or lifetime.

51.     The said misrepresentations were material and were made to induce Frederick to purchase and pay for the Trane Unit and the extended manufacture warranties.

52.     Defendants knew the misrepresentations were false, and/or fraudulently and/or recklessly represented those material facts as true, and made them with the intent to deceive Frederick.

53.     Frederick reasonably relied on said misrepresentations by agreeing to purchase and by purchasing and paying for the HVAC unit and the Trane extended manufacturer warranties.

54.     Defendants received payments from Frederick for the extended manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick when she bought them.

55.     As a proximate consequence of said misrepresentations, Frederick was injured.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT VI - WILLFUL DECEIT

56.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 55 above.

57.     At all relevant times, Defendants Service Experts and Collins willfully deceived Frederick that she would receive Trane extended manufacturer warranties with the intent to induce her to pay for the HVAC unit and the extended manufacturer warranties for the unit she was purchasing.

58.     Defendants Service Experts and Collins, however, did not believe it to be true that Frederick would in fact receive Trane extended manufacturer warranties and/or had no reasonable ground for believing it true that Frederick would in fact receive Trane extended manufacturer warranties.

59.     Defendants suppressed the fact that Frederick would not receive Trane extended manufacturer warranties despite a duty to disclose that fact to her.

60.     Instead, Defendants gave Frederick information that mislead her that she would be receiving Trane extended manufacturer warranties when she purchased and paid for such, even though Defendants would only obtain and provide to Frederick insurance/so-called warranties from Equiguard. Defendants did not disclose that they would only obtain for and provide to Frederick insurance/so-called warranties from Equiguard rather than the Trane extended manufacturer warranties that she sought to purchase and for which she paid for.

61.     Defendants promised to obtain for and provide to Frederick Trane extended manufacture warranties without any intention of performing on and fulfilling said promise.

62.     Frederick reasonably relied on said misrepresentations by agreeing to purchase and by purchasing and paying for the Trane HVAC unit and Trane extended manufacturer warranties.

63.     Defendants received payments from Frederick for Trane extended manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick when she bought them.

64.     As a proximate consequence of said willful deceit, Frederick was injured.

WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES AND COUNTS HEREIN.**

/s/ Spencer A. Kinderman
Spencer A. Kinderman (KIN045)

/s/ Joseph W. Carlisle
Joseph W. Carlisle (CAR170)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
Grandview II
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
(205) 547-5540 (Main)
(205) 547-5621 (Facsimile)
E-mail: skinderman@GilpinGivhan.com
E-mail: jcarlisle@GilpinGivhan.com

/s/ Simeon F. Penton
Simeon F. Penton (PEN007)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
2660 Eastchase Lane
Montgomery, Alabama 36117
(334) 244-1111 (Main)
(334) 244-1969 (Fascimile)
E-mail: spenton@GilpinGivhan.com

**SERVE DEFENDANTS AS FOLLOWS:**
Service Experts Heating & Air Conditioning, LLC (Certified Mail)
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama  36104

Scott Freeman (Personal Service by Process Server)
92 Oxmoor Road
Birmingham, Alabama  35209

Becky Collins (Personal Service by Process Server)
92 Oxmoor Road
Birmingham, Alabama  35209

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2013-900453.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET

SCOTT FREEMAN, 20 EAGLEWOOD FARMS ROAD, MAYLENE, AL 35114

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SPENCER ALAN KINDERMAN

WHOSE ADDRESS IS 3595 Grandview Parkway, Suite 400, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
   pursuant to the Alabama Rules of the Civil Procedure

10/24/2013 10:19:51 AM      /s KAREN DUNN BURKS _____      _____
Date           Clerk/Register           By

☐ Certified mail is hereby requested      _____
          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____      _____
Date           Server's Signature

STATE OF ALABAMA
Unified Judicial System

Revised 3/5/08

68-JEFFERSON

ELECTRONICALLY FILED
10/28/2013 9:01 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

☐ District Court   ☑ Circuit Court

Case:

CV20

CIVIL MOTION COVER SHEET

BRANDI FREDERICK V. SERVICE EXPERTS
HEATING & AIR CONDITIONING, LLC ET

Name of Filing Party: C001 - FREDERICK BRANDI

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

SPENCER ALAN KINDERMAN

3595 Grandview Parkway, Suite 400
BIRMINGHAM, AL 35242

Attorney Bar No.: KIN045

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☑ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>10/28/2013 9:00:33 AM | Signature of Attorney or Party:<br><br>/s/ SPENCER ALAN KINDERMAN |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
10/24/2013 9:01 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY ALABAMA
## BESSEMER DIVISION

BRANDI B. FREDERICK,                  )
                                      )
      Plaintiff,                )
                                      )    CIVIL ACTION NO.
v.                                    )
                                      )    CV-2013-900453.00
SERVICE EXPERTS HEATING & AIR         )
CONDITIONING, LLC, ET AL.,            )
                                      )
      Defendants.               )

## MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

Pursuant to Rule 4 of the Alabama Rules of Civil Procedure, Plaintiff, Brandi Frederick, hereby moves this honorable Court for an extension of time to serve defendants Scott Freeman and Becky Collins with the Summons and Complaint in the action. In support of this motion, Ms. Frederick would show as follows:

1.    On June 24, 2013, Ms. Frederick filed her complaint instituting this action against the Defendants, Service Experts Heating & Air Conditioning, LLC, f/k/a Steel City Service Experts, f/k/a Steel City Heating & Air ("Service Experts"), Scott Freeman ("Freeman") and Becky Collins ("Collins").

2.    On June 28, 2013, Service Experts was served with the Summons and Complaint by certified mail.

3.    On June 26, 2013, Ms. Frederick attempted to perfect personal service of the Summons and Complaint on defendants Freeman and Collins at one of Service Experts' locations. Ms. Frederick's special process server, however, was unable to serve Freeman and Collins at that time.

1

4.     Since her initial attempts to serve Freeman and Collins with the Summons and Complaint, Ms. Frederick has continued to her efforts locate Freeman and Collins, but has been unable to locate them.

5.     Furthermore, Service Experts has failed and refused to answer Ms. Frederick's Summons and Complaint, and thus has deprived Ms. Frederick of the ability to obtain discovery from Service Experts regarding Freeman and Collins' last known addresses, which would likely provide Ms. Frederick with sufficient information to locate those defendants.

6.     Despite Service Experts' failure and refusal to appear in this case and to participate in discovery, Ms. Frederick has continued her efforts to locate defendants Freeman and Collins, and has diligently worked to discover their whereabouts.

7.     The Court has set a scheduling conference for January 21, 2014.

8.     Therefore, Ms. Frederick requests an extension of time to at least January 21, 2014 to serve Freeman and Collins with the Summons and Complaint. If at that time, Ms. Frederick has still been unable to serve Collins and Freeman, she will address with the Court at the scheduling conference potential alternative means of service upon those defendants.

Wherefore, Plaintiff, Brandi Frederick, requests an extension of time until January 21, 2014 to serve defendants Scott Freeman and Becky Collins with the Summons and Complaint in this action.

/s/ Spencer A. Kinderman
Spencer A. Kinderman (KIN045)
Joseph W. Carlisle (CAR170)

2

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
Grandview II
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
(205) 547-5540 (Main)
(205) 547-5621 (Facsimile)
E-mail: skinderman@GilpinGivhan.com
E-mail: jcarlisle@GilpinGivhan.com


/s/ Simeon F. Penton
Simeon F. Penton (PEN007)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
2660 Eastchase Lane
Montgomery, Alabama 36117
(334) 244-1111 (Main)
(334) 244-1969 (Fascimile)
E-mail: spenton@GilpinGivhan.com

3

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Alafile system on this the 28th day of October, 2013 and placed a copy of the same in the mail to the following party:

Service Experts Heating & Air Conditioning, LLC (Certified Mail)
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

/s/ Spencer A. Kinderman
Of Counsel

4



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  SPENCER ALAN KINDERMAN
     skinderman@gilpingivhan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/28/2013 9:01:49 AM

C001 FREDERICK BRANDI
MOTION FOR EXTENSION OF TIME
[Filer: KINDERMAN SPENCER ALAN]

Notice Date:      10/28/2013 9:01:49 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC (PRO S
C/O CSC LAWYERS
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/28/2013 9:01:49 AM

C001 FREDERICK BRANDI
MOTION FOR EXTENSION OF TIME
[Filer: KINDERMAN SPENCER ALAN]

Notice Date:     10/28/2013 9:01:49 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   FREEMAN SCOTT (PRO SE)
      20 EAGLEWOOD FARMS ROAD
      MAYLENE, AL 35114-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/28/2013 9:01:49 AM

C001 FREDERICK BRANDI
MOTION FOR EXTENSION OF TIME
[Filer: KINDERMAN SPENCER ALAN]

Notice Date:       10/28/2013 9:01:49 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  COLLINS BECKY (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/28/2013 9:01:49 AM

C001 FREDERICK BRANDI

MOTION FOR EXTENSION OF TIME

[Filer: KINDERMAN SPENCER ALAN]

Notice Date:        10/28/2013 9:01:49 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   CARLISLE JOSEPH WENDELL
      jcarlisle@gilpingivhan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/28/2013 9:01:49 AM

C001 FREDERICK BRANDI
MOTION FOR EXTENSION OF TIME
[Filer: KINDERMAN SPENCER ALAN]

Notice Date:      10/28/2013 9:01:49 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To: PENTON SIMEON FRANKLIN II
spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 10/28/2013 9:01:49 AM

C001 FREDERICK BRANDI
MOTION FOR EXTENSION OF TIME
[Filer: KINDERMAN SPENCER ALAN]

Notice Date:     10/28/2013 9:01:49 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  KINDERMAN SPENCER ALAN
     skinderman@gilpingivhan.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was SET FOR HEARING

C001 FREDERICK BRANDI

MOTION FOR EXTENSION OF TIME

[Filer: KINDERMAN SPENCER ALAN]

Hearing Date:     01/21/2014
Hearing Time:     10:00:00 AM
Location:         Judge Annetta Verin

Notice Date:      10/29/2013 5:55:59 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   CARLISLE JOSEPH WENDELL
      jcarlisle@gilpingivhan.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was SET FOR HEARING

C001 FREDERICK BRANDI

MOTION FOR EXTENSION OF TIME

[Filer: KINDERMAN SPENCER ALAN]

Hearing Date:      01/21/2014
Hearing Time:      10:00:00 AM
Location:          Judge Annetta Verin

Notice Date:       10/29/2013 5:55:59 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  PENTON SIMEON FRANKLIN II
     spenton@gilpingivhan.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was SET FOR HEARING

C001 FREDERICK BRANDI

MOTION FOR EXTENSION OF TIME

[Filer: KINDERMAN SPENCER ALAN]

Hearing Date:    01/21/2014
Hearing Time:    10:00:00 AM
Location:        Judge Annetta Verin

Notice Date:     10/29/2013 5:55:59 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC (PRO S
C/O CSC LAWYERS
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104-0000

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was SET FOR HEARING

C001 FREDERICK BRANDI

MOTION FOR EXTENSION OF TIME

[Filer: KINDERMAN SPENCER ALAN]

Hearing Date:      01/21/2014
Hearing Time:      10:00:00 AM
Location:          Judge Annetta Verin

Notice Date:       10/29/2013 5:55:59 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  FREEMAN SCOTT (PRO SE)
     20 EAGLEWOOD FARMS ROAD
     MAYLENE, AL 35114-0000

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was SET FOR HEARING

C001 FREDERICK BRANDI

MOTION FOR EXTENSION OF TIME

[Filer: KINDERMAN SPENCER ALAN]

Hearing Date:     01/21/2014
Hearing Time:     10:00:00 AM
Location:         Judge Annetta Verin

Notice Date:      10/29/2013 5:55:59 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To: COLLINS BECKY (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was SET FOR HEARING

C001 FREDERICK BRANDI
MOTION FOR EXTENSION OF TIME
[Filer: KINDERMAN SPENCER ALAN]

Hearing Date:    01/21/2014
Hearing Time:    10:00:00 AM
Location:        Judge Annetta Verin

Notice Date:     10/29/2013 5:55:59 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



ELECTRONICALLY FILED
9/26/2013 11:04 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **BRANDI FREDERICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) **CIVIL ACTION NO.** |
| | ) **68-CV-2013-900453** |
| **SERVICE EXPERTS HEATING &** | ) |
| **AIR CONDITIONING, LLC F/K/A** | ) |
| **STEEL CITY SERVICE EXPERTS,** | ) |
| **F/K/A STEEL CITY HEATING &** | ) |
| **AIR; SCOTT FREEMAN; BECKY** | ) |
| **COLLINS, Defendants.** | ) |

## ANSWER TO COMPLAINT

Defendants Service Experts, LLC formerly known as Steel City Heating & Air, improperly referred to in the Complaint as Service Experts Heating & Air Conditioning LLC ("Service Experts") and Scott Freeman (collectively referred to as "defendants") answer plaintiff's Complaint as follows:

## PARTIES

1.      Defendants admit that plaintiff is over the age of nineteen (19). Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 1 of the Complaint; therefore, they are denied.

2.      Defendant Service Experts admits the allegations contained in paragraph 2 of the Complaint.  Defendant Service Experts denies any wrongdoing in this case.

1

3.      Defendant Freeman admits the allegations contained in paragraph 3 of the Complaint.  Defendant Freeman denies any wrongdoing in this case.

4.      Defendants admit that a Becky Collins was a salesperson for defendant Service Experts in March 2007.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 4 of the Complaint; therefore they are denied.  Defendant Service Experts has no employee named Becky Collins working for it in the Birmingham area at this time.

5.      Paragraph 5 of the Complaint requires neither an admission nor a denial.  However, defendants deny committing any wrongdoing.

6.      Paragraph 6 of the Complaint requires neither an admission nor a denial.  However, defendants deny any wrongdoing.

7.      Defendants admit that plaintiff has sued Service Experts, Scott Freeman, and a Becky Collins.  Defendants further assert that this answer is only being filed on behalf of Service  Experts and Scott Freeman.

8.      Defendants admit that plaintiff contacted defendant Service Expert in or about March 2007 about the replacement of her HVAC unit.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of the Complaint; therefore, they are denied.

9.      Defendants admit that plaintiff bought a new Trane HVAC unit in or about March 2007 from defendant Service Experts.  Defendants further admit that

Service Experts sold extended warranties through Equiguard in or about March 2007. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the Complaint; therefore, they are denied.

10.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint; therefore, they are denied. Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

11.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint; therefore, they are denied. Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

12.    Defendants admit that plaintiff purchased a Trane HVAC unit from Service Experts in or about March 2007. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13.    Defendants admit that the HVAC unit plaintiff purchased was a Trane.

14.    Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.  Defendants further deny that plaintiff purchased a Trane warranty.

16.     Defendants admit that plaintiff purchased a new Trane HVAC from defendant Service Expert.  Defendants further admit that the Agreement speaks for itself.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 16 of the Complaint; therefore, they are denied.

17.     Defendants admit that the Agreement speaks for itself.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit that the total home comfort investment was $17,845.  Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit that plaintiff requested service on the Trane HVAC unit in June 2011.

20.     Defendants admit that plaintiff contacted another HVAC company to inspect the Trane unit defendant Service Experts sold plaintiff in or about March 2007.  Defendants are without sufficient information or belief to admit or deny the remaining allegations contained in paragraph 20 of the Complaint; therefore, they are denied.

21.    Defendants admits that they paid for the cost to fix the problem with plaintiff's HVAC unit in or about June 2011.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 21 of the Complaint; therefore, they are denied.

22.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint.  However, defendants admit that they paid for the cost to fix the problem with plaintiff's HVAC unit in or about June 2011.

23.    Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that there was no record reflecting that plaintiff had a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.    Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that there was no record reflecting that plaintiff had a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane

HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that there was no record reflecting that plaintiff had a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit that Equiguard filed for bankruptcy; however, defendants further admit that the warranties through Equiguard are still being honored.  Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

<u>**COUNT I – BREACH OF CONTRACT**</u>

27.     Defendants adopt and re-assert their answers to paragraph 1-26 of the Complaint.

28.     Defendants admit that defendant Service Experts sold plaintiff a Trane HVAC in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that defendant Service Experts sold plaintiff a Trane HVAC in or about March 2007.   Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.   Defendants further assert that defendant Freeman paid for a Trane extended warranty for plaintiff in September of 2011.

31.     Defendants admit that plaintiff financed the new Trane HVAC unit. Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint, and defendants specifically deny that plaintiff has suffered any damages whatsoever.

The remainder of Count One contains a prayer for relief, which requires neither admission nor denial.   To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.   Defendants further deny that plaintiff is entitled to any relief.

## <u>COUNT II- FRAUD</u>

34.     Defendants adopt and re-assert their answers to paragraphs 1-33 of the Complaint.

35.     Defendants admit that the Agreement speaks for itself.  Defendants deny the remaining allegations contained in paragraph 35 of the Complaint and further deny committing any fraudulent conduct.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants admit that defendant Service Experts received payments for the Trane HVAC unit that plaintiff purchased in or about March 2007. Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

The remainder of Count Two contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to

allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT III- SUPPRESSION

41.    Defendant adopt and re-assert their answers to paragraphs 1-40 of the Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of the Complaint and specifically deny that plaintiff suffered any damages whatsoever.

The remainder of Count Three contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT IV – PROMISSORY FRAUD

45.    Defendants adopt and re-assert their answers to paragraphs 1-44 of the Complaint.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint and specifically deny that plaintiff suffered any damages whatsoever.

The remainder of Count Four contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT V- DECEIT

49.     Defendants adopt and re-assert their answers to paragraphs 1-48 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint and specifically deny that plaintiff suffered any damages whatsoever.

The remainder of Count Five contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT VI – WILLFUL DECEIT

56.     Defendants adopt and re-assert their answers to paragraphs 1-55 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants admit that defendant Service  Experts received payments for the Trane HVAC unit plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph  63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint and further deny that plaintiff is entitled to any damages whatsoever.

65.     The remainder of Count Six contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

66.     Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

## ADDITIONAL DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, unclean hands, waiver, injury by fellow servant, assumption of the risk and/or contributory negligence.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that defendants have been unduly prejudiced by plaintiff's failure to diligently pursue her claims against them.

## FIFTH DEFENSE

The Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 and is barred.

## SIXTH DEFENSE

To the extent plaintiff failed to mitigate her damages, she is barred from recovering from defendants.

## SEVENTH DEFENSE

Plaintiff's punitive damage claims under Alabama law are subject to the limits and restrictions established by the Alabama Legislature, as set forth in, inter alia, Ala. Code §§ 6-11-20 to 6-11-30.

## EIGHTH DEFENSE

Defendants aver that any award of punitive damages to plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama and under the Constitution of the United States of America.

## NINTH DEFENSE

Plaintiff's claims for punitive damages fail because she cannot prove that defendants acted maliciously or with callous disregard for her rights.

## TENTH DEFENSE

Plaintiff's fraud claim is due to be dismissed because plaintiff did not state the averments of the alleged fraud or the circumstances constituting the alleged fraud with particularity.

## ELEVENTH DEFENSE

Plaintiff did not reasonably rely on any statements or actions of defendants.

## TWELFTH DEFENSE

Defendants deny that they been guilty of any kind of conduct that entitles plaintiff to recover punitive damages and further deny that plaintiff is entitled to punitive damages.

## THIRTEENTH DEFENSE

Defendants deny that they have consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to plaintiff or have been guilty of any conduct which entitles plaintiff to recover punitive damages.

## FOURTEENTH DEFENSE

Parole evidence may not be used to alter any written agreements or contracts.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which defendants are liable as a matter of law.

## SIXTEENTH DEFENSE

No action of defendants proximately caused any injury or damage allegedly suffered by plaintiff.

## SEVENTEENTH DEFENSE

Defendants denies that they breached any duty or obligation to plaintiff.

## EIGHTEENTH DEFENSE

Defendants deny that they breached any agreement with plaintiff.

## NINETEENTH DEFENSE

Defendants deny any and all negligent or wanton acts.

## TWENTIETH DEFENSE

Plaintiff's state law claims are subject to the requirements of proof and limitations placed on the award of damages under the Alabama Code.

## TWENTY-FIRST DEFENSE

Plaintiff cannot recover for damages for alleged mental anguish or emotional distress because plaintiff cannot allege or prove that she has sustained a physical injury as a result of either defendant's alleged conduct or that she was placed in immediate risk of physical harm by that conduct.

## TWENTY-SECOND DEFENSE

To the extent any unlawful conduct is found to have been committed by any agent of defendant Service Expert, it should not be held liable because the conduct was outside the line and scope of the agent's employment, and the agent did not act with express or implied authority, and defendant did not ratify or approve any unlawful conduct.

## TWENTY-THIRD DEFENSE

Defendants assert that plaintiff has not suffered any actual damages.

## TWENTY-FOURTH DEFENSE

Upon discovery of sufficient facts, defendants reserve the right to raise the defense of after acquired evidence.

## <u>RESERVATION OF RIGHTS</u>

Defendants hereby reserve the right to file such additional defenses as may become apparent during the course of discovery.

Wherefore, having fully answered the Complaint, defendant Service Expert and defendant Scott Freeman request that the Complaint be dismissed with prejudice; that judgment be entered for defendants; and that defendants be awarded attorney's fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully Submitted,


*/s/ J. Tobias Dykes*
J. Tobias Dykes (DYK002)
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLP
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:   (205) 323-7674

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2013, a copy of the foregoing has been electronically filed with the Clerk of the Court using the Alafile system which will send notification of such filing to the following:

> Spencer A. Kinderman
> Joseph W. Carlisle
> Gilpin Givhan, PC
> 3595 Grandview Parkway, Suite 400
> Birmingham, AL  35243
>
> Simeon F. Penton
> Gilpin Givhan, PC
> 2660 Eastchase Lane
> Montgomery, AL  36117

I hereby certify that on December 6, 2013, a copy of the foregoing has been furnished via postage prepaid U.S. Mail to the following:

> Becky Collins
> 92 Oxmoor Road
> Birmingham, AL  35209

/s/ J. Tobias Dykes
J. Tobias Dykes


ELECTRONICALLY FILED
4/26/2013 11:04 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **BRANDI FREDERICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) **CIVIL ACTION NO.** |
| | ) **68-CV-2013-900453** |
| **SERVICE EXPERTS HEATING &** | ) |
| **AIR CONDITIONING, LLC F/K/A** | ) |
| **STEEL CITY SERVICE EXPERTS,** | ) |
| **F/K/A STEEL CITY HEATING &** | ) |
| **AIR; SCOTT FREEMAN; BECKY** | ) |
| **COLLINS, Defendants.** | ) |

## ANSWER TO COMPLAINT

Defendants Service Experts, LLC formerly known as Steel City Heating & Air, improperly referred to in the Complaint as Service Experts Heating & Air Conditioning LLC ("Service Experts") and Scott Freeman (collectively referred to as "defendants") answer plaintiff's Complaint as follows:

## PARTIES

1.    Defendants admit that plaintiff is over the age of nineteen (19). Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 1 of the Complaint; therefore, they are denied.

2.    Defendant Service Experts admits the allegations contained in paragraph 2 of the Complaint.  Defendant Service Experts denies any wrongdoing in this case.

3.      Defendant Freeman admits the allegations contained in paragraph 3 of the Complaint.  Defendant Freeman denies any wrongdoing in this case.

4.      Defendants admit that a Becky Collins was a salesperson for defendant Service Experts in March 2007.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 4 of the Complaint; therefore they are denied.  Defendant Service Experts has no employee named Becky Collins working for it in the Birmingham area at this time.

5.      Paragraph 5 of the Complaint requires neither an admission nor a denial.  However, defendants deny committing any wrongdoing.

6.      Paragraph 6 of the Complaint requires neither an admission nor a denial.  However, defendants deny any wrongdoing.

7.      Defendants admit that plaintiff has sued Service Experts, Scott Freeman, and a Becky Collins.  Defendants further assert that this answer is only being filed on behalf of Service  Experts and Scott Freeman.

8.      Defendants admit that plaintiff contacted defendant Service Expert in or about March 2007 about the replacement of her HVAC unit.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of the Complaint; therefore, they are denied.

9.      Defendants admit that plaintiff bought a new Trane HVAC unit in or about March 2007 from defendant Service Experts.  Defendants further admit that

Service Experts sold extended warranties through Equiguard in or about March 2007. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the Complaint; therefore, they are denied.

10.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint; therefore, they are denied. Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

11.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint; therefore, they are denied. Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

12.    Defendants admit that plaintiff purchased a Trane HVAC unit from Service Experts in or about March 2007. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13.    Defendants admit that the HVAC unit plaintiff purchased was a Trane.

14.    Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.  Defendants further deny that plaintiff purchased a Trane warranty.

16.     Defendants admit that plaintiff purchased a new Trane HVAC from defendant Service Expert.  Defendants further admit that the Agreement speaks for itself. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 16 of the Complaint; therefore, they are denied.

17.     Defendants admit that the Agreement speaks for itself.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit that the total home comfort investment was $17,845.  Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit that plaintiff requested service on the Trane HVAC unit in June 2011.

20.     Defendants admit that plaintiff contacted another HVAC company to inspect the Trane unit defendant Service Experts sold plaintiff in or about March 2007.  Defendants are without sufficient information or belief to admit or deny the remaining allegations contained in paragraph 20 of the Complaint; therefore, they are denied.

4

21.     Defendants admits that they paid for the cost to fix the problem with plaintiff's HVAC unit in or about June 2011.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 21 of the Complaint; therefore, they are denied.

22.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint.  However, defendants admit that they paid for the cost to fix the problem with plaintiff's HVAC unit in or about June 2011.

23.     Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that there was no record reflecting that plaintiff had a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that there was no record reflecting that plaintiff had a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane

HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that there was no record reflecting that plaintiff had a Trane extended warranty.   Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit that Equiguard filed for bankruptcy; however, defendants further admit that the warranties through Equiguard are still being honored.  Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

## COUNT I – BREACH OF CONTRACT

27.     Defendants adopt and re-assert their answers to paragraph 1-26 of the Complaint.

28.     Defendants admit that defendant Service Experts sold plaintiff a Trane HVAC in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that defendant Service Experts sold plaintiff a Trane HVAC in or about March 2007.   Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.   Defendants further assert that defendant Freeman paid for a Trane extended warranty for plaintiff in September of 2011.

31.     Defendants admit that plaintiff financed the new Trane HVAC unit. Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint, and defendants specifically deny that plaintiff has suffered any damages whatsoever.

The remainder of Count One contains a prayer for relief, which requires neither admission nor denial.   To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.   Defendants further deny that plaintiff is entitled to any relief.

## COUNT II- FRAUD

34.     Defendants adopt and re-assert their answers to paragraphs 1-33 of the Complaint.

35.     Defendants admit that the Agreement speaks for itself.  Defendants deny the remaining allegations contained in paragraph 35 of the Complaint and further deny committing any fraudulent conduct.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants admit that defendant Service Experts received payments for the Trane HVAC unit that plaintiff purchased in or about March 2007. Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

The remainder of Count Two contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to

allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT III- SUPPRESSION

41.    Defendant adopt and re-assert their answers to paragraphs 1-40 of the Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of the Complaint and specifically deny that plaintiff suffered any damages whatsoever.

The remainder of Count Three contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT IV – PROMISSORY FRAUD

45.    Defendants adopt and re-assert their answers to paragraphs 1-44 of the Complaint.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint and specifically deny that plaintiff suffered any damages whatsoever.

The remainder of Count Four contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT V- DECEIT

49.     Defendants adopt and re-assert their answers to paragraphs 1-48 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint and specifically deny that plaintiff suffered any damages whatsoever.

The remainder of Count Five contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

## COUNT VI – WILLFUL DECEIT

56.     Defendants adopt and re-assert their answers to paragraphs 1-55 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants admit that defendant Service Experts received payments for the Trane HVAC unit plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint and further deny that plaintiff is entitled to any damages whatsoever.

65.     The remainder of Count Six contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

66.     Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

## **ADDITIONAL DEFENSES**

## **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, unclean hands, waiver, injury by fellow servant, assumption of the risk and/or contributory negligence.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that defendants have been unduly prejudiced by plaintiff's failure to diligently pursue her claims against them.

## FIFTH DEFENSE

The Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 and is barred.

## SIXTH DEFENSE

To the extent plaintiff failed to mitigate her damages, she is barred from recovering from defendants.

## SEVENTH DEFENSE

Plaintiff's punitive damage claims under Alabama law are subject to the limits and restrictions established by the Alabama Legislature, as set forth in, inter alia, Ala. Code §§ 6-11-20 to 6-11-30.

## EIGHTH DEFENSE

Defendants aver that any award of punitive damages to plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama and under the Constitution of the United States of America.

## NINTH DEFENSE

Plaintiff's claims for punitive damages fail because she cannot prove that defendants acted maliciously or with callous disregard for her rights.

## TENTH DEFENSE

Plaintiff's fraud claim is due to be dismissed because plaintiff did not state the averments of the alleged fraud or the circumstances constituting the alleged fraud with particularity.

## ELEVENTH DEFENSE

Plaintiff did not reasonably rely on any statements or actions of defendants.

## TWELFTH DEFENSE

Defendants deny that they been guilty of any kind of conduct that entitles plaintiff to recover punitive damages and further deny that plaintiff is entitled to punitive damages.

## THIRTEENTH DEFENSE

Defendants deny that they have consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to plaintiff or have been guilty of any conduct which entitles plaintiff to recover punitive damages.

## FOURTEENTH DEFENSE

Parole evidence may not be used to alter any written agreements or contracts.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which defendants are liable as a matter of law.

## SIXTEENTH DEFENSE

No action of defendants proximately caused any injury or damage allegedly suffered by plaintiff.

## SEVENTEENTH DEFENSE

Defendants denies that they breached any duty or obligation to plaintiff.

## EIGHTEENTH DEFENSE

Defendants deny that they breached any agreement with plaintiff.

## NINETEENTH DEFENSE

Defendants deny any and all negligent or wanton acts.

## TWENTIETH DEFENSE

Plaintiff's state law claims are subject to the requirements of proof and limitations placed on the award of damages under the Alabama Code.

## TWENTY-FIRST DEFENSE

Plaintiff cannot recover for damages for alleged mental anguish or emotional distress because plaintiff cannot allege or prove that she has sustained a physical injury as a result of either defendant's alleged conduct or that she was placed in immediate risk of physical harm by that conduct.

## TWENTY-SECOND DEFENSE

To the extent any unlawful conduct is found to have been committed by any agent of defendant Service  Expert, it should not be held liable because the conduct was outside the line and scope of the agent's employment, and the agent did not act with express or implied authority, and defendant did not ratify or approve any unlawful conduct.

## TWENTY-THIRD DEFENSE

Defendants assert that plaintiff has not suffered any actual damages.

## TWENTY-FOURTH DEFENSE

Upon discovery of sufficient facts, defendants reserve the right to raise the defense of after acquired evidence.

## <u>RESERVATION OF RIGHTS</u>

Defendants hereby reserve the right to file such additional defenses as may become apparent during the course of discovery.

Wherefore, having fully answered the Complaint, defendant Service Expert and defendant Scott Freeman request that the Complaint be dismissed with prejudice; that judgment be entered for defendants; and that defendants be awarded attorney's fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully Submitted,


*/s/ J. Tobias Dykes*
J. Tobias Dykes (DYK002)
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLP
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:   (205) 323-7674

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2013, a copy of the foregoing has been electronically filed with the Clerk of the Court using the Alafile system which will send notification of such filing to the following:

>
> Spencer A. Kinderman
> Joseph W. Carlisle
> Gilpin Givhan, PC
> 3595 Grandview Parkway, Suite 400
> Birmingham, AL  35243
>
> Simeon F. Penton
> Gilpin Givhan, PC
> 2660 Eastchase Lane
> Montgomery, AL  36117

I hereby certify that on December 6, 2013, a copy of the foregoing has been furnished via postage prepaid U.S. Mail to the following:

>
> Becky Collins
> 92 Oxmoor Road
> Birmingham, AL  35209

*/s/ J. Tobias Dykes*

J. Tobias Dykes



AlaFile E-Notice

68-CV-2013-900453.00

To:   JONATHAN TOBIAS DYKES
      tdykes@constangy.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 12/6/2013 11:04:01 AM

Notice Date:      12/6/2013 11:04:01 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To: SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC (PRO S
C/O CSC LAWYERS
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 12/6/2013 11:04:01 AM

Notice Date:        12/6/2013 11:04:01 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  FREEMAN SCOTT (PRO SE)
20 EAGLEWOOD FARMS ROAD
MAYLENE, AL 35114-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 12/6/2013 11:04:01 AM

Notice Date:        12/6/2013 11:04:01 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:   COLLINS BECKY (PRO SE)
      92 OXMOOR ROAD
      BIRMINGHAM, AL 35209-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 12/6/2013 11:04:01 AM

Notice Date:       12/6/2013 11:04:01 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  KINDERMAN SPENCER ALAN
     skinderman@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 12/6/2013 11:04:01 AM

Notice Date:      12/6/2013 11:04:01 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  CARLISLE JOSEPH WENDELL
     jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 12/6/2013 11:04:01 AM

Notice Date:     12/6/2013 11:04:01 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 12/6/2013 11:04:01 AM

Notice Date:      12/6/2013 11:04:01 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



KAREN DUNN BURKS
CIRCUIT CLERK
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

To: COLLINS BECKY (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000



FILED IN OFFICE

DEC 20 2010

CIRCUIT CLERK
BESSEMER DIVISION



KAREN DUNN BURKS
CIRCUIT CLERK
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

FILED IN OFFICE
DEC 20 2013
BESSEMER DIVISION
JEFFERSON CO.

To: FREEMAN SCOTT (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000



**KAREN DUNN BURKS**
CIRCUIT CLERK
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310



BIRMINGHAM AL 350

15 NOV 2013 PM 1 L

# FILED IN OFFICE

DEC 02 2013

CIRCUIT CLERK
**BESSEMER DIVISION**
JEFFERSON COUNTY, ALABAMA

*Addressee not at this address*

CV13-9-453

To: COLLINS BECKY (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000

NIXIE     352   7E I009      0011726713

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 35021131010     *1375-11444-15-39



ELECTRONICALLY FILED
1/21/2013 10:04 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| FREDERICK BRANDI, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2013-900453.00 |
| | ) |
| SERVICE EXPERTS HEATING & AIR | ) |
| CONDITIONING, LLC, | |
| FREEMAN SCOTT, | ) |
| COLLINS BECKY, | ) |
| Defendants. | ) |

## ORDER

The Plaintiff's Motion To Extend Time For Service is hereby granted.  Service will be addressed at the next Scheduling Conference of this case.

**DONE this 21st day of January, 2014.**

**/s/ ANNETTA H. VERIN**
**CIRCUIT JUDGE**



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To: KINDERMAN SPENCER ALAN
skinderman@gilpingivhan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:04:32 AM

Notice Date:      1/21/2014 10:04:32 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  CARLISLE JOSEPH WENDELL
jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:04:32 AM

Notice Date:      1/21/2014 10:04:32 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:04:32 AM

Notice Date:     1/21/2014 10:04:32 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  DYKES JONATHAN TOBIAS
tdykes@constangy.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:04:32 AM

Notice Date:     1/21/2014 10:04:32 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  COLLINS BECKY (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:04:32 AM

Notice Date:     1/21/2014 10:04:32 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



ELECTRONICALLY FILED
1/21/2013 10:08 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| FREDERICK BRANDI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:     CV-2013-900453.00 |
| | ) | |
| SERVICE EXPERTS HEATING & AIR | ) | |
| CONDITIONING, LLC, | | |
| FREEMAN SCOTT, | ) | |
| COLLINS BECKY, | ) | |
| Defendants. | ) | |

**ORDER**

In accordance with the Honorable Joe Carlisle and the Honorable Toby Dykes in Open Court this date, this matter is hereby reset for Status Conference 8:30 a.m. March 21, 2014.

**DONE this 21st day of January, 2014.**

**/s/ ANNETTA H. VERIN**
**CIRCUIT JUDGE**



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   KINDERMAN SPENCER ALAN
skinderman@gilpingivhan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:08:15 AM

Notice Date:      1/21/2014 10:08:15 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   CARLISLE JOSEPH WENDELL
      jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:08:15 AM

Notice Date:      1/21/2014 10:08:15 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:08:15 AM

Notice Date:      1/21/2014 10:08:15 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  DYKES JONATHAN TOBIAS
tdykes@constangy.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:08:15 AM

Notice Date:     1/21/2014 10:08:15 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  COLLINS BECKY (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:08:15 AM

Notice Date:     1/21/2014 10:08:15 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



ELECTRONICALLY FILED
2/25/2014 4:09 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | |
|---|---|
| BRANDI B. FREDERICK, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    **CIVIL ACTION NO.** |
| v. | ) |
| | )    **CV-2013-900453.00** |
| SERVICE EXPERTS HEATING & AIR | ) |
| CONDITIONING, LLC, ET AL., | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT'S NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

PLEASE TAKE NOTICE that Plaintiff Brandi B. Frederick served the following discovery documents on counsel of record via U.S. Mail, Postage Prepaid in the above civil action on February 25, 2014:

1.    First Requests for Production of Documents to Defendant Service Experts Heating & Air Conditioning, LLC; and

2.    First Interrogatories of Documents to Defendant Service Experts Heating & Air Conditioning, LLC.

/s/ Joseph W. Carlisle
_____
Spencer A. Kinderman (KIN045)
Joseph W. Carlisle (CAR170)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
Grandview II
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
(205) 547-5540 (Main)
(205) 547-5621 (Facsimile)
E-mail: skinderman@GilpinGivhan.com
E-mail: jcarlisle@GilpinGivhan.com

/s/ Simeon F. Penton
Simeon F. Penton (PEN007)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
2660 Eastchase Lane
Montgomery, Alabama 36117
(334) 244-1111 (Main)
(334) 244-1969 (Fascimile)
E-mail: spenton@GilpinGivhan.com

Attorneys for Plaintiff Brandi B. Frederick

2

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Alafile system on this the 25th day of February, 2014 and notice will be sent to the following counsel of record:

Richard E. Trewhella, Jr., Esq.
J. Tobias Dykes, Esq.
Constangy Brooks & Smith, LLP
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203

/s/ Joseph W. Carlisle
OF COUNSEL

3



AlaFile E-Notice

68-CV-2013-900453.00

To:  JOSEPH WENDALL CARLISLE
     jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 2/25/2014 4:09:32 PM

Notice Date:     2/25/2014 4:09:32 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  COLLINS BECKY (PRO SE)
     92 OXMOOR ROAD
     BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 2/25/2014 4:09:32 PM

Notice Date:     2/25/2014 4:09:32 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  KINDERMAN SPENCER ALAN
     skinderman@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 2/25/2014 4:09:32 PM

Notice Date:     2/25/2014 4:09:32 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 2/25/2014 4:09:32 PM

Notice Date:     2/25/2014 4:09:32 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:  DYKES JONATHAN TOBIAS
tdykes@constangy.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following discovery was FILED on 2/25/2014 4:09:32 PM

Notice Date:      2/25/2014 4:09:32 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   COLLINS BECKY (PRO SE)
      92 OXMOOR ROAD
      BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 1/21/2014 10:08:15 AM

Notice Date:      1/21/2014 10:08:15 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



ELECTRONICALLY FILED
1/21/2014 10:08 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION**

FREDERICK BRANDI,             )
Plaintiff,                   )
                            )
V.                         )  Case No.:    CV-2013-900453.00
                            )
SERVICE EXPERTS HEATING & AIR  )
CONDITIONING, LLC,
FREEMAN SCOTT,          )
COLLINS BECKY,           )
Defendants.             )

**ORDER**

In accordance with the Honorable Joe Carlisle and the Honorable Toby Dykes in Open Court this date, this matter is hereby reset for Status Conference 8:30 a.m. March 21, 2014.

**DONE this 21st day of January, 2014.**

                                **/s/ ANNETTA H. VERIN**
                                **CIRCUIT JUDGE**

ELECTRONICALLY FILED
1/21/2014 10:04 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| FREDERICK BRANDI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Case No.: | CV-2013-900453.00 |
| | ) | |
| SERVICE EXPERTS HEATING & AIR | ) | |
| CONDITIONING, LLC, | | |
| FREEMAN SCOTT, | ) | |
| COLLINS BECKY, | ) | |
| Defendants. | ) | |

**ORDER**

The Plaintiff's Motion To Extend Time For Service is hereby granted.  Service will be addressed at the next Scheduling Conference of this case.

**DONE this 21st day of January, 2014.**

/s/ ANNETTA H. VERIN
**CIRCUIT JUDGE**

KAREN DUNN BURKS
CIRCUIT CLERK
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

Return to Sender

addressee unknown
at this address.

NIXIE   352   SE   1   0009   0002/13/14

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 35021413010   *1139-10349-25-37*

35020897