FILED
2014 Aug-26  AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# Part Two

ELECTRONICALLY FILED
9/20/2014 4:53 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BESSEMER DIVISION

| | | |
|---|---|---|
| BRANDI FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | |
| SERVICE EXPERTS HEATING & AIR | ) | 68-CV-2013-900453.00 |
| CONDITIONING, LLC, F/K/A STEEL CITY | ) | |
| SERVICE EXPERTS, F/K/A STEEL CITY | ) | |
| HEATING & AIR; SCOTT FREEMAN; | ) | |
| BECKY COLLINS; EQUIGUARD, INC.; GE | ) | |
| CAPITAL, d/b/a GE MONEY BANK; Fictitious | ) | |
| Defendants "1" through "50," being the true and | ) | |
| correct names of the named defendants; | ) | |
| Fictitious Defendants "51 through "100," being | ) | |
| those individuals, partnerships, corporations | ) | |
| and/or other business entities responsible for the | ) | |
| acts alleged herein and whose true and correct | ) | |
| names and legal identities are otherwise | ) | |
| unknown at this time but will be added by | ) | |
| amendment when ascertained, | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF DEMANDS A TRIAL BY JURY**

---

## AMENDED COMPLAINT

---

Plaintiff Brandi B. Frederick ("Frederick) hereby amends her original complaint to add

additional claims on behalf of herself and classes of others that were also victims of Defendant

Service Experts' fraudulent sales practices, breaches of contract and racketeering. Frederick

hereby adds claims: (a) for herself and a nation-wide class of other victims of Defendant Service

Experts' violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") for

Service Experts' systematically committing acts of racketeering through fraudulent schemes and

business practices intended and designed to rip-off and defraud its customers, which Service

Experts did; (b) for a nation-wide class of other victims of Defendant Service Experts' breaching

1

its contracts to sell extended manufacturer's warranties to its customers who bought such warranties for heating and/or cooling ("HVAC") systems and products sold by Service Experts, which were warranties Service Experts claimed to sell, but in fact did not sell to its customers; and (c) for an Alabama state-wide class of other victims of Service Experts' fraudulent sales and billing practices, which defrauded its customers who bought (or were fraudulently told they were buying) extended manufacturer warranties that Service Experts knew it was in fact not selling to its customers who were deceived by Service Experts' fraud.

For convenience of the Court and all concerned, Frederick includes her original and newly-added claims into this one document, this Amended Complaint. Hence, she begins by reasserting the allegations and claims asserted in her original complaint, and the newly added claims are stated after that:

## PARTIES

1.      Brandi Frederick is over the age of nineteen, is a resident of Jefferson County, Alabama, and lives within the Bessemer Cut-off.

2.      Defendant Service Experts Heating & Air Conditioning, LLC, f/k/a Steel City Service Experts f/k/a Steel City Heating & Air ("Service Experts") is a foreign limited liability company, based in Richardson, Texas, and maintains an office in Birmingham, Alabama. Service Experts does business throughout the United States, including Alabama and Jefferson County, Alabama.

3.      Defendant Scott Freeman ("Freeman") is a resident of the State of Alabama, and at times pertinent to this lawsuit was the Manager of Operations and Service in Service Experts' Birmingham office.

4.      Defendant Becky Collins ("Collins") is a resident of the State of Alabama, and at times pertinent to this lawsuit a salesperson, representative, employee and agent of Service Experts' Birmingham office.

5.      Fictitious Defendants "1" through "50" are the true and correct names of the named defendants.

6.      Fictitious Defendants "51" through "100" are those individuals, partnerships, corporations and/or other business entities responsible for the acts alleged herein.

7.      Defendants Service Experts, Freeman, Collins and their Fictitious Defendant equivalents shall collectively be referred to as the "Service Experts Defendants."

## FACTS

8.      In March 2007, Frederick contacted Service Experts regarding the replacement of the HVAC unit at her and her husband's home, which also serves as their business office.

9.      On or about March 28, 2007, Collins, on behalf of Service Experts and as its agent and salesperson, met with Frederick and her husband at their home/home office. During that meeting, Collins, for and on behalf of Service Experts, sold Frederick a new Trane HVAC unit for her and her husband's home/business office as well as extended manufacturer warranties for that HVAC unit.

10.     As part of the sales process during that meeting, Collins provided Frederick with a brochure regarding the new Trane HVAC unit she was purchasing that contained information regarding Trane's standard warranties, which were mostly five years in duration except a twenty year limited warranty on the heat exchanger. The brochure also stated that optional extended Trane warranties were available and instructed potential purchasers to ask the independent Trane dealer (in this instance, Service Experts) about those warranties.

3

11.     Frederick and her husband asked Collins about the optional extended Trane warranties referenced in the Trane brochure.  Collins discussed those warranties with Frederick and her husband.

12.     In reliance on both written and oral representations Collins and Service Experts made to Frederick regarding the optional extended warranties referenced in the Trane brochure – that they were manufacturer warranties – Frederick decided to purchase Trane's extended manufacturer warranties for the new Trane HVAC unit she ordered.

13.     The manufacturer of that HVAC unit was Trane.

14.     During her visit to Plaintiff's home on March 28, 2007, Collins explicitly represented that the extended manufacturer warranties Frederick was purchasing were Trane warranties.

15.     Also, on March 28, 2007, during their meeting with Collins in their home, and before agreeing to purchase the HVAC unit and extended manufacturer warranties, Frederick and her husband asked Collins and Service Expert whether the extended manufacturer warranties they were selling Frederick in the transaction were Trane warranties, and Collins and Service Experts answered by representing the warranties in question were in fact Trane manufacturer warranties.

16.     The purchase of the new Trane HVAC unit and the Trane extended manufacturer warranties was memorialized on Service Experts' "Home Comfort Investment Agreement" (the "Agreement"), which was signed by both Frederick and Collins, the latter as an agent for and on behalf of Service Experts.

17.     The Agreement reflected component parts of the HVAC unit Plaintiff purchased, as well as "Manufacturer Warranties." Specifically, in the section labeled "Manufacturer

4

Warranties," the Agreement stated that "warranties below are provided if checked." The Air Conditioner Compressor warranty, the Furnace Parts warranty, the Labor warranty, and the Air Conditioner Parts warranty were "checked" and each reflected a 10 year warranty. Likewise, the Furnace Heat Exchanger warranty was also "checked," reflecting a lifetime warranty.

18.     The total purchase price for the new HVAC unit and associated parts, as well as the Trane extended manufacturer warranties was $17,845.

19.     Frederick entered into the Agreement whereby she agreed to pay for and did in fact pay for the Trane HVAC unit and Trane extended manufacturer warranties on that HVAC unit.

20.     Collins and Service Experts, however, did not obtain for Frederick the Trane extended manufacturer warranties that they purportedly sold to and agreed to provide Frederick.

21.     Frederick financed her purchase of the HVAC unit and Trane extended manufacturer warranties through Service Experts.

22.     Monthly, Service Experts sent to or caused a finance company, GE Capital *d/b/a* GE Money Bank, to send to Frederick via the mail, fraudulent statements and invoices for Frederick's installment payments for the HVAC system she purchased and the extended Trane manufacturer's warranties she had contracted to purchase and finance. This occurred repeatedly and far more than two times.

23.     Service Experts also sent or caused a finance company, GE Capital *d/b/a* GE Money Bank, to send via e-mail notices of online availability of the fraudulent statements and invoices for Frederick's installment payment for the HVAC system she purchased and the Trane extended manufacturer's warranties she had contracted to purchase and finance. This occurred repeatedly and far more than two times.

5

24.     Frederick sent payments via check in the mail or accessed Service Experts' online payment website at www.geonlineservice.com and made her payments online.

25.     The mailed and online statements and invoices were fraudulent because they were, in part, for Frederick's payment for Trane extended manufacturer warranties Service Experts claimed to sell but did not actually sell to Frederick.

26.     Service Experts received payments from Frederick for the extended Trane manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick.

27.     In June 2011, the Trane HVAC unit Collins and Service Experts sold to Frederick was not functioning properly.

28.     Frederick contacted another HVAC company to inspect and service the unit.  On June 24, 2011, a service technician arrived at Frederick's home/business office and inspected the Trane unit Collins and Service Experts had sold to Frederick.

29.     Following his inspection, the service technician identified the problem and stated that it should be covered under the Trane extended manufacturer warranties Frederick had purchased from Service Experts and that as an authorized Trane dealer, his company could fix the problem at no cost to Frederick under those Trane extended manufacturer warranties.

30.     That technician had his office staff check Trane's warranty database to confirm Frederick in fact had Trane extended manufacturer warranties, to permit him to fix the HVAC at no cost to Frederick pursuant to those warranties, but the service technician's office staff could not locate in Trane's database either Frederick's name or the serial number for the HVAC unit Collins and Service Experts sold to Frederick.

6

31.     On June 25, 2011, Frederick contacted Service Experts and ultimately spoke with Defendant Freeman.  Freeman informed Frederick that despite Collins' representations and the representations in the Agreement that Frederick was purchasing Trane's extended manufacturer warranties on the HVAC unit, Service Experts had not actually sold or provided Frederick any Trane extended manufacturer warranties.  Prior to this time, Frederick had no knowledge or any reason to suspect that the Defendants had not obtained and provided Frederick with the extended manufacturer warranties they had claimed they were selling and providing Frederick when they sold the HVAC unit and extended manufacturer warranties to Frederick.

32.     Instead, Defendant Freeman informed Frederick that, despite Collins representations and the representations on the Agreement that Frederick was purchasing Trane's extended manufacturer warranties on the HVAC unit, Service Experts had not provided Frederick with any Trane extended manufacture warranty but instead had provided Frederick only with insurance (which Freeman described as a "warranty") provided by a company called Equiguard, Inc. ("Equiguard").  Frederick had never heard of Equiguard, and it was not the manufacturer of the Trane HVAC unit Frederick bought from Service Experts.

33.     When Frederick voiced her concern about Collins' and Service Experts' misrepresentations regarding her purchase of Trane extended manufacturer warranties, Freeman stated that Service Experts had never provided its customers with extended manufacturer warranties and instead had always provided Equiguard "warranties."

34.     Equiguard filed for bankruptcy after Frederick purchased the HVAC unit and Trane extended manufacturer warranties.

## COUNT I – BREACH OF CONTRACT

35.    Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 34 above.

36.    Defendant Service Experts, by and through Defendant Collins, entered into the Agreement with Frederick whereby they sold a Trane HVAC unit and contracted to provide Trane extended manufacturer warranties on that HVAC unit to Frederick.

37.    Each time Frederick paid a monthly installment for the HVAC unit and Trane extended manufacturer warranties and did not actually receive those warranties, Service Experts breached the Agreement.

38.    Service Experts breached the Agreement by not providing Frederick Trane extended manufacturer warranties Frederick had purchased

39.    As a result of that breach, Frederick has been damaged.

40.    WHEREFORE, Plaintiff demands judgment against Defendant Service Experts for compensatory damages in an amount to be determined by the trier of fact, plus pre-judgment interest, costs and attorneys' fees, plus a declaratory judgment that Service Experts breached its contract with Frederick by not selling and providing her the Trane extended manufacture warranties Frederick had purchased.

## COUNT II - FRAUD

41.    Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 34 above.

42.    On or about March 28, 2007, Defendants Service Experts and Collins represented to Frederick verbally and in writing as matters of fact that she was purchasing and that they were selling her Trane extended manufacturer warranties on the Trane HVAC Frederick was buying.

8

Specifically, the written Agreement stated that Frederick was purchasing "Manufacturer Warranties" of ten years and/or lifetime.

43.     Said representations of fact were material and were false, and were made intentionally with knowledge they were false, recklessly without knowledge, or innocently and by mistake.

44.     Frederick reasonably relied on said false representations by agreeing to purchase and by purchasing and paying for the HVAC unit and Trane extended manufacturer warranties.

45.     As a proximate consequence of said misrepresentations, Frederick was injured.

46.     Making false statements about selling manufacturers warranties Service Experts and Collins were, in fact, not actually selling was part of Collins' job for and was encouraged by Service Experts.

47.     The fraud Service Experts perpetrated on Frederick was Service Experts' corporate fraudulent policy, practice and scheme designed to defraud and rip-off its customers for the purpose of increasing Service Experts' income and profit.

48.     WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages above the jurisdictional minimum of this Court, pre-judgment interest, costs and attorneys' fees.

## COUNT III - SUPPRESSION

49.     Frederick adopts by reference and incorporates herein the material allegations in paragraphs 1 through 34 and 42 through 47 above.

50.     By virtue of Defendants' affirmative misrepresentations and false statements, Defendants' failures to disclose other material facts, the truth and the whole truth, were misleading and constituted fraudulent suppression. In addition, by virtue of Defendants' superior

knowledge, and by virtue of other special circumstances in this case, Defendants had a duty to disclose material facts ( the truth and the whole truth) and their failure to disclose those material facts constituted fraudulent suppression. Among the material facts that Defendants had a duty to disclose, but did not disclose, was that Service Experts was not actually selling and providing, and Frederick was not actually receiving, any extended manufacturer warranty for the Trane HVAC unit she was sold by Service Experts and that Service Experts instead intended to purchase and did purchase insurance/so-called "warranties" from Equiguard instead of manufacturer warranties from Trane. Defendants also had a duty to disclose the true facts with respect to those matters that were misrepresented.

51.     Rather than disclosing said material facts, Defendants suppressed them. Said suppression was done intentionally, wantonly and/or recklessly.

52.     As a proximate consequence of said suppression, Frederick was injured.

53.     WHEREFORE, Frederick prays for judgment against Defendants, jointly and severally, for compensatory and punitive damages, above the jurisdictional minimum of this Court in amounts to be determined by the jury, pre-judgment interest, costs and attorneys' fees.

## COUNT IV – PROMISSORY FRAUD

54.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 34, 42 through 47, and 50 through 52 above.

55.     Defendants Service Experts and Collins promised verbally and in writing that they were selling and Frederick was buying Trane manufacturer extended warranties in the transaction in which Frederick purchased the HVAC unit and those warranties.

56.     But at the time Defendants Service Experts and Collins made said promise, they had no intention of fulfilling it.

10

57.     Such conduct constituted promissory fraud, which proximately injured Frederick.

58.     WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages above the jurisdictional minimum of this Court in amounts to be determined by the jury, pre-judgment interest, costs and attorneys' fees.

## COUNT V - DECEIT

59.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 34, 42 through 47, 50 through 52, and 55 through 57 above.

60.     On or about March 28, 2007, Defendants Service Experts and Collins verbally and in writing misrepresented to Frederick that she would receive Trane extended manufacturer warranties.     Specifically, the written Agreement stated that Frederick was purchasing "Manufacturer Warranties" of ten years and/or lifetime.

61.     The said misrepresentations were material and were made to induce Frederick to purchase and pay for the Trane Unit and the extended manufacture warranties.

62.     Defendants knew the misrepresentations were false, and/or fraudulently and/or recklessly represented those material facts as true, and made them with the intent to deceive Frederick.

63.     Frederick reasonably relied on said misrepresentations by agreeing to purchase and by purchasing and paying for the HVAC unit and the Trane extended manufacturer warranties.

64.     Service Experts received payments from Frederick for the extended manufacturer warranties; however, Defendants failed to obtain and provide those warranties to Frederick when she bought them.

65.     As a proximate consequence of said misrepresentations and deceit, Frederick was injured.

66.     WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court in amounts to be determined by the jury, pre-judgment interest, costs and attorneys' fees.

## COUNT VI- WILLFUL DECEIT

67.     Plaintiff adopts by reference and incorporates herein the allegations in paragraphs 1 through 34, 42 through 47, 50 through 52, 55 through 57 and 60 through 65 above.

68.     On or about March 28, 2007, Defendants Service Experts and Collins verbally and in writing willfully deceived Frederick that she would receive Trane extended manufacturer warranties with the intent to induce her to pay for the HVAC unit and the extended manufacturer warranties for the unit she was purchasing.

69.     Defendants Service Experts and Collins, however, did not believe it to be true that Frederick would in fact receive Trane extended manufacturer warranties and/or had no reasonable ground for believing it true that Frederick would in fact receive Trane extended manufacturer warranties.

70.     Defendants suppressed the fact that Frederick would not receive Trane extended manufacturer warranties despite their duty to disclose that fact and the truth to her.

71.     Instead, Defendants willfully gave Frederick information that mislead and deceived her that she was buying and would be provided Trane extended manufacturer warranties when she purchased and agreed to pay for such, even though Defendants would only obtain and provide to Frederick insurance/so-called "warranties" from Equiguard. Defendants

did not disclose that they would only obtain for and provide to Frederick insurance/so-called "warranties" from Equiguard rather than the Trane extended manufacturer warranties that she contracted to purchase and for which she agreed to pay and paid.

72.    Defendants promised to provide to Frederick Trane extended manufacture warranties without any intention of performing on and fulfilling said promise.

73.    Frederick reasonably relied on said misrepresentations by agreeing to purchase and pay for, and by purchasing and paying for, the Trane HVAC unit and Trane extended manufacturer warranties.

74.    Defendants received payments from Frederick for Trane extended manufacturer warranties; however, Defendants failed to provide those warranties to Frederick when she bought and agreed to pay for them.

75.    As a proximate consequence of said willful deceit, Frederick was injured.

76.    WHEREFORE, Frederick prays for judgment against Defendants Service Experts and Collins, separately and severally, for such compensatory and punitive damages, above the jurisdictional minimum of this Court in amounts to be determined by the jury, pre-judgment interest, costs and attorneys' fees.

## NEW CLAIMS ADDED BY THIS AMENDED COMPLAINT
## COUNT VIII: CLASS CLAIM FOR BREACH OF CONTRACT

77.    Frederick brings her breach of contract claim on behalf of herself and a class of customers who contracted with Service Experts to buy extended manufacturer warranties from Service Expert.

78.    The contract class consists of customers of Service Experts throughout the United States who/that contracted with Service Experts to buy extended manufacturer warranties from

13

Service Experts in connection with the customer's purchase of a HVAC, heating and/or cooling system from Service Experts.

79.     The prerequisites of Rule 23(a) are met here:

(a)     Members of the contract class are so numerous that joinder of all members is impracticable; Service Experts represents itself as the largest seller of HVAC units in the United States, from which Plaintiff infers the facts that Service Experts sells thousands of HVAC units annually, for which it also claimed and contracted to sell extended manufacturer warranties (including by using its form, copyrighted sales contract);

(b)     There are questions of law and fact common to the contract class. Service Experts used a "form" contract, a form Service Experts copyrighted, by which it agreed with members of the contract class to sell and provide extended manufacturer warranties to them, and Service Experts breached its copyrighted "form" contract by not actually selling or providing extended manufacturer warranties to members of the contract class;

        i.      Frederick's claim of breach of contract is typical of the breach of contract claims of members of the contract class; and

        ii.     Frederick will more than fairly and adequately protect the interest of members of the contract class. Frederick has deep feelings that Service Experts ripped-off Frederick and she desires to protect the interests of members of the contract class who were similarly ripped-off.

80.     Prerequisites of Rule 23(b) are met here:

14

(a)     the prosecution of separate actions by individual members of the contract class would create a risk of

    i.     inconsistent or varying adjudications with respect to class members which would establish incompatible standards of conduct for the party opposing the contract class – Service Experts if it opposes the class, or

    ii.     adjudications with respect to individual members of the contract class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, or

(b)     the party opposing the contract class – Service Experts, if it opposes the class – acted or refused and failed to act on grounds generally applicable to the class (Service Experts failed and refused to provide extended manufacturer warranties to contract class members who contracted to buy such warranties from Service Experts), thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

81.     Services Experts contracted with members of the contract class to sell and provide them with extended manufacturer warranties on HVAC, heating or cooling systems Service Experts sold to contract class members.

82.     Service Experts breached those contracts with members of the contract class by not providing them with extended manufacturer warranties the class members had contracted to buy.

83.     Said breaches by Service Experts proximately caused damages to members of the contract class, who at a minimum, paid for something (extended manufacturer warranties) they did not get.

84.     WHEREFORE, Frederick seeks a judgment against Service Experts and in favor of members of the contract class for:

(a)     a declaratory judgment that Service Experts breached its contracts with members of the contract class by not selling and providing them with the extended manufacturer warranties it purported to sell them;

(b)     a final injunction prohibiting Service Experts from not providing the extended manufacturer warranties members of the contract class contracted to purchase from Service Experts;

(c)     compensatory damages, plus pre-judgment interest,

(d)     and an award of attorneys' fees and expenses.

## COUNT IX: CLASS CLAIM FOR FRAUD[1]

85.     Frederick brings her claims of misrepresentation, fraud, fraudulent suppression, promissory fraud, deceit, and willful deceit on behalf of herself and a class of Alabama customers who contracted with Service Experts to buy extended manufacturer warranties from Service Experts and to whom Service Experts, in writing, represented it was selling extended manufacturer warranties (the "fraud class").

---

[1] In this class count for "Fraud," Frederick pursues on behalf of a class the claims she pursues on behalf of herself in Count II for Fraud, Count III for Suppression, Count IV for Promissory Fraud, Count V for Deceit, and Count VI for Willful Deceit. For the sakes of convenience and brevity, she has labeled this class count "for fraud," but points out this class count encompasses and includes class claims for all those torts.

86.     The fraud class consists of customers of Service Experts throughout Alabama with whom/which Service Experts, in writing, contracted to sell extended manufacturer warranties in connection with the customer's purchase of a HVAC, heating and/or cooling system from Service Experts.

87.     To the those customers, Service Experts made the same misrepresentation it made to Frederick (that it was selling and providing extended manufacturer warranties) and as to the extended manufacturer warranties those customers contracted to buy and agreed to pay for, Service Experts engaged in the same fraud, fraudulent suppression, promissory fraud and deceitful conduct that it committed against Frederick, and Service Experts did so in writing.

88.     One such writing was the form copyrighted contract Service Experts used with Frederick and other members of the fraud class to falsely represent that Service Experts was selling and providing to them extended manufacturer warranties that were not being sold.  A copy of that copyrighted contract is attached hereto as Exhibit A.

89.     Service Experts used this form copyrighted contract to misrepresent and commit fraud, fraudulent suppression, promissory fraud, deceit and willful deceit on the members of the fraud class just like Service Experts used it to commit those torts against Frederick.

90.     As to the fraud class, the prerequisites of a Rule 23(a) are met:

(a)     Members of the fraud class are so numerous that joinder of all members is impracticable; Service Experts represents itself as the largest seller of HVAC units in the United States, from which Plaintiff infers the facts that Service Experts sells thousands of HVAC units annually, for which it also claimed and contracted to sell extended manufacturer warranties (including by using its form copyrighted sales contract attached hereto as Exhibit A);

17

(b)     There are questions of law and fact common to the fraud class.  Service Experts used a "form" written contract – a form Service Experts copyrighted – to perpetrate its misrepresentation, fraud, suppression and deception by representing, in writing, to members of fraud class that Service Experts was selling extended manufacturer warranties to them, knowing full well Service Experts' written representations were false, and Service Experts made these false written representations with an intent to deceive and with the intent to not fulfill its contractual promises to the members of the fraud class, from whom/which Service Experts fraudulently suppressed the true facts that it was not selling or providing extended manufacturer warranties to members of the fraud class, contrary to its written representations it was doing so, but instead, it was providing Equiguard insurance/so-called "warranties," and the fraud class members relied on the contract they signed and such reliance was reasonable.

(c)     Frederick's claims of misrepresentation, fraud, fraudulent suppression, promissory fraud, deceit and willful deceit are typical of those claims of members of the fraud class because such claims are based on Service Expert's form, copyrighted contract; and

(d)     Frederick will more than fairly and adequately protect the interest of members of the fraud class.  Frederick has deep feelings that Service Experts ripped-off Frederick and she strongly desires to protect the interests of members of the fraud class who were similarly ripped-off.

91.     Prerequisites of Rule 23(b) are met here:

(a)     the prosecution of separate actions by individual members of the fraud class would create a risk of

    i.    inconsistent or varying adjudications with respect to class members which would establish incompatible standards of conduct for the party opposing the fraud class – Service Experts, if it opposes the class; or

    ii.    adjudications with respect to individual members of the fraud class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, or

(b)     the party opposing the fraud class – Service Experts, if it opposes the class – acted or refused and failed to act on grounds generally applicable to the class (Service Experts did not sell extended manufacturer warranties to fraud class members who contracted to buy them from Service Experts and misrepresented to the fraud class that it would sell the extended manufacturer warranties the fraud class members had purchased), thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

92.     Frederick hereby incorporates by reference all of her allegations regarding Service Experts' Fraud in ¶¶ 41-48, Suppression in ¶¶ 49-53, Promissory Fraud in ¶¶ 54-58, Deceit in ¶¶ 59-66, and Willful Deceit in ¶¶ 67-76.  Frederick reasserts those allegations about Service Experts' unlawful acts done to Frederick, as unlawful acts Service Experts also did to members of the fraud class.

93.     Service Experts engaged in these acts maliciously and with oppression and its unlawful conduct proximately caused damages to members of the fraud class.

19

94.    WHEREFORE, Frederick demands judgment against Service Experts and in favor of the fraud class for:

(a)    a declaratory judgment that by not providing the extended manufacturer warranties it purported, in writing, to sell to members of the fraud class (especially by not providing manufacturer's warranties at the time of sale per the written copyrighted contract in Exhibit A), Service Experts committed fraud, fraudulent suppression, promissory fraud, deceit and willful deceit against the members of the fraud class;

(b)    a final injunction prohibiting Service Experts from not providing the extended manufacturer warranties members of the fraud class contracted to purchase from Service Experts;

(c)    an award of compensatory damages in an amount to be determined by the jury, plus pre-judgment interest,

(d)    an award of punitive damages in an amount to be determined by the jury and substantial enough to punish Service Experts for its unlawful conduct and assure that Service Experts ceases and does not continue or repeat its unlawful fraudulent conduct toward its customers ever again; and

(e)    an award of attorneys' fees and expenses, plus costs.

## RACKETEERING ACTIVITY

95.    Equiguard, Inc. ("Equiguard") is a corporation that was doing business, at all times pertinent to this action, in the State of Alabama and in Jefferson County.

20

96.    General Electric Capital Corporation *d/b/a* GE Capital *f/k/a* GE Money Bank ("GE") is a corporation that was doing business, at all times pertinent to this action, in the State of Alabama and in Jefferson County.

97.    Plaintiff pleads RICO enterprises in the alternative or with the second, third and fourth "enterprise" pled (respectively in ¶¶ 98-101 below) in addition to the first "enterprise" pled (in ¶ 98) below.

## RICO ENTERPRISES

98.    Service Experts constituted an "enterprise," as that word is defined in RICO, 18 U.S.C. § 1961(4), the activities of which affected interstate commerce.

99.    Service Experts and Equiguard conducted an association-in-fact "enterprise," as that word is defined in RICO, 18 U.S.C. § 1961(4), the activities of which affected interstate commerce.

100.    Service Experts and GE conducted an association-in-fact "enterprise," as that word is defined in RICO, 18 U.S.C. § 1961(4), the activities of which affected interstate commerce.

101.    Service Experts, Equiguard and GE conducted an association-in-fact "enterprise," as that word is defined in RICO, 18 U.S.C. § 1961(4), the activities of which affected interstate commerce.

## ADDITIONAL RICO FACTS

102.    Service Experts, Equiguard and GE devised, managed, participated in, and conducted a fraudulent scheme whereby Service Experts contracted with Frederick, and members of the RICO class (described below) of Service Experts' customers throughout the United States, to sell HVAC extended manufacturer warranties, which is what Service Experts

21

falsely and fraudulently represented it was selling, but instead of purchasing from HVAC manufacturers and providing extended manufacturer warranties to its customers, Service Experts purchased cheaper Equiguard insurance/so-called "warranties."

103.    In conducting their fraudulent scheme, Service Experts, Equiguard and GE fraudulently failed to disclose to Frederick and members of the RICO class of Service Experts' customers they were not getting extended manufacturer warranties and the protection provided by such warranties Service Experts purported to sell to them, and for which Frederick and members of the RICO class of Service Experts' customers, but they were getting cheaper Equiguard insurance/so-called "warranties" instead.  Neither Service Experts, Equiguard or GE told Frederick and members of the RICO class of Service Experts' customers they were not getting extended manufacturer warranties, and instead were getting something different.

104.    GE financed Frederick's and other defrauded customers' purchase of HVAC systems from Service Experts and their purchase of extended manufacturer warranties that Service Experts purportedly sold but fraudulently did not.

105.    Service Experts offered its customers financing for the purchase of the HVAC units it sold and extended manufacturer warranties it purported to sell for which Frederick and the RICO class of Service Experts' customers who/that contracted and paid but were not sold.

106.    This financing was done by Service Expert's financing agent GE.

107.    Pursuant to its role as Service Expert's financial agency, GE financed Service Experts customers' purchase of HVAC units Service Experts sold and extended manufacturer warranties Service Experts purported to sell and GE administered billing Service Experts customers and collecting their financed/installments payments for same.

108.    Service Experts, Equiguard, GE and Freeman used the mail and wire to execute the enterprise's fraudulent scheme. Service Experts sent, or caused GE to send, or GE sent on behalf of Service Experts, by mail and wire, monthly invoices to every Service Experts' customer who/that financed their purchase of extended manufacturer warranties on HVAC systems the customer purchased from Service Experts, and each of those monthly invoices fraudulently billed the customer for extended manufacturer warranties that were not actually provided to the customers who were billed by invoice for them.

109.    Service Experts and Equiguard used the mail and wire to communicate with each other regarding Service Experts' purchase of the counterfeit "warranties"/insurance from Equiguard and claims made and processed under those "warranties."

110.    Service Experts by and through its financing agent, GE Money, received payments from Frederick and a class of Service Experts' customers via mail and/or wire (online via the internet).

111.    Service Experts, Equiguard and GE conducted this fraudulent scheme throughout the United States continuously over the course of at least 10 years. Defendants Freeman and Collins also participated in this fraudulent scheme and Freeman participated in the management of it.

112.    Service Experts, Equiguard and GE used the mail and wire to execute the enterprise's fraudulent scheme. Service Experts and GE sent, or Service Experts caused GE to send, or GE sent on behalf of Service Experts, by mail and wire, monthly invoices to Frederick and to members of the RICO class, and each of those monthly invoices fraudulently billed the customer for payments for extended manufacturer warranties that were not actually sold to the customers.

23

113.    The predicate acts of mail fraud and wire fraud included the invoices mailed and wired by Service Experts and GE, or that Service Experts caused GE to mail and wire, or that GE mailed and wired on Service Experts' behalf, fraudulently billing customers who financed their purchase of extended manufacturer warranties Service Experts purportedly sold but fraudulently had not sold, but for which its customers were fraudulently billed.

114.    In short, each such mailed invoice was a fraudulent representation by GE and Service Experts, and each such monthly invoice that was mailed was an act of mail fraud.

115.    Service Experts, Equiguard and GE used mail and wire to execute, and in furtherance of, the enterprise's fraudulent scheme.

## THE RICO CLASS

116.    Frederick brings her RICO claims on behalf (i) of herself and a nation-wide RICO class consisting of the members of the contract and the fraud classes, or (ii) in the alternative, of the members of the contract and the fraud classes who financed their purchase of an HVAC system with extended manufacturer warranties for the system **and** who were billed or sent invoices for payments of their financed purchase through the mail or by wire.

117.    As to the RICO class, the prerequisites of Rule 23(a) are met:

(a)     Members of the RICO class are so numerous that joinder of all members is impracticable; Service Experts represents itself as the largest seller of HVAC units in the United States, from which Plaintiff infers the facts that Service Experts sells thousands of HVAC units annually, for which it also claimed and contracted to sell extended manufacturer warranties (including by using its form copyrighted sales contract attached hereto as Exhibit A);

24

(b)     There are questions of law and fact common to the RICO class. Service Experts used a "form" written contract – a form Service Experts copyrighted – to perpetrate its misrepresentation, fraud and deception by representing, in writing, to members of RICO class that Service Experts was selling and providing extended manufacturer warranties to them, knowing full well Service Experts' written representations were false, and Service Experts made these false written representations with an intent to deceive and with the intent to not fulfill its contractual promises to the members of the RICO class, from whom/which Service Experts fraudulently suppressed the true facts that it was not selling or providing extended manufacturer warranties to members of the RICO class, contrary to its written representations it was doing so, but instead, it was providing Equiguard insurance/so-called "warranties."     Equiguard also participated in the fraudulent scheme of the enterprise in ways common to members of the RICO class as it agreed to provide its insurance in lieu of the actual extended manufacturer warranties the class members had purchased. GE also participated in the fraudulent scheme of the enterprise in ways common to members of the RICO class, in that it used the mail and wire to send members of the RICO class fraudulent invoices, as described herein. Service Experts, Equiguard and GE all used mail and wire to execute, and in furtherance of, the enterprise's fraudulent scheme.

(c)     Frederick's RICO claims are typical of those claims of members of the RICO class; and

25

(d)     Frederick will more than fairly and adequately protect the interest of members of

the RICO class. Frederick has deep feelings that Service Experts, Equiguard and

GE all engaged in the fraudulent scheme of their enterprise and thereby ripped-off

Frederick and members of the RICO class and she strongly desires to protect the

interests of members of the RICO class who were similarly ripped-off.

118.    Prerequisites of Rule 23(b) are met here:

(a)     the prosecution of separate actions by individual members of the RICO class

would create a risk of

     i.      inconsistent or varying adjudications with respect to class members which

would establish incompatible standards of conduct for the party opposing

the RICO class – Service Experts, Equiguard or GE, if any of them

opposes the class; or

     ii.     adjudications with respect to individual members of the RICO class which

would as a practical matter be dispositive of the interests of the other

members not parties to the adjudications or substantially impair or impede

their ability to protect their interests, or

(b)     the party opposing the contract class – Service Experts, Equiguard or GE, if any

of them if  opposes the class – acted or refused and failed to act on grounds

generally applicable to the RICO class: Service Experts fraudulently represented

it was selling, but did not sell, manufacturer warranties to RICO class members

who contracted to buy them from Service Experts; Equiguard participated in the

fraudulent scheme by supplying Service Experts with cheaper insurance or

"warranties" that were not manufacturer warranties, knowing that Service Experts

was using what Equiguard sold to Service Experts to try to cover Service Experts fraudulent sales practices regarding manufacturer warranties; GE financed Service Experts' fraudulent sales practices and sent fraudulent invoices by mail and wire to members of the RICO class as described above, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### 18 U.S.C. § 1341 – Mail Fraud

119.    Service Experts, Equiguard and GE devised a scheme to defraud Plaintiff and members of the RICO class, and to obtain money by means of false and fraudulent pretenses, representations and promises, and to sell and supply counterfeit articles, specifically Equiguard insurance/so-called "warranties," and used the United States mail to execute the fraudulent scheme.

120.    In connection with the sale of residential HVAC systems, Service Experts represented to Plaintiff and members of the RICO class that it was selling and the Plaintiff and members of the RICO class were contracting to pay for extended manufacturer warranties.  See Exhibit A attached hereto.

121.    In fact, Service Experts did not provide Plaintiffs and members of the RICO class with manufacturer warranties, but instead purchased cheaper insurance or so-called "warranties" from Equiguard, a company that does not manufacture HVAC Systems.

122.    Service Experts used the mail to send fraudulent invoices to Frederick and members of the RICO class of plaintiffs (described below) for the purchase of the counterfeit "warranties" instead of the manufacturer warranties Service Experts purported to sell Frederick and a class of Service Experts' customers.

123.    Service Experts and its financing agent, GE, used the mail to send fraudulent invoices to Frederick and members of the RICO class for the purchase of the counterfeit "warranties" instead of the manufacturer warranties Service Experts falsely purported to sell, but fraudulently did not sell, Frederick and members of the RICO class.

124.    Service Experts used the mail to fraudulently receive payments from Frederick and members of the RICO class for the purchase of the counterfeit warranties that were not manufacturer warranties.

125.    Service Experts and its financing agent, GE, used the mail to fraudulently receive payments from Frederick and members of the RICO class for the purchase of the counterfeit warranties and Service Experts' purported sale of extended manufacturer warranties that fraudulently were not sold.

126.    Service Experts and Equiguard used the mail to communicate with each other regarding Service Experts' purchase of the counterfeit "warranties"/insurance from Equiguard and claims made and processed under those "warranties."

127.    Service Experts, Equiguard, and GE conducted their fraudulent scheme, customer by customer, hundreds and possibly thousands of times nationwide over the course of more than 10 years.

## 18 U.S.C. § 1343 – Wire Fraud

128.    Service Experts and Equiguard devised a scheme to defraud Plaintiff and members of the RICO class, and to obtain money by means of false and fraudulent pretenses, representations, and promises, specifically promising to provide extended manufacturer warranties but instead providing Equiguard insurance/so-called "warranties," transmitted by means of wire, in interstate commerce, writings to execute its scheme.

129.   In connection with the sale of residential HVAC systems, Service Experts represented to Frederick and a class of Service Experts customers that it was selling and the Plaintiffs were contracting for extended "Manufacturer Warranties." See Exhibit A.

130.   In fact, Service Experts did not sell Frederick and the RICO class with extended "Manufacturer Warranties," but instead purchased warranties from Equiguard, a company that does not manufacturer HVAC Systems.

131.   Service Experts used the internet, telephone, and/or other wires to send fraudulent invoices to Frederick and members of the RICO class for the purchase of the counterfeit "warranties" instead of the manufacturer warranties Service Experts purported to sell Frederick and a class of Service Experts' customers.

132.   Service Experts and its financing agent, GE, used the internet, telephone, and/or other wires to fraudulent invoices to Frederick and members of the RICO class for the purchase of the counterfeit "warranties" instead of the manufacturer warranties Service Experts purported to sell Frederick and a class of Service Experts' customers.

133.   Service Experts used the internet, telephone, and/or other wires to receive payments from Frederick and a class of Service Experts' customers for the purchase of the counterfeit warranties.

134.   Service Experts and its financing agent, GE, used the internet, telephone, and/or other wires to receive payments from Frederick and a class of Service Experts' customers for the purchase of the counterfeit warranties.

135.   Service Experts used the internet, telephone, and/or other wires to send communications to Equiguard regarding the purchase of the counterfeit warranties and claims made under those warranties.

29

136.   Service Experts used the internet, telephone, and/or other wires to receive communications from Equiguard regarding the sale of the counterfeit warranties and claims processed under those warranties.

137.   Equiguard used the internet, telephone, and/or other wires to send communications to Service Experts regarding the purchase of the counterfeit warranties and claims made under those warranties.

138.   Equiguard used the internet, telephone, and/or other wires to receive communications from Service Experts regarding the sale of the counterfeit warranties and claims processed under those warranties.

139.   Service Experts used the internet, telephone, and/or other wires to send communications to GE regarding the purchase and financing of the counterfeit warranties and claims made under those warranties.

140.   Service Experts used the internet, telephone, and/or other wires to receive communications from GE regarding the sale and financing of the counterfeit warranties and claims processed under those warranties.

141.   Service Experts conducted this scheme hundreds and possibly thousands of times nationwide over the course of more than 10 years.

142.   Service Experts and Equiguard conducted this scheme hundreds and possibly thousands of times nationwide over the course of more than 10 years.

143.   Service Experts, Equiguard, and GE conducted this scheme hundreds and possibly thousands of times nationwide over the course of more than 10 years.

## RICO VIOLATIONS

### COUNT X: 18 U.S.C. § 1962(a)

144.    Frederick reasserts her allegations above.

145.    Service Experts received income derived, directly or indirectly, from a pattern of mail and wire fraud, described above and, participating as a principle, used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the establishment or operation of the enterprise, in violation of 18 U.S.C. § 1962(a).

146.    Equiguard received income derived, directly or indirectly, from a pattern of mail and wire fraud, described above and, participating as a principle, used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the establishment or operation of the enterprise, in violation of 18 U.S.C. § 1962(a).

147.    GE received income derived, directly or indirectly, from a pattern of mail and wire fraud, described above and, participating as a principle, used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the establishment or operation of the enterprise, in violation of 18 U.S.C. § 1962(a).

148.    Defendants' use and investment of the income derived from the pattern of mail and wire fraud described above in the operation of the enterprise proximately and directly caused Frederick and members of the RICO class damages to their business and/or property.

149.    WHEREFORE, on behalf of herself and members of the RICO class, Frederick demands judgment against Service Experts, Equiguard and GE, separately and severally, for:

(a)    Awards of compensatory damages in an amount to be determined by the jury, trebled by the Court as required by RICO, punitive damages in an amount to be determined by the jury, and attorneys' fees and expenses, plus costs,

31

(b)     a declaratory judgment that the conduct of said Defendants as described above, violated RICO, 18 U.S.C. § 1962(a), and

(c)     an order permanently enjoining said Defendants, and those acting in concert with them, from further violating RICO, 18 U.S.C. § 1962(a), as described above.

## COUNT XI: 18 U.S.C. § 1962(c)

150.    Frederick reasserts her allegations above.

151.    Service Experts conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of mail and wire fraud, described above, in violation of 18 U.S.C. § 1962(c).

152.    Equiguard conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of mail and wire fraud, described above, in violation of 18 U.S.C. § 1962(c).

153.    GE conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of mail and wire fraud, described above, in violation of 18 U.S.C. § 1962(c).

154.    Defendants' conduct of the enterprise through the pattern of mail and wire fraud described above proximately and directly caused Frederick and the RICO class damages to their business and/or property.

155.    WHEREFORE, on behalf of herself and members of the RICO class, Frederick demands judgment against Service Experts, Equiguard and GE, separately and severally, for:

(a)     Awards of compensatory damages in an amount to be determined by the jury, trebled by the Court as required by RICO, punitive damages in an amount to be determined by the jury, and attorneys' fees and expenses, plus costs,

32

(b)     a declaratory judgment that the conduct of said Defendants as described above, violated RICO, 18 U.S.C. § 1962(c), and

(c)     an order permanently enjoining said Defendants, and those acting in concert with them, from further violating RICO, 18 U.S.C. § 1962(c), as described above.

## COUNT XII: 18 U.S.C. § 1962(d)

156.    Frederick reasserts her allegations above.

157.    Service Experts conspired to violate 18 U.S.C. §§ 1962(a) and (c), through a pattern of mail and wire fraud described above, in violation of 18 U.S.C. § 1962(d).

158.    Equiguard conspired to violate 18 U.S.C. §§ 1962(a) and (c), through a pattern of mail and wire fraud described above, in violation of 18 U.S.C. § 1962(d).

159.    GE conspired to violate 18 U.S.C. §§ 1962(a) and (c), through a pattern of mail and wire fraud described above, in violation of 18 U.S.C. § 1962(d).

160.    Defendants' participation in the conspiracy to defraud Frederick and members of the RICO class through a pattern of mail and wire fraud described above, Defendants conspiracy to use and invest money obtained from the pattern of mail and wire fraud in the operation of the enterprise, and Defendants' conspiracy to operate the enterprise through a pattern of mail and wire fraud proximately and directly caused Frederick and the RICO class damages to their business and/or property.

161.    WHEREFORE, on behalf of herself and members of the RICO class, Frederick demands judgment against Service Experts, Equiguard and GE, separately and severally, for:

(a)     Awards of compensatory damages in an amount to be determined by the jury, trebled by the Court as required by RICO, punitive damages in an amount to be determined by the jury, and attorneys' fees and expenses, plus costs,

(b)     a declaratory judgment that the conduct of said Defendants as described above, violated RICO, 18 U.S.C. § 1962(d), and

(c)     an order permanently enjoining said Defendants, and those acting in concert with them, from further violating RICO, 18 U.S.C. § 1962(d), as described above.

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

/s/ Spencer A. Kinderman
Spencer A. Kinderman (KIN045)

/s/ Joseph W. Carlisle
Joseph W. Carlisle (CAR170)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
Grandview II
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
(205) 547-5540 (Main)
(205) 547-5621 (Facsimile)
E-mail: skinderman@GilpinGivhan.com
E-mail: jcarlisle@GilpinGivhan.com

/s/ Simeon F. Penton
Simeon F. Penton (PEN007)

**OF COUNSEL:**

**GILPIN GIVHAN, PC**
2660 Eastchase Lane
Montgomery, Alabama 36117
(334) 244-1111 (Main)
(334) 244-1969 (Fascimile)
E-mail: spenton@GilpinGivhan.com

Attorneys for Plaintiff Brandi B. Frederick

34

## SERVE NEW DEFENDANTS AT:

Equiguard, Inc.
c/o Registered Agent for Service:
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

General Electric Capital Corporation
c/o Registered Agent for Service:
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the Amended Complaint has been served via e-filing the same with the Court's electronic filing system on this 20th day of March, 2014, upon the following:

Richard E. Trewhella, Jr., Esq.
J. Tobias Dykes, Esq.
Constangy Brooks & Smith, LLP
One Federal Place, Suite 900
1819 Fifth Avenue North
Birmingham, Alabama 35203

/s/Spencer A. Kinderman
Of Counsel

ELECTRONICALLY FILED
9/20/2014 4:53 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# EXHIBIT A



92 Oxmoor Road
Birmingham, AL 35209
Phone: (205) 942-7953
www.SteelCityServiceExperts.com

*L # 4940*
*C # 63965*

**HOME COMFORT INVESTMENT AGREEMENT**          www.serviceexperts.com

Customer _Brandi Frederick_          Email _____

Address _5109 Three Kicks Ldn_   Address (job location) _____

City _Hoover_          State _AL_   Zip Code _35244_

Home Phone _739-0043_   Work Phone _____   Job Site Phone _____

Job Ticket # _111454_

Date _3/28/2007_

Install Date _3/31/2007_

## NEW SYSTEM

| | Standard | Deluxe | Premium | Supreme | Size | Efficiency |
|---|---|---|---|---|---|---|
| ☐ Air Conditioner | ☐ | ☐ | ☐ | ☐ | | |
| ☑ Furnace | ☐ | ☐ | ☐ | ☑ | _____ | _80% Variable speed_ |
| ☑ Heat Pump | ☐ | ☐ | ☐ | ☑ | _5ton_ | _19 (Trane)_ |
| ☐ Air Handler | ☐ | ☐ | ☐ | ☐ | | |
| ☑ Cooling Coil | ☐ | ☐ | ☐ | ☑ | _5 ton_ | |
| ☐ Boiler | ☐ | ☐ | ☐ | ☐ | | |

## INDOOR AIR QUALITY

☐ Ductwork Cleaning   ☐ Ductwork Sanitizing   ☐ Fresh Air Mixing System   ☐ Zone Comfort System   ☐ Humidifier _____   ☐ Smoke Detector

☐ U.V. Light   ☑ Thermostat _prog_   ☐ Flue Liner   ☐ Dehumidifier   ☐ HRV   ☐ ERV   ☐ CO Detector

☐ Filtration _____   ☐ Air Distribution   ☐ Charcoal Filter   ☐ Catalytic   ☐ Continuous Fan   ☐ Efficiency Enhancements

☑ Reconnect to Existing Ductwork   ☐ Ductwork Sealing   Changes/Additions _new ductwork_   _Trane Cleaneffects_

☐ Insulate Ductwork          _new unit +_

☐ Balance Air Flow

## SPECIAL CONCERNS

Was possible Asbestos observed?  ☐ YES   ☑ NO

Has the customer been informed of their responsibility to remove it?  ☐ YES   ☐ NO

Was possible Mold observed?  ☐ YES   ☑ NO

Has the customer been informed of the possible presence of mold?  ☐ YES   ☐ NO

*See "Special Concerns Terms" on the reverse side of this page.*

## CUSTOMER QUALITY ASSURANCE GUARANTEES

**Manufacturer Warranties** *(warranties below are provided if checked)*

☑ Air Conditioner Compressor _10_ years          ☑ Furnace Parts _10_ years          ☑ Labor _10_ years

☑ Air Conditioner Parts _10_ years          ☑ Furnace Heat Exchanger _lifetime_ years

**Comfort Guarantee:**

The cooling system will provide a _____ F indoor temperature on a _____ F summer day.

The heating system will provide a _____ F indoor temperature on a _____ F winter day.

## INVESTMENT AND TERMS

Paid By:  ☐ Cash   ☐ Check # _____   ☐ Credit Card   ☑ Financing
_GE_

☐ Visa   ☐ MC   ☐ Discover   ☐ Other _____

| | | | | | | | | | | | | | | Exp. Date _____
Card Number

Name on Credit Card _____   Auth. Code _____

Amount Charged to Card $_____   Cash $_____   Financing $_____

System Investment $_15,820.00_

Indoor Air Quality $_1,975.00_

Total Home Comfort Investment $_17,845.00_

Less Initial Investment $_0_

Balance Due Upon completion $_0_

Signature _Brandi B Frederick_   Date _March 28, 2007_
Customer

Signature _[signature]_          Signature _____          Date _____
Service Experts          Customer

*Customer BUYERS RIGHT TO CANCEL You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the notice of cancellation for an explanation of this right on the reverse side of this page.*

© 2003 Service Experts

## TERMS AND CONDITIONS OF SALE

**PAYMENT TERMS**: This is not a credit sale. The entire invoice is due upon completion of described work.

**COLLECTION COSTS**:Buyer agrees that it shall pay all expenses incurred by the Company for any delinquent accounts, including, but not limited to actual attorney's fees, filing fees and costs.Any and all disputes arising out of this sale shall be interpreted under the laws of the State in which the Company is incorporated thereof.

**WARRANTIES & LIMITATIONS ON WARRANTIES**:Company warrants that all work performed hereunder will be completed in a professional manner and said work shall be free from defects in workmanship for a period of twelve (12) months from the date said work was performed. Only the manufacturer's warranty is provided on any parts or materials provided in connection with the work Company's obligation for defective remedy, shall be limited to the replacement of any defective parts or workmanship and shall be conditioned upon Company receiving actual written notice of said defects within a warranty period(s) applicable. THE FOREGOING WARRANTIES ARE EXCLUSIVE AND IN LIEU OF ALL OTHER EXPRESS OR IMPLIED WARRANTIES INCLUDING,BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. COMPANY SHALL NOT BE SUBJECT TO AND DISCLAIMS ALL CONSEQUENTIAL, INCIDENTAL AND CONTINGENT DAMAGES WHATSOEVER.

Buyer agrees to properly maintain the equipment specified by this Investment Agreement in order to keep valid warranties as defined by the Investment Agreement.

**BUYER'S RIGHT TO CANCEL**:BUYER MAY CANCEL THIS INVESTMENT AGREEMENT BY MAILING A WRITTEN NOTICE TO THE COMPANY AT THE ADDRESS LISTED ON THE FRONT ON THIS INVESTMENT AGREEMENT AT ANY TIME PRIOR TO MIDNIGHT OF THE SECOND BUSINESS DAY AFTER THE DATE OF THE TRANSACTION. IF YOU WISH, YOU MAY USE THIS INVESTMENT CONTRACT AS THAT NOTICE BY WRITING "I HEREBY CANCEL" AND MAILING ACCORDING THE ABOVE INSTRUCTIONS.

**LIEN RIGHTS**:The Company hereby notifies Buyer that persons or companies furnishing labor or materials for the construction on Buyer's land may have lien rights on Buyer's land and buildings if not paid.

**SPECIAL CONCERNS**:This agreement is contingent upon removal of any asbestos. If an abatement contractor is used, the buyer chooses the contractor. If we encounter conditions such as but not limited to asbestos, we have the right to stop work until the dangerous condition is resolved.

**ENTIRE AGREEMENT**:This Investment Agreement sets forth the entire agreement between the parties with respect to the matters set forth in this Investment Agreement and supersedes all other agreements either written or oral concerning the subject of this Investment Agreement.



**AlaFile E-Notice**

68-CV-2013-900453.00

To:  SPENCER ALAN KINDERMAN
     skinderman@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following complaint was FILED on 3/20/2014 4:53:33 PM

Notice Date:      3/20/2014 4:53:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:   COLLINS BECKY (PRO SE)
      92 OXMOOR ROAD
      BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following complaint was FILED on 3/20/2014 4:53:33 PM

Notice Date:      3/20/2014 4:53:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To: EQUIGUARD, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following complaint was FILED on 3/20/2014 4:53:33 PM

Notice Date:        3/20/2014 4:53:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  CARLISLE JOSEPH WENDELL
     jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following complaint was FILED on 3/20/2014 4:53:33 PM

Notice Date:      3/20/2014 4:53:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To: PENTON SIMEON FRANKLIN II
spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following complaint was FILED on 3/20/2014 4:53:33 PM

Notice Date:     3/20/2014 4:53:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:  DYKES JONATHAN TOBIAS
     tdykes@constangy.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following complaint was FILED on 3/20/2014 4:53:33 PM

Notice Date:     3/20/2014 4:53:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2013-900453.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY

**BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET**

NOTICE TO    EQUIGUARD, INC., C/O CT CORPORATION SYSTEM 2 N JACKSON ST., STE. 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SPENCER ALAN KINDERMAN

WHOSE ADDRESS IS 3595 Grandview Parkway, Suite 400, BIRMINGHAM, AL 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    FREDERICK BRANDI

   pursuant to the Alabama Rules of the Civil Procedure

Date   3/20/2014 4:53:33 PM    /s/ KAREN DUNN BURKS

Clerk/Register

1851 2ND AVENUE NORTH

SUITE 130
BESSEMER, AL 35020

---

☑ Certified Mail is hereby requested    /s/ SPENCER ALAN KINDERMAN

Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____
                                                              (Date)

_____      _____      _____
Date                            Server's Signature                        Address of Server

_____      _____      _____
Type of Server                      Server's Printed Name

Phone Number of Server

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2013-900453.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY

**BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET**

NOTICE TO    GENERAL ELECTRIC CAPITAL CORPORATION, C/O CT CORPORATION SYSTEM 2 N JACKSON ST., STE 605, MONTGOMERY, AL 36104
_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SPENCER ALAN KINDERMAN
_____

WHOSE ADDRESS IS 3595 Grandview Parkway, Suite 400, BIRMINGHAM, AL 35242
_____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    FREDERICK BRANDI
pursuant to the Alabama Rules of the Civil Procedure

Date   3/20/2014 4:53:33 PM      /s/ KAREN DUNN BURKS

Clerk/Register

1851 2ND AVENUE NORTH

SUITE 130
BESSEMER, AL 35020

☑ Certified Mail is hereby requested      /s/ SPENCER ALAN KINDERMAN

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

(Date)

_____        _____        _____
Date                              Server's Signature                Address of Server

_____        _____        _____
Type of Server                    Server's Printed Name             

_____
Phone Number of Server



ELECTRONICALLY FILED
3/21/2014 8:39 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

FREDERICK BRANDI,                          )
Plaintiff,                                 )
                                           )
V.                                         )  Case No.:      CV-2013-900453.00
                                           )
SERVICE EXPERTS HEATING & AIR              )
CONDITIONING, LLC,
FREEMAN SCOTT,                             )
COLLINS BECKY,                             )
EQUIGUARD, INC. ET AL,                     )
Defendants.                                )


**ORDER**


In accordance with the Honorable Spencer Kinderman and the Honorable Toby Dykes, this matter is hereby reset for Status Conference  9:00 a.m. June 4, 2014.



**DONE this 21st day of March, 2014.**


                                   **/s/ ANNETTA H. VERIN**
                                   **CIRCUIT JUDGE**



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To: KINDERMAN SPENCER ALAN
skinderman@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:      3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  CARLISLE JOSEPH WENDELL
jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:      3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:      3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To: DYKES JONATHAN TOBIAS
tdykes@constangy.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:        3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   COLLINS BECKY (PRO SE)
      92 OXMOOR ROAD
      BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:     3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  EQUIGUARD, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:     3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  GENERAL ELECTRIC CAPITAL CORPORATION (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:     3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET

68-CV-2013-900453.00

To:  CLERK BESSEMER
     clerk.bessemer@alacourt.gov

TOTAL POSTAGE PAID: $16.90

Parties to be served by Certified Mail - Return Receipt Requested

EQUIGUARD, INC.                                                    Postage: $8.45
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL 36104

GENERAL ELECTRIC CAPITAL CORPORATION                              Postage: $8.45
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

| U.S. Postal Service™ | U.S. Postal Service™ |
|---|---|
| **CERTIFIED MAIL™ RECEIPT** | **CERTIFIED MAIL™ RECEIPT** |
| *(Domestic Mail Only; No Insurance Coverage Provided)* | *(Domestic Mail Only; No Insurance Coverage Provided)* |
| For delivery information visit our website at www.usps.com® | For delivery information visit our website at www.usps.com® |
| OFFICIAL USE | OFFICIAL USE |
| Postage $ | Postage $ |
| Certified Fee | Certified Fee |
| Return Receipt Fee (Endorsement Required) | Return Receipt Fee (Endorsement Required) |
| Restricted Delivery Fee (Endorsement Required) | Restricted Delivery Fee (Endorsement Required) |
| Total Postage & Fees $ 8.45 | Total Postage & Fees $ 8.45 |
| Sent To *General Electric Capital Corp.* | Sent To *Equigard, Inc % CT Corp Sys* |
| Street, Apt. No.; or PO Box No. *% CT Corp Sys Te* | Street, Apt. No.; or PO Box No. *2 N Jackson St Ste 605* |
| City, State, ZIP+4 *2N Jackson St. Mont, AL 36104* | City, State, ZIP+4 *Montgomery, AL 36104* |
| PS Form 3800, August 2006   See Reverse for Instructions | PS Form 3800, August 2006   See Reverse for Instructions |

7011 0470 0001 3699 5577

7011 0470 0001 3699 5546



**Wolters Kluwer** | **CT Corporation**
Corporate Legal Services

2 N Jackson Street
Suite 605
Montgomery, AL 36104

800 592 9023 tel
www.ctcorporation.com

FILED IN OFFICE
APR 02 2014
CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

March 27, 2014

Jefferson County Circuit Court Bessemer Division
1801 3rd Avenue North,
Bessemer, AL 35020

Re: Frederick Brandi, Pltf. vs. Service Experts Heating & Air Conditioning, LLC, et al. including Equiguard, Inc.,
Dfts.

Case No. 68CV201390045300

Dear Sir/Madam:

We are returning documents served/received for Equiguard, Inc..

According to our records our statutory representation services were discontinued and all process sent to the last known address on our records was returned as undeliverable.

Since we do not have any other addresses in our files to which we can forward the papers, we are returning them to you and filing resignation of agent in all states where permitted.

Please understand that we take no position as to the validity of the service. We are merely stating that after reasonable efforts, we do not have any address to which to forward the papers.

Very truly yours,


C T Corporation System

Log# 524659953

Sent By Regular Mail

cc: Jefferson County Circuit Court Bessemer Division
    1801 3rd Avenue North,
    Bessemer, AL 35020


**(Returned To)**

Jefferson County Circuit Court Bessemer Division
1801 3rd Avenue North,
Bessemer, AL 35020

KAREN DUNN BURKS
CIRCUIT CLERK
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

BIRMINGHAM
AL 350
25 MAR 14
PM 5 1

neopost
03/10/2014
US POSTAGE
$00.49⁰

ZIP 35020
041L11232483

361043821SS



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  EQUIGUARD, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was FILED on 3/21/2014 8:39:20 AM

Notice Date:     3/21/2014 8:39:20 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



ELECTRONICALLY FILED
3/21/2014 8:39 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BESSEMER DIVISION

FREDERICK BRANDI,                 )
Plaintiff,                      )
                            )

V.                          )  Case No.:    CV-2013-900453.00
                            )

SERVICE EXPERTS HEATING & AIR  )
CONDITIONING, LLC,
FREEMAN SCOTT,            )
COLLINS BECKY,             )
EQUIGUARD, INC. ET AL,      )
Defendants.               )

## ORDER

In accordance with the Honorable Spencer Kinderman and the Honorable Toby Dykes, this matter is hereby reset for Status Conference 9:00 a.m. June 4, 2014.

**DONE this 21st day of March, 2014.**

                       /s/ ANNETTA H. VERIN
                       CIRCUIT JUDGE



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   KINDERMAN SPENCER ALAN
      skinderman@gilpingivhan.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was served on 3/31/2014

D005 GENERAL ELECTRIC CAPITAL CORPORATION

CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To: CARLISLE JOSEPH WENDELL
jcarlisle@gilpingivhan.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was served on 3/31/2014

D005 GENERAL ELECTRIC CAPITAL CORPORATION

CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was served on 3/31/2014

D005 GENERAL ELECTRIC CAPITAL CORPORATION

CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



ELECTRONICALLY FILED
4/3/2014 11:06 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **BRANDI FREDERICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) **CIVIL ACTION NO.** |
| **SERVICE EXPERTS HEATING &** | ) **68-CV-2013-900453** |
| **AIR CONDITIONING, LLC F/K/A** | ) |
| **STEEL CITY SERVICE EXPERTS,** | ) |
| **F/K/A STEEL CITY HEATING &** | ) |
| **AIR; SCOTT FREEMAN; BECKY** | ) |
| **COLLINS, Defendants.** | ) |

## ANSWER TO AMENDED COMPLAINT[1]

Defendants Service Experts, LLC formerly known as Steel City Heating & Air, improperly referred to in the Complaint as Service Experts Heating & Air Conditioning LLC, ("Service Experts") and Scott Freeman (collectively referred to as "defendants") answer plaintiff's Amended Complaint as follows:

Plaintiff's Amended Complaint contains an introductory paragraph in which plaintiff identifies the additional claims that she is making. Defendants deny that there have been any RICO violations; defendants deny that any contracts have been breached; and defendants deny engaging in any fraudulent conduct. Defendants further deny that this case is proper for class certification. Defendants

---

[1] Defendants Service Experts and Scott Freeman file their Answer to this Amended Complaint but do not waive their rights to remove the case to federal Court.

also deny any allegations of wrongdoing contained in the introductory paragraphs of plaintiff's Amended Complaint.

Defendants further admit that plaintiff indicates that "she begins by reasserting the allegations and claims asserted in her original complaint, and the newly added claims are stated after that." Defendants deny that plaintiff has re-asserted her initial allegations and claims and then included her newly added claims. Plaintiff's Amended Complaint does end with her newly added claims, but the facts have been modified from the initial Complaint.

## PARTIES

1.      Defendants admit that plaintiff is over the age of nineteen (19). Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 1 of the Amended Complaint; therefore, they are denied.

2.      Defendant Service Experts admits the allegations contained in paragraph 2 of the Amended Complaint. Defendant Service Experts denies any wrongdoing in this case.

3.      Defendant Freeman admits that he is a resident of Alabama and that he was a Manager of Operations and Service in defendant Service Experts' Birmingham office. Defendants deny the remaining allegations contained in

paragraph 3 of the Amended Complaint.   Defendant Freeman denies any wrongdoing in this case.

4.      Defendants admit that a Becky Collins was a salesperson for defendant Service Experts in March 2007.   Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 4 of the Amended Complaint; therefore they are denied.  Defendant Service Experts has no employee named Becky Collins working for it in the Birmingham area at this time.

5.      Paragraph 5 of the Amended Complaint requires neither an admission nor a denial.  However, defendants deny committing any wrongdoing.

6.      Paragraph 6 of the Amended Complaint requires neither an admission nor a denial.  However, defendants deny any wrongdoing.

7.      Defendants admit that plaintiff sued Service Experts, Scott Freeman, and a Becky Collins in her initial Complaint.  Defendants further assert that this answer is only being filed on behalf of Service  Experts and Scott Freeman.

## **FACTS**

8.      Defendants admit that plaintiff contacted defendant Service Experts in or about March 2007 about the replacement of her HVAC unit.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of the Amended Complaint; therefore, they are denied.

9.      Defendants admit that plaintiff bought a new Trane HVAC unit in or about March 2007 from defendant Service Experts.  Defendants further admit that Service Experts sold extended warranties through Equiguard in or about March 2007.   Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the Amended Complaint; therefore, they are denied.

10.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of the Amended Complaint; therefore, they are denied.  Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

11.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of the Amended Complaint; therefore, they are denied.  Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

12.     Defendants admit that plaintiff purchased a Trane HVAC unit from Service Experts in or about March 2007.   Defendants deny the remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     Defendants admit that the HVAC unit plaintiff purchased was a Trane unit.

14.     Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Amended Complaint.  Defendants further deny that plaintiff purchased a Trane warranty.

16.     Defendants admit that plaintiff purchased a new Trane HVAC from defendant Service Experts.  Defendants further admit that the Home Comfort Investment Agreement speaks for itself. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 16 of the Amended Complaint; therefore, they are denied.

17.     Defendants admit that the Home Comfort Investment Agreement speaks for itself.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 17 of the Amended Complaint; therefore, they are denied.

18.     Defendants admit that the total home comfort investment was $17,845.  Defendants deny the remaining allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendants admit that plaintiff purchased a new Trane HVAC from defendant Service Experts.  Defendants deny the remaining allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendants admit that plaintiff did not purchase a Trane extended manufacturer warranty, and defendants admit that plaintiff did not receive a Trane extended manufacturer warranty in March of 2007.  Defendants further admit that defendant Service Experts paid for a Trane extended warranty for plaintiff in 2011. Defendants deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21.     Defendants admit that plaintiff financed the total home comfort investment in the amount of $17,845.  Defendants deny the remaining allegations contained in paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendants deny that defendant Service Experts has an online payment website.  Defendants further deny that plaintiff made any monthly payments to defendant Service Experts.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 24 of the Amended Complaint; therefore, they are denied.

25.    Defendants deny that plaintiff made any monthly payments to defendant Service Experts.  Defendants deny the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.    Defendants deny that plaintiff made any monthly payments to defendant Service Experts.  Defendants deny the remaining allegations contained in paragraphs 26 of the Amended Complaint.

27.    Defendants admit that plaintiff requested service on the Trane HVAC unit in June 2011.

28.    Defendants admit that plaintiff contacted another HVAC company to inspect the Trane unit defendant Service Experts sold her in or about March 2007. Defendants are without sufficient information or belief to admit or deny the remaining allegations contained in paragraph 28 of the Amended Complaint; therefore, they are denied.

29.    Defendants admit that they paid for the cost to fix the problem with plaintiff's HVAC unit in or about June 2011.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 29 of the Amended Complaint; therefore, they are denied.

30.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 30 of the Amended Complaint; therefore, they

are denied. However, defendants deny that plaintiff purchased a Trane extended manufacturer warranty.

31.  Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that he was unable to locate any record that plaintiff purchased a Trane extended warranty. Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007. Defendants deny the remaining allegations contained in paragraph 31 of the Amended Complaint.

32  Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that he was unable to locate any record that plaintiff purchased a Trane extended warranty. Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007. Defendants deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33.  Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties

through Equiguard in or about March 2007 and that he was unable to locate any record that plaintiff purchased a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.    Defendants admit that Equiguard filed for bankruptcy; however, defendants further admit that the warranties through Equiguard are still being honored.  Defendants deny the remaining allegations contained in paragraph 34 of the Amended Complaint.

## COUNT I – BREACH OF CONTRACT

35.    Defendants adopt and re-assert their answers to paragraph 1-34 of the Amended Complaint.

36.    Defendants admit that defendant Service Experts sold plaintiff a Trane HVAC unit in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38.    Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Amended Complaint, and defendants specifically deny that plaintiff has suffered any damages whatsoever.

40.     Paragraph 40 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## **COUNT II- FRAUD**

41.     Defendants adopt and re-assert their answers to paragraphs 1-33 of the Amended Complaint.

42.     Defendants admit that the Home Comfort Investment Agreement speaks for itself.   Defendants deny the remaining allegations contained in paragraph 42 of the Amended Complaint and further deny committing any fraudulent conduct.

43.     Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Amended Complaint and further deny that plaintiff suffered any damages whatsoever.

46.     Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Paragraph 48 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT III- SUPPRESSION

49.     Defendant adopt and re-assert their answers to paragraphs 1-34 and 42-47 of the Amended Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Amended Complaint and further deny that plaintiff is entitled to any damages.

53.     Paragraph 53 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT IV – PROMISSORY FRAUD

54.     Defendants adopt and re-assert their answers to paragraphs 1-34, 42-47, and 50-52 of the Amended Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Amended Complaint and specifically deny that plaintiff suffered any damages whatsoever.

58.     Paragraph 58 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT V- DECEIT

59.     Defendants adopt and re-assert their answers to paragraphs 1-34, 42-47, 50-52, and 55-57 of the Amended Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Amended Complaint and specifically deny that plaintiff suffered any damages whatsoever.

66.     Paragraph 66 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT VI – WILLFUL DECEIT

67.    Defendants adopt and re-assert their answers to paragraphs 1-34, 42-47, 50-52, 55-57, and 60-65 of the Amended Complaint.

68.    Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in paragraph 69 of the Amended Complaint and further deny selling plaintiff a Trane extended warranty.

70.    Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations contained in paragraph 71 of the Amended Complaint.

72.    Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations contained in paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations contained in paragraph 74 of the Amended Complaint

75.    Defendants deny the allegations contained in paragraph 75 of the Amended Complaint and further deny that plaintiff is entitled to any damages whatsoever.

14

76.     Paragraph 76 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## NEW CLAIMS ADDED BY THIS AMENDED COMPLAINT

## COUNT VIII: CLASS CLAIM FOR BREACH OF CONTRACT

77.     Paragraph 77 of the Amended Complaint requires neither an admission nor a denial.  However, defendants deny that plaintiff's claims are suitable for class treatment; deny that any contract with plaintiff was breached; and deny that defendant Service Experts sold plaintiff a Trane warranty in March of 2007.

78.     Defendants admit that plaintiff makes class allegations in paragraph 78 of the Amended Complaint; however, defendants deny that plaintiff's claims are suitable for class treatment.  Defendants further assert that plaintiff is not similarly situated to any potential class members.

79.     Defendants deny that the prerequisites for Rule 23(a) are met. Defendants deny that any contracts have been breached, so defendants deny that there are any members of a contract class.  Defendants deny that there are any common questions of law and fact.  Defendants also deny that plaintiff's claims are typical to the claims of any other class members.  Plaintiff has no actual damages,

and defendant Service Experts in fact purchased a Trane extended warranty for plaintiff in 2011.  Therefore, plaintiff is not similarly situated to any potential class members.

80.    Defendants deny that the prerequisites for Rule 23(b) have been met.

81.    Defendants admit that Service Experts contracts with customers to sell HVAC units and heating and cooling systems.  Defendants further admit that Service Experts also contracts with customers to sell and provide extended warranties on the HVAC units and heating and cooling systems.  In or about March 2007, Service Experts sold extended warranties through Equiguard.  Defendants deny the remaining allegations contained in paragraph 81 of the Amended Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

83.    Defendants deny the allegations contained in paragraph 83 of the Amended Complaint and further deny that plaintiff or any putative class members have suffered any damages.

84.    Paragraph 84 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.

Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## COUNT IX: CLASS CLAIM FOR FRAUD[2]

85.    Defendants deny the allegations contained in paragraph 85 of the Amended Complaint and specifically deny the allegations made in plaintiff's claims of misrepresentation, fraud, fraudulent suppression, promissory fraud, deceit, and willful deceit.  Defendants also assert that plaintiff's fraud claims are not proper for class treatment.

86.    Defendants deny that there is a fraud class and specifically deny the allegations in paragraph 86 of the Amended Complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the Amended Complaint.

88.    Defendants admit that the Home Comfort Investment Agreement speaks for itself.  Defendants deny the remaining allegations contained in paragraph 88 of the Amended Complaint and specifically deny engaging in any fraudulent conduct.

89.    Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

---

[2] Defendants deny any allegations of wrongdoing in footnote 1 to plaintiff's Amended Complaint.  Defendants further deny engaging in any fraudulent conduct.  Defendants also assert that fraud claims are not proper for class treatment.

90.     Defendants deny that the prerequisites of a Rule 23(a) class action are met.  Defendants deny that there are any customers who have been subject to any type of fraud.  Defendants deny that there are common questions of law and fact, and defendants specifically assert that fraud claims are not proper for class treatment in Alabama.  Defendants deny that plaintiff's claims are typical because defendant Service Experts paid for her repairs and purchased a Trane extended warranty for her in 2011.  Defendants deny that plaintiff will fairly and adequately protect the interests of the members of an alleged class.

91.     Defendants deny that the prerequisites for Rule 23(b) have been met. Defendants deny the remaining allegations contained in paragraph 91 of the Amended Complaint and specifically deny engaging in any fraudulent conduct.

92.     Defendants adopt and re-assert their answers to plaintiff's allegations in paragraphs 21-48, 49-53, 54-58, 59-66, and 67-76 of the Amended Complaint. Defendants further adopt and re-assert their denials to plaintiff's allegations of fraud and any allegations of unlawful or wrongful conduct contained in paragraphs 1-91 of the Amended Complaint.   Finally, defendants deny engaging in any fraudulent conduct.

93.     Defendants deny the allegations contained in paragraph 93 of the Amended Complaint and further deny that plaintiff or any member of the alleged fraud class suffered any damages whatsoever.

94.     Paragraph 94 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## RACKETEERING ACTIVITY

95.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 95 of the Amended Complaint.

96.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 96 of the Amended Complaint.

97.     Defendants deny that there have been any RICO violations and further deny that there are any RICO enterprises that have engaged in any RICO violations.

## RICO ENTERPRISES

98.     Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 98 of the Amended Complaint.

99.     Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further

deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 99 of the Amended Complaint.

100.   Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 100 of the Amended Complaint.

101.   Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 101 of the Amended Complaint.

## ADDITIONAL RICO FACTS

102.   Defendants deny the allegations contained in paragraph 102 of the Amended Complaint.

103.   Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

104.   Defendants admit that defendant GE was its licensed consumer finance company.   Defendants deny the remaining allegations contained in paragraph 104 of the Amended Complaint.

105.   Defendants admit that defendant GE was its licensed consumer finance company.   Defendants deny the remaining allegations contained in paragraph 105 of the Amended Complaint.

106.   Defendants admit that defendant Service Experts uses defendant GE as its licensed consumer finance company.  Defendants deny any allegations of wrongdoing contained in paragraph 106 of the Amended Complaint.

107.   Defendants admit that defendant Service Experts uses defendant GE as its financing agent.  Defendants deny the remaining allegations contained in paragraph 107 of the Amended Complaint.

108.   Defendants deny the allegations contained in paragraph 108 of the Amended Complaint.

109.   Defendants deny the allegations contained in paragraph 109 of the Amended Complaint.

110.   Defendants admit that defendant GE was its licensed consumer finance company.   Defendants deny the remaining allegations contained in paragraph 110 of the Amended Complaint.

111.   Defendants deny the allegations contained in paragraph 11 of the Amended Complaint.

112.   Defendants deny the allegations contained in paragraph 112 of the Amended Complaint.

113.   Defendants deny the allegations contained in paragraphs 113 of the Amended Complaint.

114.   Defendants deny the allegations contained in paragraph 114 of the Amended Complaint.

115.   Defendants deny the allegations contained in paragraph 115 of the Amended Complaint.

## THE RICO CLASS

116.   Defendants admit that plaintiff makes allegations of RICO violations and asserts class claims.   Defendants deny that there have been any RICO violations.   Defendants further deny that plaintiff's claims are suitable for a class action.

117.   Defendants deny that the prerequisites of Rule 23(a) are met for plaintiff's RICO class.   Defendants deny that there are any members of the alleged RICO class.   Defendants deny that there are common questions or law or fact to the alleged RICO class.   Defendants deny that plaintiff's claims are typical to any claims that members of the alleged RICO class might have.   Finally, defendants deny that plaintiff will fairly or adequately protect the interests of members of the alleged RICO class.   Defendants specifically deny any allegations contained in paragraph 117 of the Amended Complaint that have not been admitted.

118.   Defendants deny that the prerequisites of Rule 23(b) are met for plaintiff's RICO class.   Defendants deny the remaining allegations contained in paragraph 118 of plaintiff's Amended Complaint.

## 18 U.S.C. § 1341 – Mail Fraud

119.   Defendants deny the allegations contained in paragraph 119.

120.   Defendants admit that the Home Comfort Investment Agreement speaks for itself.   Defendants further admit that defendant Service Experts provided plaintiff, and other customers, the option of purchasing an extended warranty with Equiguard.   Defendants deny the remaining allegations contained in paragraph 120 of the Amended Complaint.

121.   Defendants admits that defendant Service Experts sold plaintiff, and provided other customers with the option of purchasing, extended warranties with Equiguard.   Defendants deny the remaining allegations contained in paragraph 121 of the Amended Complaint.

122.   Defendants deny the allegations contained in paragraph 122 of the Amended Complaint.

123.   Defendants deny the allegations contained in paragraph 123 of the Amended Complaint.

124.   Defendants deny the allegations contained in paragraph 124 of the Amended Complaint.

125.   Defendants deny the allegations contained in paragraph 125 of the Amended Complaint.

126.   Defendants deny the allegations contained in paragraph 126 of the Amended Complaint.

127.   Defendants deny the allegations contained in paragraph 127 of the Amended Complaint.

## 18 U.S.C. § 1343 – Wire Fraud

128.   Defendants deny the allegations contained in paragraph 128 of the Amended Complaint.

129.   Defendants admit that defendant Service Experts offered and sold plaintiff an extended warranty through Equiguard.  Defendants admit that the Home Comfort Investment Agreement speaks for itself.  Defendants further admit that defendant Service offered other customers the opportunity to purchase an extended warranty through Equiguard.  Defendants deny the remaining allegations contained in paragraph 129 of the Amended Complaint.

130.   Defendants admit that defendant Service Experts offered and sold plaintiff an extended warranty through Equiguard.  Defendants further admit that defendant Service offered other customers the opportunity to purchase an extended warranty through Equiguard.  Defendants deny the remaining allegations contained in paragraph 130 of the Amended Complaint.

131.  Defendants deny the allegations contained in paragraph 131 of the Amended Complaint.

132.  Defendants deny the allegations contained in paragraph 132 of the Amended Complaint.

133.  Defendants deny the allegations contained in paragraph 133 of the Amended Complaint.

134.  Defendants deny the allegations contained in paragraph 134 of the Amended Complaint.

135.  Defendants deny the allegations contained in paragraph 135 of the Amended Complaint.

136.  Defendants deny the allegations contained in paragraph 136 of the Amended Complaint.

137.  Defendants deny the allegations contained in paragraph 137 of the Amended Complaint.

138.  Defendants deny the allegations contained in paragraph 138 of the Amended Complaint.

139.  Defendants deny the allegations contained in paragraph 139 of the Amended Complaint.

140.  Defendants deny the allegations contained in paragraph 140 of the Amended Complaint.

141.   Defendants deny the allegations contained in paragraph 141 of the Amended Complaint.

142.   Defendants deny the allegations contained in paragraph 142 of the Amended Complaint.

143.   Defendants deny the allegations contained in paragraph 143 of the Amended Complaint.

## RICO VIOLATIONS

## COUNT X – 18 U.S.C. § 1962(a)

144.   Defendants adopt and re-assert their answers to paragraphs 1-143 of the Amended Complaint.

145.   Defendants deny the allegations contained in paragraph 145 of the Amended Complaint.

146.   Defendants deny the allegations contained in paragraph 146 of the Amended Complaint.

147.   Defendants deny the allegations contained in paragraph 147 of the Amended Complaint.

148.   Defendants deny the allegations contained in paragraph 148 of the Amended Complaint and further deny that plaintiff or any member of the alleged class suffered any damages whatsoever.

149.   Paragraph 149 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## COUNT XI – 18 U.S.C. § 1962(c)

150.   Defendants adopt and re-assert their answers to paragraphs 1-149 of the Amended Complaint.

151.   Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

152.   Defendants deny the allegations contained in paragraph 152 of the Amended Complaint.

153.   Defendants deny the allegations contained in paragraph 153 of the Amended Complaint.

154.   Defendants deny the allegations contained in paragraph 154 of the Amended Complaint and further deny that plaintiff or any member of the alleged class suffered any damages whatsoever.

155.   Paragraph 155 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.

Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## COUNT XII: 18 U.S.C. § 1962(d)

156.   Defendants adopt and re-assert their answers to paragraphs 1-155 of the Amended Complaint.

157.   Defendants deny the allegations contained in paragraph 157 of the Amended Complaint.

158.   Defendants deny the allegations contained in paragraph 158 of the Amended Complaint.

159.   Defendants deny the allegations contained in paragraph 159 of the Amended Complaint.

160.   Defendants deny the allegations contained in paragraph 160 of the Amended Complaint and further deny that plaintiff or any member of the alleged class have suffered any damages whatsoever.

161.   Paragraph 161 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

162.   Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims and the claims of the members of the putative class are barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims and the claims of the members of the putative class members are barred by the doctrines of estoppel, laches, unclean hands, and waiver.

### FOURTH DEFENSE

Plaintiff's claims and the claims of the members of the putative class are barred to the extent that defendants have been unduly prejudiced by their failure to diligently pursue their claims against them.

### FIFTH DEFENSE

The Amended Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 and is barred.

## SIXTH DEFENSE

To the extent plaintiff or members of the putative class failed to mitigate their damages, they are barred from recovering from defendants.

## SEVENTH DEFENSE

Plaintiff's punitive damage claims under Alabama law are subject to the limits and restrictions established by the Alabama Legislature, as set forth in, inter alia, Ala. Code §§ 6-11-20 to 6-11-30.

## EIGHTH DEFENSE

Defendants aver that any award of punitive damages to plaintiff or the members of the putative class in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama and under the Constitution of the United States of America.

## NINTH DEFENSE

Plaintiff's claims for punitive damages fail because she cannot prove that defendants acted maliciously or with callous disregard for her rights.

## TENTH DEFENSE

Plaintiff's fraud claim is due to be dismissed because plaintiff did not state the averments of the alleged fraud or the circumstances constituting the alleged fraud with particularity.

## ELEVENTH DEFENSE

Neither Plaintiff nor the members of the putative class reasonably relied on any statements or actions of defendants.

## TWELFTH DEFENSE

Defendants deny that they been guilty of any kind of conduct that entitles plaintiff or any members of the putative class to recover punitive damages and further deny that plaintiff or any member of the putative class is entitled to punitive damages.

## THIRTEENTH DEFENSE

Defendants deny that they have consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to plaintiff or any member of the putative class or have been guilty of any conduct which entitles plaintiff or any member of the putative class to recover punitive damages.

## FOURTEENTH DEFENSE

Parole evidence may not be used to alter any written agreements or contracts.

## FIFTEENTH DEFENSE

Neither plaintiff nor any member of the putative class are entitled to compensatory damages because any emotional distress or mental anguish they

allegedly suffered was caused by occurrences other than conduct for which defendants are liable as a matter of law.

## SIXTEENTH DEFENSE

No action of defendants proximately caused any injury or damage allegedly suffered by plaintiff or any member of the putative class.

## SEVENTEENTH DEFENSE

Defendants deny that they breached any duty or obligation to plaintiff or any member of the putative class.

## EIGHTEENTH DEFENSE

Defendants deny that they breached any agreement with plaintiff or any member of the putative class.

## NINETEENTH DEFENSE

Defendants deny any and all negligent or wanton acts.

## TWENTIETH DEFENSE

Plaintiff's state law claims are subject to the requirements of proof and limitations placed on the award of damages under the Alabama Code.

## TWENTY-FIRST DEFENSE

Plaintiff cannot recover for damages for alleged mental anguish or emotional distress because plaintiff cannot allege or prove that she has sustained a physical injury as a result of either defendant's alleged conduct or that she was placed in

immediate risk of physical harm by that conduct.

## TWENTY-SECOND DEFENSE

To the extent any unlawful conduct is found to have been committed by any agent of defendant Service  Experts, it should not be held liable because the conduct was outside the line and scope of the agent's employment, and the agent did not act with express or implied authority, and defendant did not ratify or approve any unlawful conduct.

## TWENTY-THIRD DEFENSE

Defendants assert that plaintiff has not suffered any actual damages.

## TWENTY-FOURTH DEFENSE

Plaintiff and the members of the putative class cannot meet the prerequisites of Rule 23(a) or Rule 23(b) for maintaining a class action.

## TWENTY-FIFTH DEFENSE

Plaintiff and/or members of the putative class lack standing.

## TWENTY-SIXTH DEFENSE

The claims of plaintiff and/or members of the putative class are barred, in whole or in part, by their failure to take reasonable actions to avoid and/or minimize the harm plaintiff claims in the Amended Complaint to have sustained.

## TWENTY-SEVENTH DEFENSE

The damages sustained by plaintiff and/or members of the putative class, if any, were not proximately caused by defendants.

## TWENTY-EIGHTH DEFENSE

Plaintiff's prayer for injunctive relief is barred because injunctive relief is unavailable.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction and payment.

## THIRTIETH DEFENSE

To the extent plaintiff failed to make a claim against Equiguard for the repairs to her HVAC unit, she has no injury.

## THIRTY-FIRST DEFENSE

Upon discovery of sufficient facts, defendants reserve the right to raise the defense of after acquired evidence.

## RESERVATION OF RIGHTS

Defendants hereby reserve the right to file such additional defenses as may become apparent during the course of discovery.

Wherefore, having fully answered the Amended Complaint, defendant Service Experts and defendant Scott Freeman request that the Amended Complaint

be dismissed with prejudice; that judgment be entered for defendants; and that defendants be awarded attorney's fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ J. Tobias Dykes*

J. Tobias Dykes (DYK002)
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLP
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:   (205) 323-7674

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3rd, 2014 a copy of the foregoing has been electronically filed with the Clerk of the Court using the Alafile system which will send notification of such filing to the following:

> Spencer A. Kinderman
> Joseph W. Carlisle
> Gilpin Givhan, PC
> 3595 Grandview Parkway, Suite 400
> Birmingham, AL  35243
>
> Simeon F. Penton
> Gilpin Givhan, PC
> 2660 Eastchase Lane
> Montgomery, AL  36117

I hereby certify that on April 3rd, 2014 a copy of the foregoing has been furnished via postage prepaid U.S. Mail to the following:

> Becky Collins
> 92 Oxmoor Road
> Birmingham, AL  35209

> */s/ J. Tobias Dykes*
> J. Tobias Dykes

ELECTRONICALLY FILED
4/8/2014 11:06 AM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK


# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **BRANDI FREDERICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO.** |
| ) | **68-CV-2013-900453** |
| **SERVICE EXPERTS HEATING &** ) | |
| **AIR CONDITIONING, LLC F/K/A** ) | |
| **STEEL CITY SERVICE EXPERTS,** ) | |
| **F/K/A STEEL CITY HEATING &** ) | |
| **AIR; SCOTT FREEMAN; BECKY** ) | |
| **COLLINS, Defendants.** ) | |

## <u>ANSWER TO AMENDED COMPLAINT[1]</u>

Defendants Service Experts, LLC formerly known as Steel City Heating & Air, improperly referred to in the Complaint as Service Experts Heating & Air Conditioning LLC, ("Service Experts") and Scott Freeman (collectively referred to as "defendants") answer plaintiff's Amended Complaint as follows:

Plaintiff's Amended Complaint contains an introductory paragraph in which plaintiff identifies the additional claims that she is making. Defendants deny that there have been any RICO violations; defendants deny that any contracts have been breached; and defendants deny engaging in any fraudulent conduct. Defendants further deny that this case is proper for class certification. Defendants

---

[1] Defendants Service Experts and Scott Freeman file their Answer to this Amended Complaint but do not waive their rights to remove the case to federal Court.

also deny any allegations of wrongdoing contained in the introductory paragraphs of plaintiff's Amended Complaint.

Defendants further admit that plaintiff indicates that "she begins by reasserting the allegations and claims asserted in her original complaint, and the newly added claims are stated after that." Defendants deny that plaintiff has re-asserted her initial allegations and claims and then included her newly added claims. Plaintiff's Amended Complaint does end with her newly added claims, but the facts have been modified from the initial Complaint.

## PARTIES

1.      Defendants admit that plaintiff is over the age of nineteen (19). Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 1 of the Amended Complaint; therefore, they are denied.

2.      Defendant Service Experts admits the allegations contained in paragraph 2 of the Amended Complaint.  Defendant Service Experts denies any wrongdoing in this case.

3.      Defendant Freeman admits that he is a resident of Alabama and that he was a Manager of Operations and Service in defendant Service Experts' Birmingham office.   Defendants deny the remaining allegations contained in

paragraph 3 of the Amended Complaint.   Defendant Freeman denies any wrongdoing in this case.

4.    Defendants admit that a Becky Collins was a salesperson for defendant Service Experts in March 2007.   Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 4 of the Amended Complaint; therefore they are denied.  Defendant Service Experts has no employee named Becky Collins working for it in the Birmingham area at this time.

5.    Paragraph 5 of the Amended Complaint requires neither an admission nor a denial.  However, defendants deny committing any wrongdoing.

6.    Paragraph 6 of the Amended Complaint requires neither an admission nor a denial.  However, defendants deny any wrongdoing.

7.    Defendants admit that plaintiff sued Service Experts, Scott Freeman, and a Becky Collins in her initial Complaint.  Defendants further assert that this answer is only being filed on behalf of Service  Experts and Scott Freeman.

## FACTS

8.    Defendants admit that plaintiff contacted defendant Service Experts in or about March 2007 about the replacement of her HVAC unit.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of the Amended Complaint; therefore, they are denied.

3

9.      Defendants admit that plaintiff bought a new Trane HVAC unit in or about March 2007 from defendant Service Experts.  Defendants further admit that Service Experts sold extended warranties through Equiguard in or about March 2007.   Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the Amended Complaint; therefore, they are denied.

10.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of the Amended Complaint; therefore, they are denied.  Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

11.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of the Amended Complaint; therefore, they are denied.  Defendants deny that plaintiff purchased a Trane extended warranty in March of 2007.

12.     Defendants admit that plaintiff purchased a Trane HVAC unit from Service Experts in or about March 2007.   Defendants deny the remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     Defendants admit that the HVAC unit plaintiff purchased was a Trane unit.

14.     Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Amended Complaint.  Defendants further deny that plaintiff purchased a Trane warranty.

16.     Defendants admit that plaintiff purchased a new Trane HVAC from defendant Service Experts.  Defendants further admit that the Home Comfort Investment Agreement speaks for itself. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 16 of the Amended Complaint; therefore, they are denied.

17.     Defendants admit that the Home Comfort Investment Agreement speaks for itself.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 17 of the Amended Complaint; therefore, they are denied.

18.     Defendants admit that the total home comfort investment was $17,845.  Defendants deny the remaining allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendants admit that plaintiff purchased a new Trane HVAC from defendant Service Experts.  Defendants deny the remaining allegations contained in paragraph 19 of the Amended Complaint.

20.    Defendants admit that plaintiff did not purchase a Trane extended manufacturer warranty, and defendants admit that plaintiff did not receive a Trane extended manufacturer warranty in March of 2007.  Defendants further admit that defendant Service Experts paid for a Trane extended warranty for plaintiff in 2011. Defendants deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21.    Defendants admit that plaintiff financed the total home comfort investment in the amount of $17,845.  Defendants deny the remaining allegations contained in paragraph 21 of the Amended Complaint.

22.    Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23.    Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24.    Defendants deny that defendant Service Experts has an online payment website.  Defendants further deny that plaintiff made any monthly payments to defendant Service Experts.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 24 of the Amended Complaint; therefore, they are denied.

25.    Defendants deny that plaintiff made any monthly payments to defendant Service Experts.  Defendants deny the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.    Defendants deny that plaintiff made any monthly payments to defendant Service Experts.  Defendants deny the remaining allegations contained in paragraphs 26 of the Amended Complaint.

27.    Defendants admit that plaintiff requested service on the Trane HVAC unit in June 2011.

28.    Defendants admit that plaintiff contacted another HVAC company to inspect the Trane unit defendant Service Experts sold her in or about March 2007. Defendants are without sufficient information or belief to admit or deny the remaining allegations contained in paragraph 28 of the Amended Complaint; therefore, they are denied.

29.    Defendants admit that they paid for the cost to fix the problem with plaintiff's HVAC unit in or about June 2011.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 29 of the Amended Complaint; therefore, they are denied.

30.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 30 of the Amended Complaint; therefore, they

are denied.  However, defendants deny that plaintiff purchased a Trane extended manufacturer warranty.

31.   Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that he was unable to locate any record that plaintiff purchased a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 31 of the Amended Complaint.

32   Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties through Equiguard in or about March 2007 and that he was unable to locate any record that plaintiff purchased a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33.   Defendants admit that defendant Freeman spoke with plaintiff on or about June 25, 2011 and explained that defendant Service Experts sold warranties

through Equiguard in or about March 2007 and that he was unable to locate any record that plaintiff purchased a Trane extended warranty.  Defendants further admit that defendant Freeman purchased a Trane extended warranty for plaintiff on the Trane HVAC unit that plaintiff purchased in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.    Defendants admit that Equiguard filed for bankruptcy; however, defendants further admit that the warranties through Equiguard are still being honored.  Defendants deny the remaining allegations contained in paragraph 34 of the Amended Complaint.

## <u>COUNT I – BREACH OF CONTRACT</u>

35.    Defendants adopt and re-assert their answers to paragraph 1-34 of the Amended Complaint.

36.    Defendants admit that defendant Service Experts sold plaintiff a Trane HVAC unit in or about March 2007.  Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38.    Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

9

39.     Defendants deny the allegations contained in paragraph 39 of the Amended Complaint, and defendants specifically deny that plaintiff has suffered any damages whatsoever.

40.     Paragraph 40 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT II- FRAUD

41.     Defendants adopt and re-assert their answers to paragraphs 1-33 of the Amended Complaint.

42.     Defendants admit that the Home Comfort Investment Agreement speaks for itself.  Defendants deny the remaining allegations contained in paragraph 42 of the Amended Complaint and further deny committing any fraudulent conduct.

43.     Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Amended Complaint and further deny that plaintiff suffered any damages whatsoever.

46.     Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Paragraph 48 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT III- SUPPRESSION

49.     Defendant adopt and re-assert their answers to paragraphs 1-34 and 42-47 of the Amended Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Amended Complaint and further deny that plaintiff is entitled to any damages.

11

53.    Paragraph 53 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT IV – PROMISSORY FRAUD

54.    Defendants adopt and re-assert their answers to paragraphs 1-34, 42-47, and 50-52 of the Amended Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the Amended Complaint and specifically deny that plaintiff suffered any damages whatsoever.

58.    Paragraph 58 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## COUNT V- DECEIT

59.     Defendants adopt and re-assert their answers to paragraphs 1-34, 42-47, 50-52, and 55-57 of the Amended Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Amended Complaint and specifically deny that plaintiff suffered any damages whatsoever.

66.     Paragraph 66 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.

## <u>COUNT VI – WILLFUL DECEIT</u>

67.    Defendants adopt and re-assert their answers to paragraphs 1-34, 42-47, 50-52, 55-57, and 60-65 of the Amended Complaint.

68.    Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in paragraph 69 of the Amended Complaint and further deny selling plaintiff a Trane extended warranty.

70.    Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations contained in paragraph 71 of the Amended Complaint.

72.    Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations contained in paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations contained in paragraph 74 of the Amended Complaint

75.    Defendants deny the allegations contained in paragraph 75 of the Amended Complaint and further deny that plaintiff is entitled to any damages whatsoever.

76.     Paragraph 76 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.  Defendants further deny that plaintiff is entitled to any relief.

**NEW CLAIMS ADDED BY THIS AMENDED COMPLAINT**

**COUNT VIII: CLASS CLAIM FOR BREACH OF CONTRACT**

77.     Paragraph 77 of the Amended Complaint requires neither an admission nor a denial.  However, defendants deny that plaintiff's claims are suitable for class treatment; deny that any contract with plaintiff was breached; and deny that defendant Service Experts sold plaintiff a Trane warranty in March of 2007.

78.     Defendants admit that plaintiff makes class allegations in paragraph 78 of the Amended Complaint; however, defendants deny that plaintiff's claims are suitable for class treatment.  Defendants further assert that plaintiff is not similarly situated to any potential class members.

79.     Defendants deny that the prerequisites for Rule 23(a) are met.  Defendants deny that any contracts have been breached, so defendants deny that there are any members of a contract class.  Defendants deny that there are any common questions of law and fact.  Defendants also deny that plaintiff's claims are typical to the claims of any other class members.  Plaintiff has no actual damages,

and defendant Service Experts in fact purchased a Trane extended warranty for plaintiff in 2011.  Therefore, plaintiff is not similarly situated to any potential class members.

80.     Defendants deny that the prerequisites for Rule 23(b) have been met.

81.     Defendants admit that Service Experts contracts with customers to sell HVAC units and heating and cooling systems.  Defendants further admit that Service Experts also contracts with customers to sell and provide extended warranties on the HVAC units and heating and cooling systems.  In or about March 2007, Service Experts sold extended warranties through Equiguard.  Defendants deny the remaining allegations contained in paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Amended Complaint and further deny that plaintiff or any putative class members have suffered any damages.

84.     Paragraph 84 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.

Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## COUNT IX: CLASS CLAIM FOR FRAUD[2]

85.    Defendants deny the allegations contained in paragraph 85 of the Amended Complaint and specifically deny the allegations made in plaintiff's claims of misrepresentation, fraud, fraudulent suppression, promissory fraud, deceit, and willful deceit.  Defendants also assert that plaintiff's fraud claims are not proper for class treatment.

86.    Defendants deny that there is a fraud class and specifically deny the allegations in paragraph 86 of the Amended Complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the Amended Complaint.

88.    Defendants admit that the Home Comfort Investment Agreement speaks for itself.  Defendants deny the remaining allegations contained in paragraph 88 of the Amended Complaint and specifically deny engaging in any fraudulent conduct.

89.    Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

---

[2] Defendants deny any allegations of wrongdoing in footnote 1 to plaintiff's Amended Complaint.  Defendants further deny engaging in any fraudulent conduct.  Defendants also assert that fraud claims are not proper for class treatment.

90.     Defendants deny that the prerequisites of a Rule 23(a) class action are met.  Defendants deny that there are any customers who have been subject to any type of fraud.  Defendants deny that there are common questions of law and fact, and defendants specifically assert that fraud claims are not proper for class treatment in Alabama.  Defendants deny that plaintiff's claims are typical because defendant Service Experts paid for her repairs and purchased a Trane extended warranty for her in 2011.  Defendants deny that plaintiff will fairly and adequately protect the interests of the members of an alleged class.

91.     Defendants deny that the prerequisites for Rule 23(b) have been met. Defendants deny the remaining allegations contained in paragraph 91 of the Amended Complaint and specifically deny engaging in any fraudulent conduct.

92.     Defendants adopt and re-assert their answers to plaintiff's allegations in paragraphs 21-48, 49-53, 54-58, 59-66, and 67-76 of the Amended Complaint. Defendants further adopt and re-assert their denials to plaintiff's allegations of fraud and any allegations of unlawful or wrongful conduct contained in paragraphs 1-91 of the Amended Complaint.   Finally, defendants deny engaging in any fraudulent conduct.

93.     Defendants deny the allegations contained in paragraph 93 of the Amended Complaint and further deny that plaintiff or any member of the alleged fraud class suffered any damages whatsoever.

94.     Paragraph 94 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## RACKETEERING ACTIVITY

95.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 95 of the Amended Complaint.

96.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 96 of the Amended Complaint.

97.     Defendants deny that there have been any RICO violations and further deny that there are any RICO enterprises that have engaged in any RICO violations.

## RICO ENTERPRISES

98.     Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 98 of the Amended Complaint.

99.     Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further

deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 99 of the Amended Complaint.

100.   Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 100 of the Amended Complaint.

101.   Defendants deny that defendant Service Experts is a Racketeer Influenced and Corrupt Organization under 18 U.S.C. § 1961.  Defendants further deny that Service Experts engaged in any racketeering activity.  Defendants deny the remaining allegations contained in paragraph 101 of the Amended Complaint.

## ADDITIONAL RICO FACTS

102.   Defendants deny the allegations contained in paragraph 102 of the Amended Complaint.

103.   Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

104.   Defendants admit that defendant GE was its licensed consumer finance company.   Defendants deny the remaining allegations contained in paragraph 104 of the Amended Complaint.

105.   Defendants admit that defendant GE was its licensed consumer finance company.   Defendants deny the remaining allegations contained in paragraph 105 of the Amended Complaint.

106.   Defendants admit that defendant Service Experts uses defendant GE as its licensed consumer finance company.  Defendants deny any allegations of wrongdoing contained in paragraph 106 of the Amended Complaint.

107.   Defendants admit that defendant Service Experts uses defendant GE as its financing agent.  Defendants deny the remaining allegations contained in paragraph 107 of the Amended Complaint.

108.   Defendants deny the allegations contained in paragraph 108 of the Amended Complaint.

109.   Defendants deny the allegations contained in paragraph 109 of the Amended Complaint.

110.   Defendants admit that defendant GE was its licensed consumer finance company.   Defendants deny the remaining allegations contained in paragraph 110 of the Amended Complaint.

111.   Defendants deny the allegations contained in paragraph 11 of the Amended Complaint.

112.   Defendants deny the allegations contained in paragraph 112 of the Amended Complaint.

113.   Defendants deny the allegations contained in paragraphs 113 of the Amended Complaint.

114.   Defendants deny the allegations contained in paragraph 114 of the Amended Complaint.

115.   Defendants deny the allegations contained in paragraph 115 of the Amended Complaint.

## THE RICO CLASS

116.   Defendants admit that plaintiff makes allegations of RICO violations and asserts class claims.   Defendants deny that there have been any RICO violations.   Defendants further deny that plaintiff's claims are suitable for a class action.

117.   Defendants deny that the prerequisites of Rule 23(a) are met for plaintiff's RICO class.   Defendants deny that there are any members of the alleged RICO class.   Defendants deny that there are common questions or law or fact to the alleged RICO class.   Defendants deny that plaintiff's claims are typical to any claims that members of the alleged RICO class might have.   Finally, defendants deny that plaintiff will fairly or adequately protect the interests of members of the alleged RICO class.   Defendants specifically deny any allegations contained in paragraph 117 of the Amended Complaint that have not been admitted.

118.   Defendants deny that the prerequisites of Rule 23(b) are met for plaintiff's RICO class.   Defendants deny the remaining allegations contained in paragraph 118 of plaintiff's Amended Complaint.

### 18 U.S.C. § 1341 – Mail Fraud

119.   Defendants deny the allegations contained in paragraph 119.

120.   Defendants admit that the Home Comfort Investment Agreement speaks for itself.   Defendants further admit that defendant Service Experts provided plaintiff, and other customers, the option of purchasing an extended warranty with Equiguard.   Defendants deny the remaining allegations contained in paragraph 120 of the Amended Complaint.

121.   Defendants admits that defendant Service Experts sold plaintiff, and provided other customers with the option of purchasing, extended warranties with Equiguard.   Defendants deny the remaining allegations contained in paragraph 121 of the Amended Complaint.

122.   Defendants deny the allegations contained in paragraph 122 of the Amended Complaint.

123.   Defendants deny the allegations contained in paragraph 123 of the Amended Complaint.

124.   Defendants deny the allegations contained in paragraph 124 of the Amended Complaint.

125.   Defendants deny the allegations contained in paragraph 125 of the Amended Complaint.

126.   Defendants deny the allegations contained in paragraph 126 of the Amended Complaint.

127.   Defendants deny the allegations contained in paragraph 127 of the Amended Complaint.

## 18 U.S.C. § 1343 – Wire Fraud

128.   Defendants deny the allegations contained in paragraph 128 of the Amended Complaint.

129.   Defendants admit that defendant Service Experts offered and sold plaintiff an extended warranty through Equiguard.  Defendants admit that the Home Comfort Investment Agreement speaks for itself.  Defendants further admit that defendant Service offered other customers the opportunity to purchase an extended warranty through Equiguard.  Defendants deny the remaining allegations contained in paragraph 129 of the Amended Complaint.

130.   Defendants admit that defendant Service Experts offered and sold plaintiff an extended warranty through Equiguard.  Defendants further admit that defendant Service offered other customers the opportunity to purchase an extended warranty through Equiguard.  Defendants deny the remaining allegations contained in paragraph 130 of the Amended Complaint.

131.   Defendants deny the allegations contained in paragraph 131 of the Amended Complaint.

132.   Defendants deny the allegations contained in paragraph 132 of the Amended Complaint.

133.   Defendants deny the allegations contained in paragraph 133 of the Amended Complaint.

134.   Defendants deny the allegations contained in paragraph 134 of the Amended Complaint.

135.   Defendants deny the allegations contained in paragraph 135 of the Amended Complaint.

136.   Defendants deny the allegations contained in paragraph 136 of the Amended Complaint.

137.   Defendants deny the allegations contained in paragraph 137 of the Amended Complaint.

138.   Defendants deny the allegations contained in paragraph 138 of the Amended Complaint.

139.   Defendants deny the allegations contained in paragraph 139 of the Amended Complaint.

140.   Defendants deny the allegations contained in paragraph 140 of the Amended Complaint.

141.   Defendants deny the allegations contained in paragraph 141 of the Amended Complaint.

142.   Defendants deny the allegations contained in paragraph 142 of the Amended Complaint.

143.   Defendants deny the allegations contained in paragraph 143 of the Amended Complaint.

## RICO VIOLATIONS

## COUNT X – 18 U.S.C. § 1962(a)

144.   Defendants adopt and re-assert their answers to paragraphs 1-143 of the Amended Complaint.

145.   Defendants deny the allegations contained in paragraph 145 of the Amended Complaint.

146.   Defendants deny the allegations contained in paragraph 146 of the Amended Complaint.

147.   Defendants deny the allegations contained in paragraph 147 of the Amended Complaint.

148.   Defendants deny the allegations contained in paragraph 148 of the Amended Complaint and further deny that plaintiff or any member of the alleged class suffered any damages whatsoever.

149.   Paragraph 149 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## COUNT XI – 18 U.S.C. § 1962(c)

150.   Defendants adopt and re-assert their answers to paragraphs 1-149 of the Amended Complaint.

151.   Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

152.   Defendants deny the allegations contained in paragraph 152 of the Amended Complaint.

153.   Defendants deny the allegations contained in paragraph 153 of the Amended Complaint.

154.   Defendants deny the allegations contained in paragraph 154 of the Amended Complaint and further deny that plaintiff or any member of the alleged class suffered any damages whatsoever.

155.   Paragraph 155 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied.

Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

## COUNT XII: 18 U.S.C. § 1962(d)

156.   Defendants adopt and re-assert their answers to paragraphs 1-155 of the Amended Complaint.

157.   Defendants deny the allegations contained in paragraph 157 of the Amended Complaint.

158.   Defendants deny the allegations contained in paragraph 158 of the Amended Complaint.

159.   Defendants deny the allegations contained in paragraph 159 of the Amended Complaint.

160.   Defendants deny the allegations contained in paragraph 160 of the Amended Complaint and further deny that plaintiff or any member of the alleged class have suffered any damages whatsoever.

161.   Paragraph 161 of the Amended Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful or illegal conduct, said construction is denied. Defendants further deny that plaintiff is entitled to any relief.  Defendants further deny that plaintiff's claims are proper for class treatment.

162.   Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims and the claims of the members of the putative class are barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims and the claims of the members of the putative class members are barred by the doctrines of estoppel, laches, unclean hands, and waiver.

### FOURTH DEFENSE

Plaintiff's claims and the claims of the members of the putative class are barred to the extent that defendants have been unduly prejudiced by their failure to diligently pursue their claims against them.

### FIFTH DEFENSE

The Amended Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 and is barred.

## SIXTH DEFENSE

To the extent plaintiff or members of the putative class failed to mitigate their damages, they are barred from recovering from defendants.

## SEVENTH DEFENSE

Plaintiff's punitive damage claims under Alabama law are subject to the limits and restrictions established by the Alabama Legislature, as set forth in, inter alia, Ala. Code §§ 6-11-20 to 6-11-30.

## EIGHTH DEFENSE

Defendants aver that any award of punitive damages to plaintiff or the members of the putative class in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama and under the Constitution of the United States of America.

## NINTH DEFENSE

Plaintiff's claims for punitive damages fail because she cannot prove that defendants acted maliciously or with callous disregard for her rights.

## TENTH DEFENSE

Plaintiff's fraud claim is due to be dismissed because plaintiff did not state the averments of the alleged fraud or the circumstances constituting the alleged fraud with particularity.

## ELEVENTH DEFENSE

Neither Plaintiff nor the members of the putative class reasonably relied on any statements or actions of defendants.

## TWELFTH DEFENSE

Defendants deny that they been guilty of any kind of conduct that entitles plaintiff or any members of the putative class to recover punitive damages and further deny that plaintiff or any member of the putative class is entitled to punitive damages.

## THIRTEENTH DEFENSE

Defendants deny that they have consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to plaintiff or any member of the putative class or have been guilty of any conduct which entitles plaintiff or any member of the putative class to recover punitive damages.

## FOURTEENTH DEFENSE

Parole evidence may not be used to alter any written agreements or contracts.

## FIFTEENTH DEFENSE

Neither plaintiff nor any member of the putative class are entitled to compensatory damages because any emotional distress or mental anguish they

31

allegedly suffered was caused by occurrences other than conduct for which defendants are liable as a matter of law.

## SIXTEENTH DEFENSE

No action of defendants proximately caused any injury or damage allegedly suffered by plaintiff or any member of the putative class.

## SEVENTEENTH DEFENSE

Defendants deny that they breached any duty or obligation to plaintiff or any member of the putative class.

## EIGHTEENTH DEFENSE

Defendants deny that they breached any agreement with plaintiff or any member of the putative class.

## NINETEENTH DEFENSE

Defendants deny any and all negligent or wanton acts.

## TWENTIETH DEFENSE

Plaintiff's state law claims are subject to the requirements of proof and limitations placed on the award of damages under the Alabama Code.

## TWENTY-FIRST DEFENSE

Plaintiff cannot recover for damages for alleged mental anguish or emotional distress because plaintiff cannot allege or prove that she has sustained a physical injury as a result of either defendant's alleged conduct or that she was placed in

immediate risk of physical harm by that conduct.

## TWENTY-SECOND DEFENSE

To the extent any unlawful conduct is found to have been committed by any agent of defendant Service  Experts, it should not be held liable because the conduct was outside the line and scope of the agent's employment, and the agent did not act with express or implied authority, and defendant did not ratify or approve any unlawful conduct.

## TWENTY-THIRD DEFENSE

Defendants assert that plaintiff has not suffered any actual damages.

## TWENTY-FOURTH DEFENSE

Plaintiff and the members of the putative class cannot meet the prerequisites of Rule 23(a) or Rule 23(b) for maintaining a class action.

## TWENTY-FIFTH DEFENSE

Plaintiff and/or members of the putative class lack standing.

## TWENTY-SIXTH DEFENSE

The claims of plaintiff and/or members of the putative class are barred, in whole or in part, by their failure to take reasonable actions to avoid and/or minimize the harm plaintiff claims in the Amended Complaint to have sustained.

## TWENTY-SEVENTH DEFENSE

The damages sustained by plaintiff and/or members of the putative class, if any, were not proximately caused by defendants.

## TWENTY-EIGHTH DEFENSE

Plaintiff's prayer for injunctive relief is barred because injunctive relief is unavailable.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction and payment.

## THIRTIETH DEFENSE

To the extent plaintiff failed to make a claim against Equiguard for the repairs to her HVAC unit, she has no injury.

## THIRTY-FIRST DEFENSE

Upon discovery of sufficient facts, defendants reserve the right to raise the defense of after acquired evidence.

## RESERVATION OF RIGHTS

Defendants hereby reserve the right to file such additional defenses as may become apparent during the course of discovery.

Wherefore, having fully answered the Amended Complaint, defendant Service Experts and defendant Scott Freeman request that the Amended Complaint

be dismissed with prejudice; that judgment be entered for defendants; and that defendants be awarded attorney's fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ J. Tobias Dykes*
J. Tobias Dykes (DYK002)
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLP
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:    (205) 323-7674

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3rd, 2014 a copy of the foregoing has been electronically filed with the Clerk of the Court using the Alafile system which will send notification of such filing to the following:

> Spencer A. Kinderman
> Joseph W. Carlisle
> Gilpin Givhan, PC
> 3595 Grandview Parkway, Suite 400
> Birmingham, AL  35243
>
> Simeon F. Penton
> Gilpin Givhan, PC
> 2660 Eastchase Lane
> Montgomery, AL  36117

I hereby certify that on April 3rd, 2014 a copy of the foregoing has been furnished via postage prepaid U.S. Mail to the following:

> Becky Collins
> 92 Oxmoor Road
> Birmingham, AL  35209

> /s/ J. Tobias Dykes
> J. Tobias Dykes

36



**AlaFile E-Notice**

68-CV-2013-900453.00

To: JONATHAN TOBIAS DYKES
tdykes@constangy.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 4/3/2014 11:06:45 AM

Notice Date:      4/3/2014 11:06:45 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To: COLLINS BECKY (PRO SE)
92 OXMOOR ROAD
BIRMINGHAM, AL 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 4/3/2014 11:06:45 AM

Notice Date:        4/3/2014 11:06:45 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To: EQUIGUARD, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 4/3/2014 11:06:45 AM

Notice Date:        4/3/2014 11:06:45 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  GENERAL ELECTRIC CAPITAL CORPORATION (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 4/3/2014 11:06:45 AM

Notice Date:       4/3/2014 11:06:45 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To: KINDERMAN SPENCER ALAN
   skinderman@gilpingivhan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 4/3/2014 11:06:45 AM

Notice Date:      4/3/2014 11:06:45 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:   CARLISLE JOSEPH WENDELL
      jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 4/3/2014 11:06:45 AM

Notice Date:      4/3/2014 11:06:45 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following answer was FILED on 4/3/2014 11:06:45 AM

Notice Date:      4/3/2014 11:06:45 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Equigard, Inc.*
*c/o CT Corporation System*
*2 N Jackson St., Ste 605*
*Montgomery, AL 36104*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Laura Payne*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Priority Mail Express
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*

   7011 0470 0001 3699 5546

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GENERAL ELECTRIC CAPITAL CORP

40 CT CORPORATION SYSTEM

2N JACKSON ST. STE 605

MONTGOMERY, AL 36104

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Karen Payne_    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery  8-5-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

CV13-900853
DODGE/SPC

3. Service Type
   ☐ Certified Mail   ☐ Priority Mail Express
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

   7011 0470 0001 3699 5577

PS Form 3811, July 2013        Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P. O. BOX 1310
BESSEMER. ALABAMA 35021-1310

211131010





Wolters Kluwer
**Corporate Legal Services**

CT Corporation

2 N Jackson Street
Suite 605
Montgomery, AL 36104

800 592 9023 tel
www.ctcorporation.com

April 01, 2014

Jefferson County Circuit Court Bessemer Division
1801 3rd Avenue North,
Bessemer, AL  35020

Re:  Brandi Frederick, Pltf. vs. Service Experts Heating & Air Conditioning, LLC, etc., et al. including Equiguard, Inc., Dfts.

Case No.   68CV201390045300

Dear Sir/Madam:

We are returning documents served/received for Equiguard, Inc..

According to our records our statutory representation services were discontinued and all process sent to the last known address on our records was returned as undeliverable.

Since we do not have any other addresses in our files to which we can forward the papers, we are returning them to you and filing resignation of agent in all states where permitted.

Please understand that we take no position as to the validity of the service. We are merely stating that after reasonable efforts, we do not have any address to which to forward the papers.

Very truly yours,


C T Corporation System

Log# 524679672

Sent By Regular Mail

cc:  Karen Dunn Burks
     18512nd Avenue North,
     Suite 130,
     Bessemer, AL  35020


**(Returned To)**

Jefferson County Circuit Court Bessemer Division
1801 3rd Avenue North,
Bessemer, AL  35020

ELECTRONICALLY FILED
4/16/2014 1:18 PM
68-CV-2013-900453.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| BRANDI FREDERICK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| SERVICE EXPERTS HEATING & | ) |
| AIR CONDITIONING, LLC F/K/A | ) |
| STEEL CITY SERVICE EXPERTS, | ) |
| F/K/A STEEL CITY HEATING & | ) |
| AIR; SCOTT FREEMAN; BECKY | ) |
| COLLINS, Defendants. | ) |

CIVIL ACTION NO.
68-CV-2013-900453

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Annie Marie Adams
       Jefferson County Circuit Clerk, Bessemer Division
       1851 2nd Avenue North, Suite 130
       Bessemer, AL  35020

Please take notice that defendants Service Experts and Scott Freeman filed

their Notice of Removal, a copy of which is attached hereto, in the Office of the

Clerk of the United States District Court for the Northern District of Alabama on

April 16, 2014.

                       *s/ J. Tobias Dykes*
                       J. Tobias Dykes (DYK002)
                       Direct Dial No.: (205) 226-5469
                       CONSTANGY, BROOKS & SMITH, LLP
                       Suite 900, One Federal Place
                       1819 Fifth Avenue North
                       Birmingham, AL 35203

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16th, 2014 I served the foregoing via U.S. mail and e-mail to the following:

> Spencer A. Kinderman
> Joseph W. Carlisle
> Gilpin Givhan, PC
> 3595 Grandview Parkway, Suite 400
> Birmingham, AL  35243
>
> Simeon F. Penton
> Gilpin Givhan, PC
> 2660 Eastchase Lane
> Montgomery, AL  36117

I hereby certify that on April 16th, 2014 I served the foregoing via U.S. mail to the following:

> Becky Collins
> 92 Oxmoor Road
> Birmingham, AL  35209
>
> General Electric Capital Corporation
> c/o C.T. Corporation System
> 2 North Jackson Street, Suite 605
> Montgomery, AL  36104

*s/ J. Tobias Dykes*
J. Tobias Dykes

**AlaFile E-Notice**

68-CV-2013-900453.00

To:   JONATHAN TOBIAS DYKES
      tdykes@constangy.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:      4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:   COLLINS BECKY (PRO SE)
      92 OXMOOR ROAD
      BIRMINGHAM, AL 35209-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:      4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  EQUIGUARD, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE. 605
MONTGOMERY, AL 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:      4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  GENERAL ELECTRIC CAPITAL CORPORATION (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:     4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To: KINDERMAN SPENCER ALAN
skinderman@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:     4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:  CARLISLE JOSEPH WENDELL
jcarlisle@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:        4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:      4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

To:  JONATHAN TOBIAS DYKES
     tdykes@constangy.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following 28 was FILED on 4/16/2014 1:18:33 PM

Notice Date:     4/16/2014 1:18:33 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



AlaFile E-Notice

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To: KINDERMAN SPENCER ALAN
skinderman@gilpingivhan.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was not served on 4/3/2014

D004 EQUIGUARD, INC.

OTHER

C T CORPORATION IS NO LONGER AGENT FOR SERVICE

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:  CARLISLE JOSEPH WENDELL
jcarlisle@gilpingivhan.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was not served on 4/3/2014

D004 EQUIGUARD, INC.

OTHER

C T CORPORATION IS NO LONGER AGENT FOR SERVICE

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov



**AlaFile E-Notice**

68-CV-2013-900453.00

Judge: ANNETTA H. VERIN

To:   PENTON SIMEON FRANKLIN II
      spenton@gilpingivhan.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

BRANDI FREDERICK V. SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC ET
68-CV-2013-900453.00

The following matter was not served on 4/3/2014

D004 EQUIGUARD, INC.

OTHER

C T CORPORATION IS NO LONGER AGENT FOR SERVICE

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov