FILED

2015 Jun-22  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **BRANDI FREDERICK,** } | |
| } | |
| **Plaintiff,** } | |
| } | **Case No.:  2:14-CV-1647-RDP** |
| **v.** } | |
| } | |
| **SERVICE EXPERTS HEATING & AIR** } | |
| **CONDITIONING LLC, et al.,** } | |
| } | |
| **Defendants.** } | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on Plaintiff's Motion to Remand.  (Doc. # 4).  The Motion has been fully briefed, and on June 11, 2015, the court heard argument on the Motion.  (Docs. # 8, 9, 12-17).   After careful consideration, and with the benefit of oral argument, the court concludes that the Motion (Doc. # 4) is due to be denied.

**I.      Background**

This case has taken a circuitous path to reach its current posture and multiple parties have engaged in a number of procedural missteps, dodges, and feints along the way.   The court reviews these maneuvers below.

**A.      The Original Filing in State Court**

Plaintiff Brandi Frederick initiated this action in the Circuit Court of Jefferson County, Alabama on June 24, 2013.  Plaintiff's initial Complaint asserted claims against Defendants Service Experts Heating & Air Conditioning, LLC, Scott Freeman, and Becky Collins.  (Case No. 2:14-cv-00700-RDP, Doc. # at 13-24).  The original Complaint asserted state law breach of contract, fraud, suppression, promissory fraud, deceit, and willful deceit claims.  (Doc. # 1-1).

**B.     The First Amended Complaint Filed in State Court**

On March 20, 2014, Plaintiff filed an Amended Complaint in state court.  (Case No. 2:14-cv-00700-RDP, Doc. # 1-1 at 35-68).  In her amended pleadings, Plaintiff added certain claims which were not asserted in the original complaint, including a claim under 18 U.S.C. § 1962, the Racketeer Influenced Corrupt Organizations Act ("RICO").  (*Id*.).  Plaintiff also added two new defendants – General Electric Capital Corporation d/b/a GE Capital f/k/a GE Money Bank ("GE") and Equiguard, Inc.  (*Id*.).  GE was served with the Amended Complaint on March 31, 2014, before this action was removed.  (Case No. 2:14-cv-00700-RDP, Doc. # 1 at 104). Equiguard was also served.

**C.     The Initial Removal of this Action and the Prior Remand**

On April 16, 2014, Service Experts and Freeman filed a Notice of Removal.  (Case No. 2:14-cv-00700-RDP, Doc. # 1).  The only basis asserted in that petition was federal question jurisdiction based on Plaintiff's RICO claims.  The Notice was filed pursuant to 28 U.S.C. 1441(a), and was signed only by counsel for Service Experts and Freeman.  (Case No. 2:14-cv-00700-RDP, Doc. # 1).  However, Service Experts and Freeman asserted in the Notice that "GE Capital d/b/a GE Money Bank also consents to the removal."  (Case No. 2:14-cv-00700-RDP, Doc. # 1 at ¶ 7).  There was no indication that Equiguard consented.

On May 14, 2014, Plaintiff moved to remand the action.  Plaintiff argued that the removal violated the unanimity rule because all served defendants had not joined in the removal. (Case No. 2:14-cv-00700-RDP, Doc. # 12).

On May 29, 2014, Service Experts shared with GE an affidavit identifying (1) the potential size of the putative class and (2) the potential recovery that the putative class could

seek.  (Doc. # 8 at 7; Case No. 2:14-cv-00700-RDP, Doc. # 21-2).  In that affidavit, Melissa Gulick, Director of Accounting Shared Services at Service Experts, testified that, "[s]ince June 2000, Service Experts has paid over $9 million to Equiguard to purchase extended warranties for over 19,000 customers."  (Case No. 2:14-cv-00700-RDP, Doc. # 21-2).  Importantly, GE asserts that this affidavit is the first and only document served in this case that quantifies the potential amount-in-controversy and the size of Plaintiff's putative class.  (Doc. # 8 at 7).  Obviously, it was served after the case had been initially removed and, therefore, was already pending in this court.

On May 30, 2014, Defendants filed a Joint Opposition to the May 14, 2014 Motion to Remand which, among other things, argued that the notice of removal should be construed to invoke the Class Action Fairness Act of 2005 ("CAFA").  (Case No. 2:14-cv-00700-RDP, Doc. # 21).  However, the court refused to consider Defendants' CAFA argument because Defendants' Notice of Removal did not assert CAFA as a basis for removal.  (Case No. 2:14-cv-00700-RDP, Doc. # 23, n.2).[1]  As the court noted, a basis for federal jurisdiction asserted in Defendants' response, but not in the Notice of Removal (and, also, not within the thirty day period in which a party could remove the case), may not be relied upon to amend the removal petition or provide another basis for removal.  (Case No. 2:14-cv-00700-RDP, Doc. # 23, n.2).  Therefore, the Joint

---

[1] Plaintiff argues that Defendants are now estopped from arguing that their first removal was not based on CAFA.  Plaintiff bases this argument on two lines from Defendants' Joint Opposition to Plaintiff's Motion to Remand in *Frederick I*.  In their Joint Opposition, Defendants argued, "Plaintiff has not addressed both grounds for removal that were raised in the Notice of Removal … .  This case is properly before this court because (1) the court has jurisdiction under [CAFA] … and (2) the Notice of Removal is not procedurally defective … ."  These two lines do not serve to preclude Defendant GE's assertion of CAFA as a basis for its re-removal of the case.  Although the lines seem to indicate that CAFA was raised in the original Notice of Removal, it takes a logical leap to reach that conclusion.  Really what the lines say is (1) that the removal asserted two grounds for removal (which it did not), and (2) there exist two bases for federal jurisdiction.  The court simply reads this as an unsuccessful argument without preclusive effect, and Plaintiff has cited the court to no binding precedent requiring the court to apply such an effect under these circumstances.  It is clear that CAFA was nowhere mentioned in the first removal petition.

Opposition (and accompanying affidavit of Gulick) did not operate to amend the removal petition. The action was later remanded to the Circuit Court of Jefferson County, Alabama on July 25, 2014 because Equiguard did not consent to the federal question removal petition.[2] (Case No. 2:14-cv-00700-RDP, Doc. # 33).

### D. The Second Removal of this Action

On August 25, 2014[3], the case was again removed. This time, the Notice of Removal asserted CAFA as the basis for removal. (Doc. # 1). Consent of other served defendants is not a requirement for removal under CAFA.

## II. Discussion

On September 24, 2014, Plaintiff again moved to remand. (Doc. # 4). Plaintiff's current Motion to Remand presents the following arguments in support of remand: (1) this is GE's second notice of removal and it conflicts with the court's ruling on the prior removal; (2) GE had previously waived its right to remove under CAFA; (3) this case is not re-removable because GE had a duty to investigate removability prior to the thirty day period before it was actually re-removed; (4) GE's second removal is not based on any new facts, and (5) GE's failure to appeal the prior remand bars the current removal pursuant to CAFA. (Doc. # 4). The court addresses these arguments below, sometimes in combination where the analysis overlaps or is similar.

### 1. Although this is the Second Removal of this Action, it is Not GE's Second Removal and, in Any Event, It Does Not Conflict with the Court's Remand Ruling on the Prior Removal

---

[2] Initially, the court denied the motion to remand. (Case No. 2:14-cv-00700-RDP, Doc. # 23). However, upon reconsideration, the court found that although the case was otherwise removable, Equiguard had not consented to the removal. (Case No. 2-14-cv-00700-RDP, Doc. # 33).

[3] Although August 25, 2014 is 31 days from July 25, 2014, the thirtieth day fell on a weekend. Therefore, the removal is not untimely simply because it was filed on August 25 rather than August 24. *See* Fed.R.Civ.P. 6(a).

4

First, contrary to Plaintiff's arguments otherwise, this is not GE's second notice of removal.[4]  Section 1446(b)(2)(B) provides that "*[e]ach* defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."  The first removal of this case was filed by Defendants Service Experts and Scott Freeman, was signed only by counsel for Service Experts and Freeman, but Service Experts and Freeman asserted in the Notice that "GE Capital d/b/a GE Money Bank also consents to the removal." (Case No. 2:14-cv-00700-RDP, Doc. # 1 at ¶ 7).  The fact that GE consented to the removal and filed a joint opposition to Plaintiff's Motion to Remand does not permit a finding that GE filed (jointly or otherwise) the initial removal petition.[5]

Second, nothing about this removal conflicts with the court's previous orders.  The court simply did not issue any substantive ruling addressing CAFA jurisdiction.  "A remand order is conclusive only regarding the matters actually adjudged."  *S.W.S. Erectors, Inc.*, 72 F.3d at 492.  In its previous order which initially denied the motion to remand, the court stated in a footnote that it would not consider a basis for removal that was not asserted in the removal petition.

----

[4]   Of course, even if this were a successive removal (*i.e.*, a re-removal) by GE, section 1446(b) contemplates successive removals.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996).  "There is no rule prohibiting 're-removals,' as long as the requirements of § 1446 are satisfied."  *Tiffin Motorhomes, Inc. v. National Interstate*, 2013 WL 5636690 * 3 n.23 (N.D. Ala. 2013) (citing *Brown v. Jevic*, 575 F.3d 322, 328 (3rd Cir.2009) ("The removal statute, 28 U.S.C. §§ 1441-[14]52, does not categorically prohibit the filing of a second removal petition following remand ... .  If subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible.")).

[5] Nor does language in the Joint Opposition (in which Defendants referenced GE joining in the removal) operate to transform Service Experts' removal petition to one which was also filed by GE. Despite Plaintiffs' inventive arguments otherwise, Service Experts filed the removal petition and indicated that GE *consented* to it. At no point did GE sign the petition, file the petition, or do anything other than consent to the petition. Perhaps it can be said that this court used inartful language in its prior remand order, which suggested that GE had *joined* in the petition. The same may be said of the Defendants when, in their Joint Opposition, they suggested that GE had *joined* in the removal. But, here's the point: inartful language aside, it is fairly easy to determine who filed or joined in a removal petition. The court need only examine the petition itself. Here, there can be no dispute that GE only *consented* to the initial Petition, but did not file it (even jointly).

(Case No. 2:14-cv-00700-RDP, Doc. # 23 at 2, n.2).  The court further noted that Defendants were not entitled to amend their notice of removal to add an entirely new and distinct jurisdictional basis after the thirty day period for filing a notice of removal had elapsed. (*Id.*). But, significantly, at that time, the court did not have before it any information about when Defendants, and in particular GE, received information sufficient to put them on notice regarding the potential amount-in-controversy and the size of Plaintiff's putative class for CAFA purposes.

The court takes GE's representation regarding the timing of its receipt of Defendant Service Experts' affidavit at face value (and, to be sure, there is no evidence to the contrary, and Plaintiff has not in any manner called GE's representation into question). And while Plaintiff does not quibble with GE's representation, she claims that GE -- upon first learning about the amount in controversy information -- nevertheless should have asked for leave to amend its consent and added CAFA as another basis for removal jurisdiction. In fact, subsequent research indicates there are at least some courts (albeit, not in this Circuit) that may have permitted a party like GE to request leave to amend a consent to the removal petition to assert a new ground for removal (such as CAFA) when the new jurisdictional basis only became known to that party after the case was removed, *i.e.*, while the case was already pending in federal court.  *See Haber v. Massey*, 904 F.Supp.2d 136, 141 (D. Mass. 2012); *Wilson v. Int'l Bus. Machs. Corp.*, 2011 WL 4572019, *2 (S.D. Tex. 2011) (noting that "courts have been willing to permit amendments to a notice for removal when the new basis [for federal jurisdiction] did not exist until after the relevant thirty day period" but allowing remand because the defendant's second notice of removal was untimely); *In re Pharm. Indus. Average Wholesale Price*, 509 F.Supp.2d 85, 95 (D. Mass. 2007) (permitting a defendant to assert a supplemental notice of removal when "[t]he new

basis for removal arguably did not exist until after the initial thirty-day period" but ultimately finding the supplemental notice untimely); *Hawaii v. Abbott Labs., Inc*., 469 F.Supp.2d 835, 838 (D. Haw. 2006) (noting that "where a new ground for removal arises during the pendency of the litigation, some courts have allowed the notice of removal to be supplemented to set forth the newly-arisen ground even after the expiration of the thirty-day time period," but denying leave to supplement the notice of removal because the defendant failed to comply with other procedural requirements of section 1446(b)); *Davis v. Life Inv. Ins. Co. of Am., Inc*., 214 F.Supp.2d 691, 694 (S.D. Miss. 2002) (where the district court allowed, ostensibly for the first time, a defendant to amend its notice of removal to include a new jurisdictional basis -- the filing of a bankruptcy petition -- because the "ground for removal/federal jurisdiction first arose while the case was pending in federal court after expiration of the thirty-day time limit for removal.").

Of course, there are at least two problems with Plaintiff's position. First, section 1446 contains no language whatsoever to support such a request. So, such a request may be practical. It may make sense. But section 1446 provides no basis for such an amendment. Second, and relatedly, in order for such a request to have been granted, GE would have been obliged to convince this court to take a different view than the one it took in footnote 2 of Document 23. And it is that point that renders this entire discussion academic.  The fact of the matter is that no defendant sought leave to amend the petition, and this court in all likelihood would not have permitted it.   But most importantly, and in any event, this court has simply not ruled substantively on the issue of CAFA removal jurisdiction.  All of this adds up to this tautological conclusion:  there is no conflict between GE's current removal petition and the court's previous remand decision.

7

2.      **GE Did Not Waive its Right to Remove under CAFA and Had No Duty to Investigate Removability**

"'A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal ... .  By adding the second paragraph of § 1446(b), Congress intended that a party be permitted successive removals.'"  *S.W.S. Erectors, Inc.*, 72 F.3d at 493 (quoting *One Sylvan Road North Assocs. v. Lark Int'l, Ltd*., 889 F.Supp. 60, 62, 63 (D.Conn. 1995)). Plaintiff does not contend that a defendant may not re-remove an action.  Rather, Plaintiff argues that GE has waived its right to re-remove this action under CAFA.  She is wrong.

First, the initial removal was not based on CAFA and, plainly, the information in the Amended Complaint was insufficient to put Defendant on notice that CAFA's amount in controversy requirement was met.  Although the Amended Complaint does allege that the purported class could be in the thousands, (*e.g.*, Doc. # 101 at 49), it gives (perhaps purposefully) no indication whatsoever regarding the measure of damages, or even whether the damages sought are anything other than nominal.  Plaintiff's position that GE was under a duty to perform its own analysis to estimate damages is an argument which was squarely rejected by courts such as *Romulus v. CVS Pharm., Inc*. 770 F.3d 67, 74-75 (1st Cir. 2014) (A defendant "has no duty ... to investigate or to supply facts outside of those provided by the plaintiff.").  Granted, a defendant still must apply a "reasonable amount of intelligence" to its reading of the pleading or other paper received from a plaintiff.  But such a defendant need not consider other material. *Cutrone v. Mortg. Elec. Reg. Sys., Inc*., 749 F.3d 137, 143 (2d Cir. 2014).  Thus, by way of example, a "defendant has no duty to perform significant investigation of its own data to ascertain removability. The test is not whether the information is 'new,' but when the *plaintiffs'*

8

papers "first" enable the defendant to make the requisite merits showing to the district court." *Romulus*, 770 F.3d at 80 (citing 28 U.S.C. § 1446(b)(3)) (emphasis in original).

Here, the undisputed evidence before the court on this issue -- *i.e.*, what GE knew about the potential amount in controversy, and when it knew that information -- shows that GE only learned that the amount in controversy requirement for CAFA may be met in this case when it received Gulick's Affidavit.  And GE received that Affidavit after one of its co-Defendants, Service Experts, prepared the Gulick affidavit.  That affidavit was not prepared (and not provided to GE) until after this case had been initially removed to this court.  (Doc. # 8 at 7; Case No. 2:14-cv-00700-RDP, Doc. # 21-2).  Therefore, a removal ground based upon CAFA was not waived by GE as it was neither known to it nor included by others as a ground supporting the first removal petition.  And, it follows inexorably that the time period for removal based upon CAFA had not yet been triggered at the time this case was initially removed.

To the extent that Plaintiff argues that Defendants waived their right to assert CAFA as a basis for removal by failing to move to amend the first removal petition, she is simply off the mark.  Although *Haber, Wilson,* and the above line of cases indicate that it may be *permissible* to substantively amend a removal petition to assert new grounds for federal jurisdiction which arose or were discovered after removal, nothing in these cases suggests that a defendant is *required* to do so or that it waives that basis for removal jurisdiction if it does not so amend.[6]  *Haber*, 904

---

[6] This latter argument asserted by Plaintiff exemplifies the frustration the court has experienced in dealing with certain of her arguments for remand. At oral argument, and in the context of discussing other issues related to her remand motion, Plaintiff contended that the law of the case doctrine applies to bar certain of GE's arguments in favor of removal here. The court is not at all certain that the law of the case doctrine even applies here. But even if it does, Plaintiff has relied upon it in some respects, but ignored it in others.  For example, as discussed above, in ruling on the initial remand motion, the court expressly precluded GE and the other defendants from amending the petition (or their consent to it) to add CAFA as a ground for removal. Now, Plaintiff (conveniently) argues that because Defendants did not amend the petition, they have waived their right to rely upon CAFA removal jurisdiction.  If Plaintiff is right regarding the applicability of the law of the case doctrine here, that doctrine along

F.Supp.2d at 141; *Wilson,* 2011 WL 4572019 at *2; *In re Pharm. Indus. Average Wholesale Price,* 509 F.Supp.2d at 95*; Abbott Labs, Inc.,* 469 F.Supp.2d at, 838*; Davis*, 214 F.Supp.2d 691, 694.

### 3.     The Court's Prior Remand Order Started the § 1446(b)(3) Removal Clock

A second removal of an action is not *per se* improper.  Indeed, section 1446(b) permits re-removal of an action under certain circumstances.  *See* 28 U.S.C. § 1446(b).  The Section 1446(b)(1) clock runs in every case from the date of service, regardless of the contents of the complaint. *Id.*  "Section 1446(b)(3) then operates as an exception to allow a defendant to remove outside of this initial thirty-day window."  *Romulus*, 770 F.3d at 74.  Section 1446(b)(3) applies when the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Sections 1446(b)(1) and 1446(b)(3) are not vehicles for removal, but rather are time limits on removal.[7]

This case was not removable when GE learned of the possible amount in controversy from the Gulick Affidavit because it was already in federal court.[8]  Thereafter, it was this court's

---

with the court's previous ruling (that such an amendment could not be offered) would have prohibited any attempt to amend the grounds for removal.   Plaintiff tries, but she cannot have it both ways.

[7] Interestingly, if Defendants had been relying on "other paper" to restart the clock, rather than the remand order, the section § 1446(b)(3) clock would not yet have started to run.   "[A] defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant."  *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 761 (11th Cir. 2010) (citing 28 U.S.C. § 1446(b) (second paragraph)).  Although *Pretka* was in fact a § 1446(b) first paragraph removal, the court's discussion regarding second paragraph removals shored up the (b)(3) holding in *Lowery* regarding second paragraph removals by reiterating the traditional rule that "only a voluntary act by the plaintiff may convert a nonremovable case into a removable one." *Sallee v. Ford Motor Co*., 2014 WL 1492874 *5 (M.D. Ala. 2014) (quoting *Pretka*, 608 F.3d at 761).  Here, GE relies upon this court's prior remand order as the event that started anew the remand period clock, not any "other paper."

[8] The court also notes that (1) again, the Amended Complaint did not itself provide sufficient information for any of the Defendants (particularly GE) to determine the amount in controversy in this case and, (2) in any event, the Gulick Affidavit would be considered "other paper" within the meaning of section 1446.

prior remand order which triggered the renewed thirty-day, (b)(3) removal window. 28 U.S.C. § 1446(b)(3).  GE timely removed the case asserting that federal jurisdiction exists under CAFA, an issue which had not previously been timely raised by Service Experts nor addressed by the court in connection with the first removal.

Plaintiff also contends that Defendants should have appealed the court's previous remand order and that, by not doing so, they have waived the right to re-remove the case.  This argument appears to be based the incorrect premise that this court had previously ruled on an argument that CAFA served as a basis for federal jurisdiction with respect to the initial removal.  But the court plainly held in the prior remand order that any attempt to rely upon CAFA as a basis for federal removal jurisdiction, would not work because that ground was not included in Service Experts' initial removal petition.  Why would Defendants have appealed this court's prior remand order when (1) CAFA had not been properly raised, much less addressed by the court, and (2) Defendants' renewed section 1446(b)(3) window to re-remove was opened upon remand (due to the court's remand order)?[9]

Finally, although Plaintiff has advanced a number of (unsuccessful) procedural arguments about the propriety of GE's re-removal, Plaintiff has not argued that the substantive elements of CAFA are not satisfied here.  CAFA generally "grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in

---

[9] Plaintiff's argument that GE or the other defendants should have appealed this court's prior remand order begs still another question. Why would a defendant spend substantial time (perhaps a year or more) appealing a remand order when that order itself re-triggered the section 1446 time period for a successive removal which could be accomplished after the initial remand. Again, it is just this type of tortured logic which characterizes some of Plaintiff's arguments here.

controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)).  These elements have been met. This case was properly removed to this court.

## III.     Conclusion

For the reasons discussed above, Plaintiff's Motion to Remand is due to be denied.  A separate order will be entered.

**DONE** and **ORDERED** this June 22, 2015.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE