FILED

2015 Nov-05  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRANDI FREDERICK,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:14-cv-01647-RDP** |
| | } | |
| **SERVICE EXPERTS HEATING & AIR** | } | |
| **CONDITIONING, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

**I.      Introduction**

Before the court is Defendant GE Capital Retail Bank's[1] ("GE") Motion to Dismiss
Counts Ten Through Twelve of the Amended Complaint.  (Doc. # 1-5).  The Motion is fully
briefed.  (Docs. # 1-5, 1-6).  For the reasons discussed below, the court finds that the Motion to
Dismiss is due to be granted and counts ten through twelve of the Amended Complaint are due to
be dismissed.

**II.     Procedural History**

This case is before this court for the second time.  It originated in the Circuit Court of
Jefferson County, Alabama, Bessemer Division, with Civil Action No. 68-cv-2013-900453.  The
Amended Complaint was filed on March 20, 2014, and the action was removed to this court on
April 16, 2014, by Defendants Scott Freeman and Service Experts Heating and Air Conditioning,
LLC.  *See Frederick v. Serv. Experts Heating & Air Conditioning, LLC*, 2:14-cv-700-RDP

---

[1] Named by Plaintiff in the Amended Complaint as General Electric Capital Corporation.

(hereinafter "*Frederick I*"), (Doc. # 1).  On May 14, 2014, Plaintiff filed a Motion to Remand. *Id.*, (Doc. # 12).  While the remand motion was pending, Defendant GE filed its Motion to Dismiss.  *Id.*, (Doc. # 16).  Plaintiff's Motion to Remand was denied, and the Motion to Dismiss was fully briefed.  *Id.*, (Docs. # 23, 24, 25).  However, before the court could rule on the pending Motion to Dismiss, Plaintiff filed a Rule 60 Motion.  *Id.*, (Doc. # 26).  The court granted the Rule 60 Motion and remanded this matter to state court on July 25, 2014.  *Id.*, (Docs. # 32, 33).

Defendant GE again removed this case on August 25, 2014, pursuant to the Class Action Fairness Act and associated jurisdictional statutes (28 U.S.C. §§ 1441, 1446, 1332, and 1367). (Doc. # 1). When GE re-removed this case, the still-pending Motion to Dismiss returned to this court.

III.    **Background Facts[2]**

In March 2007, Plaintiff purchased from Defendant Service Experts Heating and Air Conditioning, LLC ("Service Experts"), through its employee Becky Collins,[3] a new HVAC unit.  (Doc. # 1-8).  Plaintiff also bought from Service Experts and Collins an extended manufacturer warranty for that unit—or so she thought.  (*Id.*).  In June 2011, Plaintiff's HVAC unit began functioning poorly and she had it inspected.  (*Id.*).  Although the inspector asserted that the warranty Plaintiff had purchased would cover the repairs (*id.*), on June 25, 2011, Defendant Scott Freeman, the Manager of Operations and Service at Service Experts, informed Plaintiff that she had not purchased an extended warranty.  Rather, she had purchased from Service Experts and Collins an insurance policy through Defendant Equiguard, Inc.  (*Id.*).

Plaintiff filed this lawsuit alleging (on behalf of herself and, with respect to some claims, for a class of similarly situated individuals) that Service Experts, among other things, committed

_____

[2] The "facts" are taken from Plaintiff's Amended Complaint.  (Doc. # 1-8).

[3] Collins was initially a named Defendant in this case, but the claims against her have been dismissed.

fraudulent sales practices, breaches of contract, and racketeering, with the assistance of other Defendants (that is, GE and Equiguard).  (Doc. # 1-8).  Defendant GE's role in the purported racketeering scheme to defraud consumers was to send via mail and e-mail monthly statements and invoices for installment payments on the HVAC unit and warranty, and finance the scheme with the moneys paid on those bills.  (*Id.*).  Plaintiff specifically avers that, by its actions, GE is liable under the civil RICO statute on the basis of predicate acts of mail and wire fraud committed by it while acting as Service Expert's financing agent.  (*Id.*).  Counts ten through twelve of the Amended Complaint allege, respectively, violations of 18 U.S.C. §§ 1692(a), 1692(c), and 1692(d), by GE, Service Experts, and Equiguard.  (*Id.*).

In its Motion to Dismiss, GE seeks dismissal of counts ten through twelve as to itself only.  (*See* Doc. # 1-5).  It asserts that Plaintiff, on the one hand, made conclusory legal allegations concerning GE's ostensibly culpable participation in the purported scheme, and on the other hand, that she failed to allege facts supporting the RICO claims as to GE.  (*Id.*).  GE seeks dismissal of the claims with prejudice.  (*Id.*).  Plaintiff counters and asserts that it pleads fraud with the requisite particularity, and facts sufficient to give notice of a claim, thus satisfying the federal pleading standards.  (Doc. # 1-6).

## IV.   Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, the complaint must include enough facts "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and

conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Intl. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 556.  Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682).  If the court determines that well-pleaded

facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556.

Further, "[i]n the Eleventh Circuit, where substantive RICO violations are based upon fraud, the 'allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard.'"[4] *Adell v. Macon Cty. Greyhound Park, Inc.*, 785 F. Supp. 2d 1226, 1231 (M.D. Ala. 2011) (quoting *Am. Dental*, 605 at 1291); *accord Liquidation Commn. of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008) ("When a RICO claim is based on predicate acts involving fraud, those predicate acts must be pleaded with particularity, in accordance with Fed. R. Civ. P. 9(b)."); *cf. Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity."). Accordingly, pursuant to Rule 9(b), a plaintiff pursuing a RICO complaint must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental*, 605 F.3d at 1291 (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

## V.    Analysis

Plaintiff seeks relief pursuant to the RICO statute.  18 U.S.C. § 1964(c).  Section 1964(c) provides in relevant part that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit,

---

[4] To the contrary, "RICO predicate acts not sounding in fraud need not necessarily be pleaded with the particularity required by Fed. R. Civ. P. 9(b)." *Liquidation Commn. of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008).

including a reasonable attorney's fee . . . ."  18 U.S.C. § 1964(c).   Specifically, Plaintiff alleges

three separate RICO violations of section 1692: 18 U.S.C. §§ 1962(a), (c), and (d).[5]

A successful RICO claim requires a plaintiff to establish the essential basics of a RICO

enterprise as well as a "pattern of racketeering activity."  *Jackson v. BellSouth Telecomms.*, 372

F.3d 1250, 1264 (11th Cir. 2004).   A RICO enterprise exists "where a group of persons

associates, formally or informally, with the purpose of conducting illegal activity."  *Id.* (quoting

*United States v. Hewes*, 729 F.2d 1302, 1311 (11th Cir. 1984)).   "Racketeering activity" includes

such predicate acts as mail and wire fraud.  18 U.S.C. § 1961(1)(B).   "A pattern is established by

at least two acts of racketeering activity the last of which occurred within ten years . . . after the

commission of a prior act of racketeering activity."  *Lehman v. Lucom*, 727 F.3d 1326, 1330

(11th Cir. 2013) (quoting *McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 750 (11th Cir. 2000)

(ellipsis in original)).   These predicate acts must be related to one another and demonstrate

criminal conduct of a continuing nature.  *Jackson*, 372 F.3d at 1264.  Proximate causation is a

RICO requirement.  *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268 (1992).

### A. As a matter of law, Plaintiff has not sufficiently plead predicate acts of mail and wire fraud.

Plaintiff's civil RICO claims against Defendant GE are based on predicate acts of mail

and wire fraud.  Therefore, Plaintiff must adequately plead (*i.e.*, in accordance with *Twombly* and

*Iqbal*, and Rule 9(b)) a violation of the federal mail and wire fraud statutes for her RICO claims

against GE to survive the Motion to Dismiss.  *See Ayres v. Gen. Motors Corp.*, 324 F.3d 514,

519 (11th Cir. 2000).

 Mail and wire fraud have the same elements.  *United States v. Langford*, 647 F.3d 1309,

1320 (11th Cir. 2011); *see also* 18 U.S.C. §§ 1341, 1343.  "Mail or wire fraud occurs when a

---

[5] These individual provisions are set forth and analyzed in more detail below.

person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." *Am. Dental*, 605 F.3d at 1290 (citations omitted). The offenses' gravamen "is the scheme to defraud, and any 'mailing [or wiring] that is incident to an essential part of the scheme satisfies the mailing [or wiring] element,' . . ., even if the mailing [or wiring] itself 'contains no false information.'" *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008) (quoting *Schmuck v. United States*, 489 U.S. 705, 712, 715 (1989) (internal citation omitted)). Justifiable reliance is not an element of mail or wire fraud. *Id.* at 648-49.

Plaintiff contends that Defendant GE used both the U.S. mails and emails (*i.e.*, electronic wires) when it sent to Plaintiff fraudulent statements and invoices for her installment payments for the HVAC system and warranty. (Doc. # 1-8). GE allegedly sent these statements and invoices on behalf of Defendants Service Experts and Equiguard as part of its role in financing a scheme to defraud Plaintiff (and others in a purported RICO class), and to fraudulently acquire moneys of others. (*Id.*). Clearly, Plaintiff sufficiently pleads -- with both plausibility and particularity -- the element of mailing or wiring that is required to show mail or wire fraud.

But that is not Plaintiff's only pleading obligation. Under Federal Rule of Civil Procedure 9(b), a party "must state with particularity the [other] circumstances constituting fraud." *Id.* In addition, the allegations must plausibly allege facts that satisfy *Twombly*'s and *Iqbal*'s requirements.

The rule of particularity "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citations and internal quotations removed). Here, the court need not analyze in detail whether Plaintiff satisfies Rule 9(b) in this regard; Plaintiff

has pled her allegations with sufficient particularity to alert GE of the precise misconduct with which it is charged—mail and wire fraud.

Nevertheless, pleading a claim with particularity is not the same as pleading a plausible one. *See Iqbal*, 556 U.S. at 686-87 (stating that Rule 9 does not give a plaintiff the "license to evade the less rigid—though still operative—strictures of Rule 8"). Plaintiff must also satisfy the plausibility requirement recognized in *Twombly* and *Iqbal*. Here, the Amended Complaint does not do so. Plaintiff has alleged that GE "devised, managed, participated in, and conducted" the purported mail and wire fraud scheme,[6] but that allegation is not plausible. (Doc. # 1-8). Rather, it is merely a blanket statement that fails to meet the requisite pleading standards. It is conclusory, and the court must disregard it. Moreover, the court cannot draw an inference from this statement that GE had any willful role in the alleged scheme (*i.e.*, the court cannot based on that naked assertion infer misconduct). If GE did not purposely participate in a scheme to defraud using the mails and wires, it cannot have committed mail or wire fraud. Indeed, Plaintiff has not plausibly plead GE's connection with the purported scheme to defraud. This shortcoming is fatal to the underlying claims of mail and wire fraud predicate acts.

While the Amended Complaint demonstrates that GE billed Plaintiff on behalf of other Defendants, Plaintiff needs to show more to "nudge[] the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. She argues in her responsive briefing that "some type of deceptive conduct [necessarily] occurred" by GE's financing Plaintiff's purchase of what she thought was the HVAC extended warranty. *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1225 (11th Cir. 2002) (*per curiam*) (citations omitted); (*see* Doc. # 1-6). However, "what

---

[6] The ostensible scheme is described in paragraph 102 of the Amended Complaint. (*See* Doc. # 1-8).

is not in the complaint cannot be added in a brief."[7]  *Adell*, 785 F. Supp. 2d at 1241 (citing

*Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2005)).  Further, the court is

"not required to admit as true this unwarranted deduction of fact."  *Am. Dental*, 605 F.3d at 1294

(citations omitted).  Plaintiff's factual allegations do not suggest that GE made any effort to

defraud her, but instead that it simply processed payments and extended financing.[8]

Furthermore, Plaintiff's argument that it is "irrelevant" whether a mail or wire fraud

"defendant 'personally knew of, communicated with, or directed activities towards' the victim of

the mail fraud" is misplaced.  (*Frederick I*, Doc. # 24) (quoting *United States v. Munoz*, 430 F.3d

1357, 1369 (11th Cir. 2005)).  The issue in *Munoz* was not whether the defendant could be guilty

of mail or wire fraud only if it knew of the allegedly fraudulent *scheme* or willingly participated

in it.  Rather, the question was whether the defendant personally knew of or willingly targeted

the individual *victims*.  *See id.*  (finding as irrelevant whether the perpetrator knew or targeted the

actual victim).    The evidence showed that the *Munoz* defendants actually knowingly

"participated in a scheme to defraud all buyers" of the products through misrepresentations.[9]  *Id.*

---

[7] To be sure, Plaintiff asserts that GE used mailings and wires to send fraudulent statements and invoices, but she does not make any factual allegations connecting GE with any scheme to defraud.  The only connection that can be inferred from the pleadings is that GE served as the financing agent for Defendants Service Experts and Equiguard.  But that assertion, standing alone, is not enough to survive a motion to dismiss.

[8] This "court[] may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682).  Accordingly, the court recognizes that GE may never have known prior to this case that it, in its normal course of business, was financing and processing payments for an allegedly deceptive practice.  Alternatively, the purported scheme could have been conducted by Service Experts and Equiguard without GE's knowledge or participation.  If GE's role in the scheme is to finance the fraud, then its role would be necessarily under minded when a purchaser of the allegedly fraudulent warranty paid in whole out of his or her own pocket.  Taking this analysis a step further, Plaintiff could have borrowed money, at interest, from a friend to pay for what she thought was the extended warranty, paying back that financing over time by use of the mails.  Based on the allegations Plaintiff asks the court to accept, that friend would have been involved in the deceptive scheme, and thus possibly guilty of mail fraud.  In short, Plaintiff did not plausibly plead facts showing that GE actually "devised, managed, participated in, and conducted" the scheme.  (Doc. # 1-8).

[9] Plaintiff also places too much weight on *Sedima, S.P.R.L. v. Imrex Co*, 473 U.S. 479 (1985).  That case is readily distinguishable.  *Sedima* construed the civil RICO statute and the requirement of predicate acts.  The district court had dismissed the complaint for failing to allege a specific "RICO-type injury."  *Sedima*, 473 U.S. at 484.  The Second Circuit affirmed and devised a rule requiring a prior conviction of predicate acts, which had not occurred

(citing *United States v. Toney*, 598 F.2d 1349, 1355 (5th Cir. 1979) ("It is well settled in this circuit that so long as one participant in a fraudulent scheme causes a use of the mails in execution of the fraud, all other knowing participants in the scheme are legally liable for that use of the mails.")).  However, Plaintiff has only made conclusory allegations in this regard, and such statements do not abide in this court.  *See Iqbal*, 556 U.S. at 679.

Therefore, the court concludes that although Plaintiff has pleaded predicate acts of mail and wire fraud against GE with particularity, she has not plausibly plead those allegations.  Thus, GE's Motion to Dismiss is due to be granted.

**B.      Alternatively, Plaintiff does not sufficiently plead her RICO claims against GE**

Even if Plaintiff had adequately pled the predicate acts of mail and wire fraud, she has not plausibly alleged factual allegations concerning GE in connection with her RICO claims. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678.  Accordingly, for the following reasons, Plaintiff's RICO claims against GE are due to be dismissed.

**1.      Plaintiff does not plead a plausible claim pursuant to 18 U.S.C. § 1962(a)**

Section 1962(a) provides in pertinent part that:

[i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition

---

before filing the civil case.  *Id.* at 484-85.  However, the Supreme Court determined that neither statutory interpretation was a correct legal construction, and reversed.  *Id.* at 498-500.  In so holding, it found that the initial complaint was not deficient.  *Id.* at 500.  Plaintiff relies on this conclusion, and points to the mail and wire fraud predicate acts in arguing that *Sedima* proves it is correct.  However, in *Sedima*, there was not a question about participation in a scheme to defraud.  And, for that matter, the RICO claim was based on an explicit business relationship—that is, a joint venture.  *Id.* at 483-84.  The close business relationship alleged there is not the same as the commercial financing arrangement asserted in this case.

of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a).  While the Eleventh Circuit has not pronounced a rule as to section 1962(a), it is clear that "the essence of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income."  *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 446 (E.D.N.Y. 2007) (quoting *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990)); *see also Lockheed Martin Corp. v. Boeing Co.*, 357 F. Supp. 2d 1350, 1369 (M.D. Fla. 2005) ("a majority of courts that have addressed the issue have determined that a claimant under § 1962(a) must plead an injury which stems 'not from the racketeering predicate acts themselves' but from the 'use or investment of . . . racketeering income.'") (collecting cases).  Thus, the use or investment of racketeering income must proximately cause harm to the RICO victim.  *See Boeing*, 357 F. Supp. 2d at 1369; *see also Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002) ("any injury must flow from the *use or investment of racketeering income*" (emphasis in original) (quotation omitted)); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992) (holding that there must be a nexus between the claimed violation and the injury).

Plaintiff avers in paragraph 147 of her Amended Complaint that "GE received income derived, directly or indirectly, from a pattern of mail and wire fraud, described above and, participating as a principle, used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the establishment or operation of the enterprise, in violation of" section 1962(a).  (Doc. # 1-8).  Further, Plaintiff alleges in paragraph 148 that the RICO "Defendants' use and investment of the income derived from the pattern of mail and wire fraud described above in the operation of the enterprise proximately and directly caused Frederick and members of the RICO class" harm.  (*Id.*).  But these allegations fall far short of constructing a

valid claim under section 1962(a).  On the one hand, they are largely "formulaic recitations" that this court disregards.  *Iqbal*, 556 U.S. at 681; *Twombly*, 550 U.S. at 555.  On the other hand, where facts are averred in the Amended Complaint, Plaintiff has not "allege[d] an injury resulting from the defendant's investment of racketeering income in an enterprise (i.e., an 'investment injury'), separate and apart from any injury caused by the predicate acts themselves."  *Gristede's*, 532 F. Supp. 2d at 446 (quoting *OSRecovery, Inc. v. One Groupe Intl., Inc.*, 354 F. Supp. 2d 357, 371 (S.D.N.Y. 2005)) (other citations omitted).  Instead, Plaintiff's allegations, taken as true, amount to nothing more than a claim that the "RICO enterprise simply reinvested racketeering proceedings back into its own activities, [which,] on their own, are insufficient to maintain a claim under § 1962(a); in that situation, 'the plaintiff's injuries derive proximately not from the investment, but rather from the predicate acts themselves.'" *Id.* at 446-47 (quoting *Allstate Ins. Co. v. Seigel*, 312 F. Supp. 2d 260, 271 (D. Conn. 2004)).

In other words, Plaintiff does not assert an injury deriving from the reinvestment or use of her funds by GE that are separate from the alleged predicate acts of mail and wire fraud.  The Eleventh Circuit has made clear that this court "should scrutinize proximate causation at the pleading stage and carefully evaluate whether the injury pled was proximately caused by the claimed RICO violations."  *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1287 (11th Cir. 2006) (*per curiam*) (citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458-59 (2006)).  "Where reinvestment of racketeering proceeds back into the same RICO enterprise is alleged, the injuries stem proximately not from the investment, but from the predicate acts."  *Falise v. Am. Tobacco Co.*, 94 F. Supp. 2d 316, 349 (E.D.N.Y. 2000) (collecting cases).  Plaintiff has not lodged sufficient plausible allegations that show facts or allow for an inference that GE injured

her distinct from the averred mail and wire fraud.  Therefore, Plaintiff's claim against GE under section 1962(a) fails as a matter of law and is due to be dismissed.

### 2. Plaintiff does not sufficiently plead a plausible claim under 18 U.S.C. § 1962(c)

Title 18 U.S.C. § 1962(c) states that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affair through a pattern of racketeering activity or collection of unlawful debt."  To state a claim for relief under section 1962(c), a plaintiff must satisfy four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Williams*, 465 F.3d at 1282.  Plaintiff does not successfully plead the "conduct of an enterprise" elements with respect to GE.[10]

A RICO "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  In her Amended Complaint, Plaintiff alleges the enterprise is an association-in-fact.  An association-in-fact enterprise "can exist in the absence of a formally structured group.'"  *Lockheed Martin*, 357 F. Supp. 2d at 1360 (quoting *United States v. Young*, 906 F.2d 615, 619 (11th Cir. 1990)).  However, not all associations-in-fact are RICO enterprises.  Instead, "[t]he critical determination in evaluating whether 'an association of individual entities' constitutes 'a RICO enterprise' is whether 'the association of individual entities, however loose or informal, furnished a vehicle for the commission of two or more predicate crimes.'"  *Id.* (quoting *United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000)) ("*Goldin II*") (internal changes omitted).  In other words, they must be

---

[10] Of course, this analysis is based on an (alternative) assumption that Plaintiff plausibly avers the alleged predicate acts of mail and wire fraud.  Because the court has found, however, that Plaintiff has not plausibly pled these acts, she also does not successfully plead the "racketeering activity" element.

"associated together for the common purpose of engaging in a course of conduct."  *United States v. Turkette*, 452 U.S. 576, 583 (1981).  Furthermore, an individual entity "must participate in the operation or management of the enterprise itself."  *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).

Plaintiff's allegation that the enterprise is an association-in-fact -- which is constituted by GE, Service Experts, and Equiguard -- is not enough to survive a motion to dismiss.  As an initial matter:

> Plaintiff[] do[es] not allege how [GE] agreed to employ any of these procedures as part of a long-term criminal enterprise predicated on acts of mail and wire fraud.  Simply specifying . . . contents of communications cannot automatically constitute a valid claim that a defendant violated 18 U.S.C. § 1962(c) without also plausibly alleging the existence of a long-term criminal enterprise.

*Am. Dental*, 605 F.3d at 1292-93.  And relatedly, GE necessarily "'must have some part in directing' the affairs of the enterprise."  *Williams*, 465 F.3d at 1285 (quoting *Reves*, 507 U.S. at 179).  But Plaintiff has not pleaded any plausible facts that permit an inference that GE moved the chess pieces of the alleged scheme.  Indeed, nothing in the Amended Complaint suggests that GE directed Service Experts or its agents to ostensibly sell to Plaintiff what she thought was an HVAC warranty but was actually an Equiguard policy.  GE's extension of financing and sending of bills to Plaintiff for a warranty she though she purchased does not plausibly suggest the existence of some fraud by GE, or some illicit participation in the operation or management of a RICO enterprise.  Indeed, apart from mere legal conclusions, the Amended Complaint contains no allegations suggesting that GE "knew about and participated in the alleged enterprise."  *McNair v. Macon Cty. Greyhound Park, Inc.*, No. 10-cv-560, 2011 WL 867220, at *8 (M.D. Ala. Mar. 14, 2011).

Further, in an illicit association-in-fact enterprise, a RICO person must be distinct from the RICO enterprise (even though a RICO person can certainly be a part of the RICO enterprise). *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1270 (11th Cir. 2000) ("*Goldin I*"); *Goldin II*, 219 F.3d at 1275. Plaintiff does not plausibly assert that GE is a RICO person distinct from the alleged enterprise. So, even if GE sent bills and financed Plaintiff's purchase of what she thought was the warranty, that does not render GE a RICO person based upon Plaintiff's allegations. "The distinction between the RICO person and the RICO enterprise is necessary because the enterprise itself can be a passive instrument or victim of the racketeering activity." *Id.* "The crucial factor is whether each entity alleged to be part of the association-in-fact 'is free to act independently and advance its own interests contrary to those' of the other entities" in conducting the RICO scheme. *Lockheed Martin*, 357 F. Supp. 2d at 1365 (quoting *Goldin II*, 219 F.3d at 1277). Here, Plaintiff simply has not plausibly alleged that GE has these distinctive qualities.

At best, Plaintiff avers that GE was a "financing *agent*." (Doc. # 1-8 at ¶¶ 106, 107, 110, 123, 125, 132, 134). *Cf. generally Butler v. Allstate Indem. Co.*, No. 10-cv-3523, 2012 WL 1424917 (N.D. Ala. Apr. 24, 2012) (discussing principal and agent relationship under Alabama law). In particular, Plaintiff alleges that the RICO Defendants conducted the ostensible fraudulent scheme, in pertinent part, when Service Experts "caused GE to send, or GE sent on behalf of Service Experts" the invoices. (Doc. # 1-8 at ¶¶ 22, 23, 108, 112, 113). Such verbiage may permit a court to infer that GE was directed by Service Experts, but it does not permit an inference that GE culpably acted on its own. Thus, Plaintiff has not plead that GE is a RICO person distinct from the RICO enterprise.

Because Plaintiff has not plausibly alleged facts allowing for an inference concerning GE's conduct in the purported enterprise, she does not plead a *prima facie* claim under 18 U.S.C. § 1962(c).  Accordingly, that claim against GE is due to be dismissed.

### 3.      Plaintiff has not alleged entitlement to relief under 18 U.S.C. § 1962(d)

Pursuant to 18 U.S.C. § 1962(d), "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  Because Plaintiff has failed to state a claim for relief under 18 U.S.C. §§ 1962(a) or 1962(c), she cannot, as a matter of law, support a cause of action pursuant to 18 U.S.C. § 1962(d).

Nevertheless, even if Plaintiff successfully pleaded a cause of action under sections 1962(a) or 1962(c), she still has not alleged a claim under section 1962(d).  Plaintiff fails to aver plausible facts demonstrating an illicit agreement between GE and the other RICO Defendants to defraud Plaintiff.  While a "defendant's participation in a conspiracy may be inferred from acts of his which furthered the objectives of the conspiracy," an unlawful agreement, including "knowledge of the essential nature of the plan," still must be pled to demonstrate the plausible existence of a conspiracy.  *United States v. Kopituk*, 690 F.2d 1289, 1323 (11th Cir. 1982) (citations and internal quotations omitted); *see also Twombly*, 550 U.S. at 557 ("without some further factual enhancement [an allegation of conspiracy] stops short of the line between possibility and plausibility of entitlement to relief") (internal changes and citations omitted). Conclusory allegations, "accompanied by nothing more than a bare assertion of a conspiracy, do not plausibly suggest a conspiracy."  *Am. Dental*, 605 F.3d at 1294.  "[W]ithout that further circumstance pointing to a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory."  *Twombly*, 550 U.S. at 557.

Here, Plaintiff has "merely alleged," as part of her RICO claims, that GE and the other RICO Defendants conducted their relationship in a manner that defrauded Plaintiff. *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 276 F. Supp. 2d 1276, 1284 (D. Ga. 2003). But Plaintiff's RICO claims fall short of identifying any agreement GE made with the Service Experts or Equiguard to engage in RICO-prohibited behavior.[11]   She has only made conclusory statements and assumptions "couched as [] factual allegation[s]." *Iqbal*, 556 U.S. at 678. Plaintiff has simply not alleged facts to show a valid RICO violation. Accordingly, this claim is due to be dismissed.

## V.   Conclusion

Plaintiff has not plausibly pleaded allegations to support the predicate acts necessary to support a RICO claim. Additionally, even if Plaintiff had pleaded such facts with plausibility, she has not pleaded facts to support the elements of a claim under 18 U.S.C. §§ 1962(a), 1962(c), and 1962(d). When a plaintiff fails to sufficiently plead a claim under 18 U.S.C. § 1962, a cause of action pursuant to 18 U.S.C. § 1964(c) cannot be maintained. Further, it is readily apparent that Plaintiff will not be able to plead plausible RICO allegations regarding GE with an amendment to her Amended Complaint. Thus, for the foregoing reasons, Defendant GE's

---

[11] Plaintiff argues in its Response that GE "did not, and cannot, make that argument [(that it does not know and lacks fair notice of the claims made against it or the grounds upon which they rest)], which [GE] implicitly **conceded** by not filing a motion for a more definite statement." *Frederick I* (Doc. # 24) (emphasis in original). Plaintiff's argument misses the mark. Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). But on the one hand, Rule 12(e) is permissive. And on the other hand, GE actually responded to the Amended Complaint by filing its Motion to Dismiss.

Furthermore, Rule 12(e) exists to assist a defendant respond to a shotgun-style complaint; it does not license a plaintiff to remedy every complaint that fails to make plausible factual allegations. *See* Fed. R. Civ. P. 12(e) advisory committee's notes to 1946 amendment (observing that "the motion provided for is confined to one for more definite statement to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question"). Some factual claims simply may be possible, albeit never plausible. And, to be sure, in such a situation, the remedy is dismissal of those claims.

Motion to Dismiss is due to be granted and the claims dismissed with prejudice.  The court will enter an order consistent with this opinion.

**DONE** and **ORDERED** this November 5, 2015.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE